# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: | Chapter 7 |
| ITT EDUCATIONAL SERVICES, INC., | Case No. 16-07207-JMC-7A |
| Debtor. | |
| DENNIS ARTIS, DONNA A. LINDSAY and PATRICIA MARSHALL, on their own behalf and on behalf of all other persons similarly situated, | Adv. Pro. No. 16- |
| Plaintiffs, | |
| v. | |
| ITT EDUCATIONAL SERVICES, INC., | |
| Defendant. | |

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF THE WARN ACT 29 U.S.C. § 2101, *et seq.* AND (2) STATE WAGE PAYMENT LAWS

Plaintiffs Dennis Artis, Donna A. Lindsay and Patricia Marshall (collectively, "Plaintiffs"), individually and as class representatives for all similarly situated individuals, by and through their undersigned counsel, bring this Adversary Complaint and make the following allegations against ITT Educational Services, Inc. ("ITT" or "Defendant"), in accordance with the numbered paragraphs set forth below:

### NATURE OF ACTION

1.  This action is being brought by former employees of ITT Educational Services, Inc. ("Defendant" or "ITT") who were terminated without cause as part of, or as a result of,

layoffs by and at Defendant's headquarters and campuses located throughout the country without being afforded the requisite 60 days advance written notice of termination.

2. On or about September 6, 2016, Defendant terminated approximately 8,000 other similarly situated employees because it was permanently discontinuing operations.

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of Defendant for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").  The Plaintiffs and the other class members were employed by Defendant were terminated on or about September 6, 2016 and thereafter, as part of, or as a result of, the closing of Defendant's headquarters and campuses which was ordered by the Defendant.  As such, Defendant is liable under the WARN Act for failure to provide Plaintiffs and the other class members with at least 60 days' advance notice of termination, as required by the WARN Act.  As a consequence, Plaintiffs and the other Class Members are entitled under the WARN Act to recover from Defendant their wages and ERISA benefits for 60 days.

4. Defendant violated the WARN Act by knowingly failing to give Plaintiffs and other persons similarly situated, who are members of the class Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by that statute.  As a consequence, Plaintiffs and the other similarly situated individuals are entitled to recover from Defendant, under the WARN Act, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

5. Plaintiffs filed a suit concerning these same mass layoffs and plant closings and seeking recovery from Defendants under the WARN Act in the District of Delaware on

September 7, 2016, case no. 16-cv-00790. That case is now stayed as a result of the Debtors' chapter 7 bankruptcy filing.

6. Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits pursuant to the WARN Act from Defendant. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively, wage priority status pursuant to 11 U.S.C. § 507(a)(4), (5).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this District pursuant to 29 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (D).

## THE PARTIES

9. Plaintiff Dennis Artis was an employee of ITT and worked at the Baton Rouge, Louisiana campus as the Registrar, until the facility was shut down on or about September 6, 2016.

8. Plaintiff Donna L. Lindsay was an employee of ITT and worked as a Regional Director of Recruitment at the Defendant's headquarters facility located at 13000 North Meridian Street, Carmel, Indiana 46032 until the facility was shut down and mass layoffs occurred on or about September 6, 2016.

9. Plaintiff Patricia Marshall was an employee of ITT and worked at the Baton Rouge, Louisiana campus as a Career Services Specialist, until the facility was shut down on or about September 6, 2016.

3

10. Plaintiffs seek to represent each and every individual employed by Defendant within ninety (90) days of September 6, 2016, who worked at a facility owned and operated by Defendant, who was terminated without sufficient notice under the WARN Act and the state WARN Acts, deprived of accrued vacation pay and severance pay in violation of the relevant state wage payment laws, and did not receive benefits to which they are entitled under ERISA.

11. Defendant is a Delaware corporation, with its principal place of business located at 13000 North Meridian Street, Carmel, Indiana 46032 (the "Carmel Facility"), and conducted business in this district.

## FACTUAL ALLEGATIONS

12. Defendant maintained and operated the Carmel Facility which had 150 or more employees. Defendant also maintained other facilities, as that term is defined in the WARN Act, including over 130 campuses in 38 states (the "Facilities").

13. Until on or about September 6, 3016, or within 90 days of that date, Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of the Facilities.

14. Upon information and belief, Defendant made the decision to downsize earlier in the summer of 2016, and then terminate the remaining employees including Plaintiffs and the other similarly situated former employees on September 6, 2016, without having provided sixty (60) days notice under the WARN Act and the state WARN Acts.

15. At no time since September 6, 2016 have Plaintiffs or the other similarly situated former employees been paid the wages and benefits to which each is entitled.

