UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtor. | ) | |

**APPLICATION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING EMPLOYMENT OF FAEGRE BAKER DANIELS LLP AS SPECIAL COUNSEL TO TRUSTEE *NUNC PRO TUNC* TO THE PETITION DATE**

Deborah J. Caruso, the chapter 7 trustee ("Trustee") for ITT Educational Services, Inc. ("Debtor"), respectfully requests the entry of an order authorizing the Trustee to employ Faegre Baker Daniels LLP ("FBD") as special counsel with respect to employee benefits, reporting to the Securities and Exchange Commission ("SEC") and other special matters as requested and directed by the Trustee *nunc pro tunc* to September 16, 2016 (the "Petition Date"). In support of this application (the "Application"), the Trustee incorporates by reference the *Affidavit of Jay Jaffe* attached as Exhibit A (the "Jaffe Affidavit") and respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

**BACKGROUND**

2. On the Petition Date, Debtor initiated the above-captioned case (the "Chapter 7 Case") by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). FBD serves as Debtor's counsel in the Chapter 7 Case.

3. The Trustee was appointed by the United States Trustee on the Petition Date and immediately began to familiarize herself with Debtor's operations, assets and issues.

4. Debtor is a publicly held company that, as of June 30, 2016, employed over 8,000 employees at (i) its Carmel, Indiana headquarters and (ii) its 137 campus locations in 39 states. Debtor offered master, bachelor and associate degree programs to approximately 40,000 students at its campus locations and online programs to students located in all 50 states and the District of Columbia. All of Debtor's campus locations were authorized by applicable education authorities of the states in which they operate, and were accredited by an accrediting commission recognized by the U.S. Department of Education ("DOE"). As a publicly held and traded company, Debtor must satisfy reporting requirements to the SEC.

5. Debtor announced on September 6, 2016, that it would permanently discontinue academic operations. Debtor also announced that it had eliminated the positions of the overwhelming majority of its more than 8,000 employees.

### **RELIEF REQUESTED AND BASIS THEREFOR**

6. The Trustee seeks to employ FBD *nunc pro tunc* to the Petition Date to serve as special counsel to the Trustee for employee benefit, SEC and other special matters as requested and directed by the Trustee (the "Special Counsel Matters").

7. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold an interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

8. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure requires the application for retention to include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other

party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

9. The Trustee believes that FBD is uniquely qualified to represent her with respect to the Special Counsel Matters. FBD already represented Debtor and is therefore uniquely familiar with the complexities of Debtor's public reporting requirements, benefit plans, corporate structure, assets, liabilities and operations. FBD's employment as special counsel to the Trustee for the Special Counsel Matters will therefore reduce administrative overlap and costs and enable the Trustee to timely and effectively perform duties required by Section 704 of the Bankruptcy Code.

10. If this Application is approved, FBD intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred with respect to representation of the Trustee as to the Special Counsel Matters in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and any applicable orders of this Court. Subject to those provisions, the Trustee proposes to pay FBD its customary hourly rates in effect from time to time as set forth in the Jaffe Affidavit. FBD will not be entitled to compensation pursuant to this Application for discharging its duties as counsel to Debtor.

11. The attorneys and paralegals expected to assist with respect to the Special Counsel Matters and their current standard hourly rates are as follows:

| | | |
|---|---|---|
| a) | Gayle Skolnik | $645 per hour |
| b) | Jay Jaffe | $595 per hour |
| c) | Christine G. Long | $495 per hour |
| d) | Philip J. Gutwein, II | $475 per hour |
| e) | Dustin R. DeNeal | $410 per hour |
| f) | Kayla D. Britton | $375 per hour |

|     |                      |                |
|-----|----------------------|----------------|
| g)  | Sarah B. Herendeen   | $265 per hour  |
| h)  | Debra L. Hinshaw     | $520 per hour  |
| i)  | Graham P. Widmer     | $340 per hour  |
| j)  | Mark P. Rosenfeld    | $325 per hour  |

Gayle Skolnik, Phillip Gutwein, Christine Long, Debra L. Hinshaw, Graham P. Widmer and Mark P. Rosenfeld will provide substantive non-bankruptcy work on the Special Counsel matters. One of Jay Jaffe, Dustin DeNeal, Kayla Britton, or Sarah Herendeen will serve to provide bankruptcy interface between the substantive non-bankruptcy work and the bankruptcy case, including communication with counsel, the Trustee and the Court, the preparation of pleadings and the attendance at hearings as necessary.

