UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| ITT EDUCATIONAL SERVICES, INC. | )  Case No. 16-07207—JMC—7A |
| | ) |
| Debtor. | ) |

### PUTATIVE CLASS CLAIMANTS' MOTION FOR ORDER DIRECTING BANKRUPTCY RULE 7023 APPLICABLE TO THE "CLAIM FILING STAGE" OF THIS CASE

Putative Class Claimant, Christin M. Long ("Putative Class Representative"), individually and on behalf of all others similarly situated, by counsel, as proposed representative of herself and other similarly situated members (the "Class Claimants") in the Putative Class Action Litigation against the Debtor captioned Christin M. Long, individually and on behalf of all others similarly situated, v. ITT Educational Services, Inc., Case No. 1:16-cv-02399-WTL-DKL, filed on September 7, 2016 in the United States District Court for the Southern District Of Indiana (Indianapolis Division),[1] hereby submit their Motion (the "Motion") for Order Directing Bankruptcy Rule 7023 to Be Applicable to the "claims filing stage" of this Case, and in support thereof, state as follows:

1.  Putative Class Representative was employed by Debtor ITT Educational Services, Inc. ("ITT") until September 6, 2016, when ITT abruptly closed the doors of approximately 130 ITT Technical Institute campuses in 38 states without any advance notice. This instantly left over

---

[1] The Putative Class Action Litigation is stayed by the commencement of this case. Pursuant to the Standing Order of Referral of all Matters Related to Bankruptcy Cases to the Bankruptcy Judges, dated July 11, 1984, the Putative Class Action Litigation automatically should be referred to the Honorable James M. Carr, Judge of this Court presiding over this chapter 7 case. A copy of the Complaint filed in the Putative Class Action Litigation is attached to the Class Proof of Claim filed by the Putative Class Representative on behalf of all Class Claimants contemporaneously with this Motion, a copy of which is also annexed hereto as Exhibit "A."

H0058021.

8,000 workers unemployed. While ITT largely concealed this information from its employees, it was reasonably foreseeable to ITT that such an outcome was inevitable. Indeed, ITT's ability to participate in federal student aid had been in question and conditional since August 2014, and ITT had reason to know that its accreditation was in jeopardy as early as April 2016.

2. Putative Class Representative's Proof of Claim is brought as a result of ITT's failure to provide its workers with the notification required prior to a mass layoff or plant closing under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"), and seeks to recover appropriate relief to remedy this violation. Putative Class Representative was an employee of ITT for purposes of the WARN Act and was terminated as part of a mass layoff or plant closing ordered by ITT. Putative Class Representative brings her action individually and on behalf of all other former ITT employees nationwide who were terminated by ITT with no advance notice on September 6, 2016 as part of a mass layoff or plant closing. Putative Class Representative seeks damages in the amount of sixty days' pay and benefits, by reason of ITT's violation of the WARN Act.

3. Pursuant to Bankruptcy Rule 3002,[2] the Putative Class Representative filed a Class Proof of Claim contemporaneously with this Motion. The Class Proof of Claim is a timely proof of claim asserting on behalf of the Class Claimants the claims set forth in the Putative Class Action Litigation, including, without limitation, claims pursuant to the WARN Act.

4. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding within the meaning of 28 U.S.C. § 157. This Motion

---

[2] Because this case was filed as an asset case, the Bar Date for proof of claims is ninety (90) days after the first date set for the meeting of creditors called under § 341(a) of the Bankruptcy Code, which date has not yet occurred. Fed. R. Bankr. P. 3002(c). Thus, this case is within the "claims filing stage" of the case.

requests, pursuant to Bankruptcy Rule 9014(c), that the Court make Bankruptcy Rule 7023 applicable to this case at the "claims filing stage" in order to legitimize the filing of the Class Proof of Claim on behalf of all Class Claimants, and, eventually, to certify the proposed class and allow the Class Proof of Claim filed in these cases. *See In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988) ("It follows that there may be class proofs of claims in bankruptcy.").

5.  In *American Reserve,* the United States Court of Appeals for the Seventh Circuit held that a representative may file a claim on behalf of putative class members. In doing so, the representatives of the putative class "keep the case alive pending the decision on certification. If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim; the putative agent never obtains 'authorized agent status.' If the court certifies the class, however, the self-appointed agent has become 'authorized', and the original filing is effective for the whole class (the principals)." *Id.* (citations omitted).

6.  The Bankruptcy Rules and the case law are less than clear as to the process for asserting a class claim or for seeking an order of the Court directing Bankruptcy Rule 7023's applicability to the claims filing stage. Based upon *American Reserve,* it would appear that the applicability of 7023 may be determined if and when an objection has been asserted to the class claim filed. *See Id.* at 487 ("The Huddlestons then filed a proof of claim in American Reserve's bankruptcy on behalf of themselves as well as all members of the class . . . . American Reserve's trustee contested the representative claim . . . ."). In *American Reserve,* the Seventh Circuit recognized that Bankruptcy Rule 9014(c) permits, in the Court's discretion, the application of Bankruptcy Rule 7023 to the "claims filing stage" of a bankruptcy case in addition to waiting to see if an objection to a claim will be filed challenging Bankruptcy Rule 7023's authorization of same. *See* Fed. R. Bankr. P. 9014(c) ( "The court may at any stage in a particular matter direct

that one or more of the other rules in Part VII shall apply."). Thus, in order to promptly resolve these issues here, protect the claims of each Class Claimant and out of an abundance of caution, the Putative Class Representative, as representative of the Class Claimants, seeks an order pursuant to Bankruptcy Rule 9014(c) expressly directing Bankruptcy Rule 7023 to be applicable to the "claims filing stage" and throughout this case and respecting the Class Proof of Claim. If Bankruptcy Rule 7023 is made applicable to the claims filing stage, then clearly the bar date for all putative class members will be tolled by the class claim pending class certification. Moreover, by such prompt application of Bankruptcy Rule 7023 to this case, the Putative Class Representative, pending certification, may actively participate in this case as representatives of such class to the extent permitted by a law.

