IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: <br><br> ITT Educational Services, Inc., <br><br> Debtor | Chapter 7 <br><br> Case No. 16-07207-7A |

### MOTION OF COMMONWEALTH OF MASSACHUSETTS AND STATE OF NEW MEXICO FOR DETERMINATION THAT THE AUTOMATIC STAY PROVISION DOES NOT APPLY TO THE STATES' ACTIONS AGAINST THE DEBTOR

The Commonwealth of Massachusetts and the State of New Mexico (collectively, the "States") respectfully request entry of an order pursuant to section 362(b)(4) of the Bankruptcy Code confirming that the automatic stay provision does not apply to the States' consumer protection actions in *Commonwealth of Massachusetts v. ITT Educational Services, Inc.*, Sup. Ct. 16-0411 ("Massachusetts Case") and *State of New Mexico v. ITT Educational Services, Inc.*, D-202-CV-2014-01604 ("New Mexico Case") (collectively, the "States' Cases").

While the debtor has filed Suggestions of Bankruptcy in both cases indicating that the cases are stayed, 11 U.S.C. § 362(b)(4) explicitly excepts the States' Cases from the automatic stay provision of the Bankruptcy Code.

## Jurisdiction and Venue

The Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are 11 U.S.C. §§ 105 and 362.

## The States' Cases

The States' Cases were brought against the debtor under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 4, and the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 to -26 (1967, as amended through 2009). The New Mexico Case was filed over two years prior to the debtor's bankruptcy filing, and the Massachusetts Case was filed nearly six months before the bankruptcy filing. The States' Cases seek injunctive and declaratory relief, penalties, restitution for consumers injured by the debtor's violations of consumer protection laws, as well as costs.

The States' Cases allege that the debtor committed unfair and deceptive acts and practices by, *inter alia*, misrepresenting the quality and credentials of its schools' educational programs and inducing consumers to incur substantial student loan debt to enroll in programs that provided little to no educational value. The States' Cases also allege that the debtor misrepresented job placement rates and the job prospects of graduates.

-- The Massachusetts Case alleges that the debtor "deceived and misled consumers and prospective students in order to aggressively enroll students in the Computer Network Systems program. In advertisements, on its website, and in written and oral statements made to recruit and enroll prospective students, [the debtor] misrepresented:

- the historical success of Computer Network Systems graduates in finding jobs in or related to their field of study;
- the earnings of Computer Network Systems graduates;
- the nature, character, and quality of the Computer Network Systems program; and
- the nature and availability of financial aid." (Massachusetts Case ¶¶ 2, 3).

-- The New Mexico Case alleges that the debtor:

- misrepresented to prospective and current students that its nursing program held accreditation through the nationally recognized accreditor for associate degree programs in nursing, when in fact it held no such accreditation (New Mexico Case ¶¶ 14-30);
- required students to sign a preprinted enrollment agreement containing numerous clauses that violated New Mexico law (New Mexico Case ¶¶ 31-41);
- changed certain academic policies applicable to the nursing program without notice to students, retroactively applied the new policies to already-enrolled students so as to push out those students the debtor viewed as unlikely to pass the state licensing exam for nursing, and misrepresented the retroactive effect of the new policies to the New Mexico Board of Nursing (New Mexico Case ¶¶42-56); and
- created a private loan program that placed students into high-interest loans without their knowledge or consent. (New Mexico Case ¶¶ 61-95).

## THE AUTOMATIC STAY PROVISION
## DOES NOT APPLY TO THE STATES' CASES

While a bankruptcy filing stays many actions, section 362(b)(4) of the Bankruptcy Code establishes an exception to the automatic stay provision for "the commencement or continuation

of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." The section 362(b)(4) exception "applies to instances where the governmental unit sues a debtor to enforce consumer protection laws, antifraud acts, safety regulations, or similar police or regulatory laws. Furthermore, governmental actions which seek to fix damages for violation of such police or regulatory laws are not stayed." 2 Norton Bankr. L. & Prac. 3d § 43:19.