16. On September 16, 2016, the debtor ITT Educational Services, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

17. Upon information and belief, at all relevant times, the other similarly situated former employees who were terminated by Defendant worked, reported to, or received instructions from the Carmel Facility or one of Defendant's other Facilities

## WARN CLASS ALLEGATIONS

18. Plaintiffs, on behalf of themselves and all other similarly situated individuals, repeat and re-allege the allegations of the preceding paragraphs as though set forth fully herein.

**A.    DEFINITION OF THE CLASS**

19. Plaintiffs and the other similarly situated former employees constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

20. The Class is defined as all of those employees who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about September 6, 2016, and/or within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about September 6, 2016, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

**B.    NUMEROSITY**

21. The WARN Class is so numerous as to render joinder of all members impracticable as there are over 8,000 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery, and are believed to be the individuals listed on the Defendant's Schedule E.

5

### C.     EXISTENCE AND PREDOMINANCE OF COMMON ISSUES

22.     Common questions of law and fact are applicable to all WARN Class members.

23.     The common questions of law and fact arise from and concern the following facts and actions:

    a.     all WARN Class members are former employees of Defendant;

    b.     all WARN Class members enjoyed the protection of the WARN Act;

    c.     Defendant terminated the employment of all the WARN Class members;

    d.     Defendant terminated the employment of the WARN Class members without providing at least 60 days' prior written notice as required by the WARN Act; and

    e.     Defendant failed to pay wages to the WARN Class members and failed to provide other employee benefits for the 60-working-day period following their respective terminations of their employment in violation of the WARN Act and the relevant state wage payment laws.

24.     The questions of law and fact common to the WARN Class members, as described above, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### D.     TYPICALITY

25.     Plaintiffs' claims are typical of the claims of other WARN Class members. All such claims arise out of Defendant's failure to provide notice under the WARN Act and to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoffs, as well as Defendant's failure to provide payment pursuant to the relevant state wage payment laws. Plaintiffs and other WARN Class members have suffered a common injury arising out of Defendant's common course of conduct as alleged herein.

**E.      ADEQUATE REPRESENTATION**

26.     Plaintiffs will fairly and adequately protect and represent the interests of the WARN Class members and have no interest antagonistic to or in conflict with those of other WARN Class members.

27.     Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights, the WARN Act, and federal and bankruptcy court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the WARN Class members.

**F.      SUPERIORITY**

28.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all WARN Class members is impractical. Furthermore, damages suffered by WARN Class members may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual WARN Class members to obtain relief. The interests of judicial economy favor adjudicating the claims of the WARN Class on a classwide basis rather than an individual basis.

**G.      RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

29.     Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual WARN Class members, to conserve the judicial resources and the resources of the parties, and to provide the most efficient means of resolving the rights of all the members of the WARN Class.

30.     Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

31.     Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104(a)(5).

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101 *ET SEQ.*

**(All Named Plaintiffs v. ITT)**

32. Plaintiffs, on behalf of themselves and the WARN Class members, repeat and re-allege the allegations of the preceding paragraphs as if fully stated herein.

33. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

35. On or about September 6, 2016, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

36. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

37. Plaintiffs were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

38. Plaintiffs are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

39. Defendant was required by the WARN Act to give the Plaintiffs at least 60 days advance written notice of their terminations.

40. Defendant failed to give the Plaintiffs written notice that complied with the requirements of the WARN Act.

41. Plaintiffs are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

42. Defendant failed to pay Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation and other time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## COUNT II
## VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101 *ET SEQ.*

### (Other Similarly Situated Employees v. ITT)

43. Plaintiffs, on behalf of themselves and other employees who were similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

44. At or about the time that Plaintiffs were discharged or shortly thereafter, Defendant also discharged thousands of other similar situated employees (the WARN Class members).

45. Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs assert the claims raised in this proceeding on behalf of the WARN Class members for them or their benefit.

46. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

47. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

48. On or about September 6, 2016, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

49. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2), for at least fifty (50) of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

50. The WARN Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

51. The WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

52. Defendant was required by the WARN Act to give the WARN Class Members at least 60 days advance written notice of their terminations.

53. Defendant failed to give the WARN Class members written notice that complied with the requirements of the WARN Act.

54. Each of the WARN Class members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

55. Defendant failed to pay each of the WARN Class members their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation and other time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## COUNT III
## VIOLATION OF STATE WAGE PAYMENT LAWS[1]
### (Plaintiffs and the WARN Class members v. ITT) [2]

56. Plaintiffs, on behalf of themselves and other employees who were similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