12. FBD's hourly rates are set at a level designed to compensate FBD fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first FBD fee application following such adjustments) and are consistent with the rates charged elsewhere.

13. FBD also intends to charge the Trustee for expenses incurred in connection with the Special Counsel Matters, which is in accord with FBD's general policy. Expenses charged to clients include, among other things, filing fees, long-distance telephone charges, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," and computerized research charges and transcription costs. FBD will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to FBD's other clients or as previously fixed by this Court.

14. Other than the periodic adjustments described above, FBD's hourly rates and financial terms for the Special Counsel Matters are identical to the hourly rates and financial terms of FBD's pre and post-Petition Date representation of Debtor.

15. To the best of the Trustee's knowledge and as disclosed herein and in the Jaffe Affidavit: (a) FBD does not hold or represent an interest adverse to Debtor's estate with respect to the Special Counsel Matters; (b) FBD's professionals have no connection to Debtor, its creditors, related parties, Debtor's other professionals, the United States Bankruptcy Court for the Southern District of Indiana, the United States District Court for the Southern District of Indiana or the Office of the United States Trustee for the Southern District of Indiana except as may be disclosed in the Jaffe Affidavit; and (c) FBD has no agreement with any other entity to share any compensation received for services rendered to the Trustee in the Chapter 7 Case.

16. Under the circumstances of the Chapter 7 Case, including the complexity of Debtor's reporting requirements, benefit plans, and corporate structure, the Trustee believes that employment of FBD to represent her in connection with the Special Counsel Matters is in the best interests of and will benefit the estate.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving and authorizing, pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014 and Rule B-2014 of the Local Rules of this Court, the employment of FBD as special counsel for the Trustee with respect to the Special Counsel Matters, effective *nunc pro tunc* to the Petition Date.  The Trustee requests all other and further relief as the Court deems just and proper.

Respectfully submitted,

DEBORAH J. CARUSO, TRUSTEE

By: */s/ Deborah J. Caruso*
     Deborah J. Caruso

RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 634-0300
Fax: (317) 263-9411
Email:  trusteecaruso@rubin-levin.net

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, a copy of the foregoing *Application of Chapter 7 Trustee for an Order Authorizing Employment of Faegre Baker Daniels LLP as Special Counsel to Trustee Nunc Pro Tunc to the Petition Date* was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

> Kay Dee Baird     kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
> Michael I. Baird     baird.michael@pbgc.gov, efile@pbgc.gov
> Ashley Flynn Bartram     ashley.bartram@oag.texas.gov
> Kayla D. Britton     kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
> Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
> Deborah J. Caruso     trusteecaruso@rubin-levin.net, DJC@trustesolutions.net;mcruser@rubin-levin.net
> Dustin R. DeNeal     dustin.deneal@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
> John C. Hoard     johnh@rubin-levin.net, marie@rubin-levin.net;atty_jch@trustesolutions.com
> Jay Jaffe     jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
> Anthony R. Jost     tjost@rbelaw.com, baldous@rbelaw.com
> Ronald J. Moore     Ronald.Moore@usdoj.gov
> Hal F Morris     hal.morris@oag.texas.gov
> Kevin Alonzo Morrissey     kmorrissey@lewis-kappes.com, cestrada@lewis-kappes.com;JMcAlpin@lewis-kappes.com;leckert@lewis-kappes.com
> Whitney L Mosby     wmosby@bgdlegal.com, floyd@bgdlegal.com
> C Daniel Motsinger     cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;lsmalley@kdlegal.com
> James E Rossow     jim@rubin-levin.net, ATTY_JER@trustesolutions.com;robin@rubin-

>  levin.net;lisa@rubin-levin.net
>  Thomas C Scherer    tscherer@bgdlegal.com, rjenkins@bgdlegal.com
>  Lauren C. Sorrell    lsorrell@kdlegal.com
>  Meredith R. Theisen    mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
>  Ronald M. Tucker    rtucker@simon.com, cmartin@simon.com,bankruptcy@simon.com
>  U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on September 22, 2016, a copy of the foregoing *Application of Chapter 7 Trustee for an Order Authorizing Employment of Faegre Baker Daniels LLP as Special Counsel to Trustee Nunc Pro Tunc to the Petition Date* was mailed by first-class U.S. Mail, postage prepaid, and properly address to the following:

None.

*/s/ Deborah J. Caruso*
Deborah J. Caruso

g:\wp80\trustee\caruso\itt educational - 86723901\itt educational - 86723901\drafts\application.employ.fbd.final.docx