7. When the Putative Class Action Litigation is referred to the Bankruptcy Judge assigned this case, Bankruptcy Rule 7023 automatically will be applicable to it as an adversary proceeding, but it arguably remains stayed, as to prosecute it would be a continuation of litigation against the Debtor, absent relief from the stay. *See* 11 U.S.C. § 362 (a)(1) (providing commencement of a bankruptcy case stays, with certain exceptions not applicable here, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."). The claims process is the only claims-collection mechanism sanctioned by the Bankruptcy Code to be unilaterally undertaken by a creditor after commencement of a bankruptcy case without violation of the stay.

To that end, and to avoid any stay violation issues,[3] the Putative Class Representative has proceeded by the claims process and this Motion to preserve and prosecute the Class Proof of Claim in this case. It is likely that in subsequent efforts to resolve the Class Proof of Claim through the traditional claims resolution process, the Chapter 7 Trustee and movant will seek to consolidate any objection filed to the Class Proof of Claim with the Putative Class Action Litigation for complete resolution. Certainly, at that time, if not before by order of the Court, Bankruptcy Rule 7023 also will be applicable, because the litigation related thereto, if any, will be an adversary proceeding. *See* Fed. R. Bankr. P. 7001 and 3007.

WHEREFORE, the Putative Class Representative respectfully requests an order directing Bankruptcy Rule 7023 to be applicable to the "claim filing stage" of this case, and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Michael W. Hile*
JACOBSON HILE, LLC
Michael W. Hile
ONE INDIANA SQUARE, SUITE 1600
Indianapolis, IN 46204
(317) 608-1131
mhile@jacobsonhile.com

---

[3] The Putative Class Representative hereby reserves the right to seek stay relief at any time and/or to commence an adversary proceeding or to prosecute the Putative Class Action Litigation as referred to the Bankruptcy Court upon clarification of stay applicability either in response to the Putative Class Representative's actions or others.

CHIMICLES & TIKELLIS LLP
Benjamin F. Johns (PA Bar ID No. 201373)
Andrew W. Ferich (PA Bar ID No. 313696)
Jessica L. Titler (PA Bar ID No. 320618)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
E-mail: BFJ@chimicles.com
    AWF@chimicles.com
    JT@chimicles.com

COUNSEL FOR PUTATIVE CLASS CLAIMANT
CHRISTIN M. LONG, INDIVIDUALLY, AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Kay Dee Baird    kbaird@kdlegal.com, rhobdy@kdlegal.com, crbpgpleadings@kdlegal.com
- Michael I. Baird    baird.michael@pbgc.gov, efile@pbgc.gov
- Ashley Flynn Bartram    ashley.bartram@oag.texas.gov
- Kayla D. Britton    kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com, sarah.herendeen@faegrebd.com
- Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net, mcruser@rubin-levin.net
- Deborah J. Caruso    trusteecaruso@rubin-levin.net, DJC@trustesolutions.net, mcruser@rubin-levin.net
- Dustin R. DeNeal    dustin.deneal@faegrebd.com, cindy.wondra@faegrebd.com, sarah.herendeen@faegrebd.com
- Abby Engen    aengen@nmag.gov
- Lydia Eve French    lydia.french@state.ma.us
- Julian Ari Hammond    Jhammond@hammondlawpc.com
- John C. Hoard    johnh@rubin-levin.net, marie@rubin-levin.net, atty_jch@trustesolutions.com
- James C Jacobsen    jjacobsen@nmag.gov, eheltman@nmag.gov
- Jay Jaffe    jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
- Anthony R. Jost    tjost@rbelaw.com, baldous@rbelaw.com
- Ronald J. Moore    Ronald.Moore@usdoj.gov
- Hal F Morris    hal.morris@oag.texas.gov
- Kevin Alonzo Morrissey    kmorrissey@lewis-kappes.com, cestrada@lewis-kappes.com, JMcAlpin@lewis-kappes.com, leckert@lewis-kappes.com
- Whitney L Mosby    wmosby@bgdlegal.com, floyd@bgdlegal.com
- C Daniel Motsinger    cmotsinger@kdlegal.com, cmotsinger@kdlegal.com, crbpgpleadings@kdlegal.com, lsmalley@kdlegal.com
- James E Rossow    jim@rubin-levin.net, ATTY_JER@trustesolutions.com, robin@rubin-levin.net, lisa@rubin-levin.net
- Thomas C Scherer    tscherer@bgdlegal.com, rjenkins@bgdlegal.com
- Lauren C. Sorrell    lsorrell@kdlegal.com
- Meredith R. Theisen    mtheisen@rubin-levin.net, dwright@rubin-levin.net, mcruser@rubin-levin.net
- Ronald M. Tucker    rtucker@simon.com, cmartin@simon.com, bankruptcy@simon.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on September 23, 2016, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Eboney Cobb
Perdue Brandon Fielder Collins Mott LLP
500 E Border Street Suite 640
Arlington, TX 76010

Alan M Grochal
100 East Pratt Street 26th Floor
Baltimore, MD 21202

Paul Weiser Esq.
Bachalter Nemer
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

/s/ Michael W. Hile
Michael W. Hile
JACOBSON HILE, LLC
One Indiana Square, Suite 1600
211 N. Pennsylvania Street
Indianapolis, IN  46204
(317) 608-1131
Email: mhile@jacobsonhile.com