The overriding purpose of the police and regulatory power exception is to prevent the bankruptcy court from becoming a "haven for wrongdoers," *Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165, 1167 (9th Cir. 2000), and to "ensure that debtors do not use a declaration of bankruptcy to avoid the consequences of their actions that threaten the public interest," *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 588 (5th Cir. 2012). Bankruptcy courts across the United States routinely rely on the well-established rule that a bankruptcy filing does not result in a stay of a consumer protection action filed by a government enforcement agency. *See, e.g., Massachusetts v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.)*, 263 B.R. 99, 108 (B.A.P. 9th Cir. 2001) ("From legislative history and case law, it is well-established that consumer protection is a valid exercise of the police and regulatory power for purposes of § 362(b)(4)."); *United States v. Fed. Res. Corp.*, 525 B.R. 759, 765 (Bankr. D. Idaho 2015) (recognizing that government consumer protection actions fall within police or regulatory powers exception); *In re Fitness Mgmt. Grp.*, 2009 Bankr. LEXIS 3863, at *8-11 (Bankr. W.D.N.C. Nov. 23, 2009) (citing numerous courts that have recognized that the automatic stay does not bar government actions to enforce consumer protection statutes)

4

(collecting cases); *In re Dolen*, 265 B.R. 471, 481 (Bankr. M.D. Fla. 2001) (holding that automatic stay did not preclude Federal Trade Commission from proceeding to trial against debtor to obtain an adjudication of its claims on the merits, and fixing restitution award).

The cases plainly show that the States' Cases, which seek injunctive relief, penalties, and restitution under the States' consumer protection laws are not stayed. In *NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506 (7th Cir. 1991), the Seventh Circuit quoted the often-cited legislative history to the police and regulatory power exception to the automatic stay provision, holding that "'where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or *attempting to fix damages for violation of such a law,* the action or proceeding is not stated under the automatic stay.'" *P\*I\*E*, 923 F.2d at 512 (citation omitted).

*P\*I\*E* involved an enforcement action by the National Labor Relations Board ("NLRB") alleging violations of federal labor laws. The debtor in *P\*I\*E* suggested that the automatic stay provision set forth in section 362(a) operated to stay the NLRB's case against it. *Id.* at 511. The Seventh Circuit rejected this argument, holding that in seeking to prevent unfair labor practices, the NLRB was a governmental unit acting to enforce its police and regulatory power. *Id.* The court further held that a provision of the Bankruptcy Code, which provides that government actions to enforce money judgments are stayed, did not prohibit the NLRB from seeking a money judgment against the debtor. The court clarified that a governmental unit exercising its police and regulatory power could permissibly seek entry of judgment against a debtor, but could not attempt to seize the debtor's property to collect on said judgment outside the bankruptcy proceedings. *Id.*

To the extent a government action to recover funds from a debtor under its police or regulatory authority is exempted from the automatic stay provision, it is *a fortiori* that a government action for injunctive relief is exempted from the stay provision. *See, e.g., Penn Tera Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267 (3d Cir. 1984).

All appellate courts that have considered the issue have agreed that a regulatory action by the government, whether it seeks money or injunctive relief, is exempt from the automatic stay provision. *See, e.g., First Alliance*, 263 B.R. 99 (consumer protection laws); *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846 (4th Cir. 2001) (environmental laws); *SEC v. Brennan*, 230 F.3d 65 (2d Cir. 2000) (securities laws); *Eddleman v. United States Dep't of Labor*, 923 F.2d 782 (10th Cir. 1991) (labor laws); *United States v. Commonwealth Cos. (In re Commonwealth Cos.)*, 913 F.2d 518 (8th Cir. 1990) (False Claims Act); *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291 (6th Cir. 1988) (environmental laws); *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (labor laws).

In *First Alliance*, the Ninth Circuit Bankruptcy Appellate Panel (the "BAP") addressed the very consumer protection law under which the Massachusetts Case was filed (M.G.L. c. 93A, § 4) and held that "§ 362(b)(4) exempts the Commonwealth's prosecution to judgment of its claims for civil penalties and attorneys' fees from the automatic stay" and that "the bankruptcy court erred by determining that the Commonwealth's restitution claims were not exempt from the automatic stay pursuant to § 362(b)(4)." *First Alliance*, 263 B.R. at 109 and 114.

In considering the Commonwealth's claim for penalties against the debtor FAMCO, the BAP stated:

> From legislative history and case law, it is well-established that consumer protection is a valid exercise of the police and regulatory power for purposes of § 362(b)(4). Here, the Commonwealth sought to impose civil penalties against FAMCO for its alleged unfair and deceptive loan practices. This action falls squarely within its public policy of

6

protecting consumers and deterring violators.

*Id.* at 108. The States' Cases against the debtors, which similarly seek to impose penalties on the debtor for its unfair and deceptive acts and practices, are "squarely within [the States'] public policy of protecting consumers and deterring violators," and as such, are exempt from the automatic stay provision.