---

[1] Upon information and belief, Defendant's failure to provide payment for wages, bonuses, accrued vacation, and other paid leave is a violation of the wage payment laws of Arizona (Ariz. Rev. Stat. §§ 23-350, 23-353, 23-355), California (Cal. Lab. Code §§ 203, 204.3, 218.5, 218.6, 227.3), Colorado (Colo. Rev. Stat. §§ 8-4-101(8)(a), 8-4-109), Connecticut (Conn. Gen. Stat. §§ 31-71, 31-71c, 31-71g, 31-76k), District of Columbia (*Jones v. District Parking Managers*, 268 A.2d 860 (1970); *NRA v. Ailes*, 428 A.2d 816 (1981)), Illinois (820 Ill. Comp. Stat. 115/5, 115/11, 115/13, 115/14a), Indiana (Ind. Code § 22-2-5-2), Iowa (Iowa Code §§ 91A.2(7), 91A.4, 91A.8), Kentucky (Ky. Rev. Stat. Ann. §§ 337.010(1)(c)(1), 337.055), Louisiana (La. Rev. Stat. Ann. §§ 23:631A, 23:631D, 632), Maine (Me. Rev. Stat. Ann. §§ 626, 626-A, 629-A), Maryland (Md. Code Ann., Lab. & Empl. §§ 3-501, 3-505, 3-507.2), Massachusetts (Mass. Gen. Law 149:148), Nebraska (Neb. Rev. Stat. §§ 48-1229, 48-1231, 48-1232), New Hampshire (N.H. Rev. Stat. Ann. §§ 275:43, 275:44, 275:53), New York (N.Y. Lab. Law §§ 191, 198, 198-C), North Carolina (N.C. Gen. Stat. §§ 95-25.2(16), 95-25.7, 95-25.12), North Dakota (N.D. Cent. Code §§ 34-14-03, 46-02-07-02), Ohio (Ohio Rev. Code §§ 124.13), Oklahoma (Okla. Stat. tit. 40, § 165.3, Okla. Admin. Code § 380:30-1-5), Pennsylvania (Pa. Cons. Stat. §§ 260.2a, 260.5), Rhode Island (R.I. Gen. Laws § 28-14-4), South Carolina (S.C. Code Ann. §§ 41.10.10, 41.10.50), Tennessee (Tenn. Code Ann. § 50-2-103), West Virginia (W. Va. Code § 21-5-4), Wisconsin (Wis. Stat. § 109.03), and Wyoming (Wyo. Stat. Ann. §§ 27-4-104(a), 27-4-501).

[2] Plaintiffs will seek class certification for each of these groups of employees by state. Certain Plaintiffs in this action are covered by the state laws of California (Cal. Lab. Code §§ 203, 204.3, 218.5, 218.6, 227.3) and New York (N.Y. Lab. Law §§ 191, 198, 198-C) and satisfy the requirements of F.R.C.P. 23 set forth in Paragraphs 20-31.

57. At all pertinent times hereto, Defendant was an "employer" under the relevant state wage payment laws.

58. As part of their employment with Defendant, Plaintiffs and the putative WARN Class members were each promised certain payments in the form of wages, salary, vacation benefits and other paid leave, bonuses, retention bonuses or deferred compensation pursuant to Defendant's practice and/or policy.

59. Plaintiffs and the putative WARN Class members fully complied with all terms of their employment, and, yet, the Defendant made the deliberate decision to not honor the payments to be made to them under the terms of their employment and the Defendant's practice and/or policy.

60. Defendant's actions are in violation of the relevant state wage payment laws, as a failure to pay earned wages, and, as this was willful, are subject to payment of a penalty in accordance with such laws. *See* FN1, *supra*.

61. As a result of these said violations of state wage payment laws, Plaintiffs and the putative WARN Class members are entitled to payment of their respective lost wages as well as applicable fees and penalties.

**WHEREFORE**, Plaintiffs and the WARN Class members, demand judgment, against Defendant as follows:

    A. Certification of this action as a Class Action;

    B. Designation of the Plaintiffs as the Class Representatives;

    C. Appointment of the undersigned attorneys as Class Counsel;

    D. A first priority administrative expense claim against ITT pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiffs and the other similarly

situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), including any civil penalties; or, alternatively, determining that the first $11,725 of the WARN Act claims of the Plaintiffs and each of the other similarly situated former employees are entitled to priority status under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and

E. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), the WARN Act and/or other applicable laws.

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LEWIS & KAPPES, P.C.**

Dated: September 20, 2016

/s/ Kevin A. Morrissey
Kevin A. Morrissey
2500 One American Square
Indianapolis, IN  46282
Telephone: (317) 639-1210
Facsimile: (317) 639-4882
kmorrissey@Lewis-Kappes.com

*Local Counsel for Plaintiffs*

- And -

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Charles A. Ercole, Esquire*
Lee D. Moylan, Esquire*
Sally E. Veghte, Esquire*
1835 Market Street, Suite 1400
Philadelphia, PA  19103
Telephone: (215) 569-2700
Facsimile: (215) 568-6603
cercole@klehr.com
lmoylan@klehr.com
sveghte@klehr.com

*Attorneys for Plaintiffs*

*\*Attorneys Pending Admission Pro Hac Vice*