With respect to the restitution claims, the BAP in *First Alliance* analyzed the pecuniary interest and public purpose tests and found:

> [The Commonwealth's] money claims, which are part of the totality of its consumer protection remedies, are for a public purpose, and not solely for the pecuniary gain to the Commonwealth or its individual citizens. Nor does the entry of a monetary judgment reduce the estate or interfere with the bankruptcy. Such a judgment only serves to liquidate the Commonwealth's claim against the estate. FAMCO will be entitled to all of its defenses to the Commonwealth's action in the Massachusetts state court action. Furthermore, these cases support the conclusion that the Commonwealth was not seeking to adjudicate private rights, but was primarily pursuing remedies for alleged violations of its consumer protection laws.

*Id.* at 111. The States' Cases seek restitution as part of their consumer protection remedies and are brought for a public purpose. The automatic stay provision does not apply to these cases.

In the event that money judgments are obtained in the States' Cases, those judgments will not be enforced in the States but will be subject to treatment in bankruptcy. However, non-monetary relief may be enforced in state courts. *See* 11 U.S.C. § 362(b)(4) (permitting "the enforcement of a judgment *other than a money judgment*") (emphasis added); *see also First Alliance*, 263 B.R. at 110-114.

Massachusetts and New Mexico anticipate that the debtor will raise two concerns with respect to the automatic stay. First, it and its affiliated campuses have ceased doing business. However, the exception to the automatic stay provision is not limited to actions against entities that continue to do business. Government actions for injunctive relief, penalties, and restitution

7

are deterrent actions, and this is true whether or not an entity violating state law continues to do business. As explicitly stated in *First Alliance*, the fact that a debtor has ceased doing business is irrelevant to the determination of the application of the automatic stay:

> FAMCO also contends that these causes of action are unnecessary since it has already ceased its loan origination business. However, civil penalties may be assessed for violations of the statute. The penalties imposed for consumer fraud meet both the pecuniary purpose test and the public policy test. Under § 362(b)(4), the bankruptcy court need not also determine whether the government's exercise of its police or regulatory power is a legitimate one.

*First Alliance*, 263 B.R. at 109 (citation omitted).

The debtor likely also will state that it will cost money to defend the States' Cases. Again, the statute exempting government actions from the automatic stay provision is not limited to actions that are costless. Even the existence of multiple prosecutions by the governments of several states is not pertinent to the analysis of the application of the automatic stay provision. The *First Alliance* Court stated:

> The bankruptcy court in the case at bar expressed concern about the potential for multiple prosecutions in the various states where FAMCO did business, and the financial effect of such litigation on the bankruptcy estate. However, to hold that a governmental action does not come within § 362(b)(4) for such reason would run counter to the fundamental policy behind the exception, which is to prevent the bankruptcy court from becoming a haven for wrongdoers.

*Id.*

While it is understandable that the debtor would prefer not to deal with the consequences of its violations of the States' consumer protection laws, under the Bankruptcy Code the inquiry is an objective one. It does not permit consideration of the cost to the debtor. A debtor may not violate state law and then use the stay provision as a shield to prevent the state from prosecuting an action based on the debtor's violations.

8

## Conclusion

The automatic stay does not apply to the States' Cases. The States respectfully request that the Court enter an order granting their motion.

Dated: September 23, 2016

                                          MAURA HEALEY
                                          **Massachusetts Attorney General**

                                          */s/ Lydia French*
                                          Lydia French, BBO No. 666348
                                          Assistant Attorney General
                                          Massachusetts Office of the Attorney General
                                          One Ashburton Place, 18th Floor
                                          Boston, MA 02108
                                          (617) 963-2314 (phone)
                                          (617) 722-0184 (fax)
                                          lydia.french@state.ma.us

                                          HECTOR H. BALDERAS
                                          **New Mexico Attorney General**

                                          */s/ Abby Sullivan Engen*
                                          Abby Sullivan Engen, NM Bar No. 142446
                                          James Jacobsen, NM Bar No. 1261
                                          Assistant Attorneys General
                                          Office of the New Mexico Attorney General
                                          P.O. Drawer 1508
                                          Santa Fe, NM 87504-1508
                                          (505) 827-6700 (phone)
                                          (505) 827-6685 (fax)
                                          aengen@nmag.gov
                                          jjacobsen@nmag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, a copy of the foregoing Motion was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lydia French
Lydia French