UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL WEBSTER COLLEGE, INC., | ) | Case No.  16-07209-JMC-7A |
| | ) | |
| Debtor. | ) | |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

To the extent the case management procedures set forth below (the "Case Management Procedures") conflict with the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules") or the accompanying Procedures Manual, the Case Management Procedures shall govern and supersede such rules.  The Case Management Procedures are as follows:

## CASE MANAGEMENT PROCEDURES

### A. Omnibus Hearings.

1.      **All Matters to be Heard at Omnibus Hearings.**  The following will be considered and/or heard only at semi-monthly omnibus hearings scheduled in advance by the Court (each an "Omnibus Hearing"), unless the Court orders otherwise:  all motions, pleadings, applications and other requests of relief, all objections and responses and replies thereto and all other matters.  All motions, pleadings, requests for relief or other matters that purport to set a hearing on a date and/or time at which no Omnibus Hearing is set shall automatically and without court order be scheduled to be heard at the next Omnibus Hearing that is at least twenty (20) days after the date such motion, pleading, or request for relief was actually filed with the Court.

2.      **Emergency Hearings.**  Notwithstanding any procedure herein, in the event that, in the reasoned determination of a movant or applicant, a motion or application of a party or entity other than the Trustee requests emergency or expedited relief:

> (a)     Such movant or applicant shall contact counsel for the Trustee requesting that such motion or application be considered on an expedited basis.

> (b)     In the event that counsel for the Trustee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone, and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, counsel for the Trustee, and such movant or applicant to

**Exhibit "1"**

discuss such disagreement.  In the event that, following such chambers conference, the Court agrees with the position of such movant or applicant regarding the necessity for expedited consideration, such movant or applicant may, by order to show cause, request a hearing to be held on a hearing day prior to the next applicable Omnibus Hearing.  Any such motion or application must state with specificity the reason why an emergency exists or why there is a need for expedited treatment, indicate in the caption thereof that it is an emergency motion and certify the fact that a chambers conference, telephonic or in-person, was held and the concurrence of the Court as to the necessity for expedited consideration.  In the event that the Court grants such emergency treatment, the Court shall direct the requisite notice and shall set a hearing date and time.  On the hearing day on which the matter is scheduled (the "Hearing Day"), the Court shall first consider the propriety of emergency treatment, whether adequate notice has been given and whether there has been adequate opportunity for parties to be heard.  In the event that the Trustee seeks emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to counsel for any statutory committee and an opportunity to be heard.

(c)     In the event that counsel for the Trustee does not disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, such movant or applicant may, by proposed scheduling order, request a hearing to be held on a Hearing Day prior to the next applicable Omnibus Hearing.  Any such motion or application must certify the agreement of expedited treatment by counsel for the Trustee, state with specificity the reason why an emergency exists or why there is a need for expedited treatment and indicate in the caption thereof that it is an emergency motion.  In the event that the Court grants such emergency treatment, the Court shall direct the requisite notice and shall set a hearing date and time.  On the Hearing Day on which the matter is scheduled, the Court shall first consider the propriety of emergency treatment, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard.

3.     **First Five Omnibus Hearings**.  The Court has set the following dates and times as the first five Omnibus Hearings:

(a)     ____:____ ___.m. on the ____ day of _____, 201___.

(b)     ____:____ ___.m. on the ____ day of _____, 201___.

(c)     ____:____ ___.m. on the ____ day of _____, 201___.

(d)     ____:____ ___.m. on the ____ day of _____, 201___.

(e)     ____:____ ___.m. on the ____ day of _____, 201___.

2

4.     **Future Hearings**.  At or before the last Omnibus Hearing scheduled in Section A.3.e. above or scheduled in any subsequent notice, the Trustee shall request that additional Omnibus Hearings be scheduled.  All future Omnibus Hearings scheduled by the Court shall be posted in a filing entered on the Court's CM/ECF docket.

### B.  Participation in Omnibus Hearings by Telephone.

1.     The Trustee shall arrange with a service, to be determined by the Trustee in her sole and absolute discretion, for the participation in the Omnibus Hearings in the Affiliated Debtors'[1] bankruptcy cases by telephone conference.  Any party filing a motion, application or other pleading, including, without limitation, an objection or response thereto, may participate in an Omnibus Hearing by telephone conference.  Any party not submitting a pleading, but interested in monitoring the Court's proceedings, may participate by telephone conference in "listen-only" mode.  Under no circumstances, may any party record or broadcast the proceedings conducted by the Court.  Any costs associated with setting up this system shall be borne by the Affiliated Debtors' bankruptcy estates as permitted by 28 U.S.C. § 156(c).  If telephonic participation has been arranged by the Trustee, the Trustee shall file an agenda including the phone number and passcode to participate by telephone conference not later than 12:00 p.m. (prevailing Eastern Time) the day before any Omnibus Hearing or as soon as possible before an emergency hearing if requested by the Trustee.  The Trustee is not responsible for arranging telephone conference participation for an emergency hearing not requested by the Trustee.

2.     In the event witness testimony will be heard during any hearing, the witness(es) may *not* participate in the hearing by telephone, but rather must appear in the courtroom.

### C.  Requests for Service by E-mail and Facsimile.

1.     **2002 Notice Request**.  A request for notice pursuant to Bankruptcy Rule 2002 (a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it: (a) provides an address at which documents filed with the Court by the Trustee may be served by e-mail by the Trustee unless accompanied by the certification described in Section C.4.; (b) provides an address at which all documents filed with the Court and served by all entities may be served by (i) U.S. mail, (ii) hand delivery, (iii) overnight delivery and/or (iv) facsimile; (c) provides the telephone number of each entity; and (d) specifies the entity's local counsel and the counsel, if any, primarily responsible for matters before the Court but not having an office within this District.  A 2002 Notice Request need not be in the form of a motion accompanied by a draft order, nor must the 2002 Notice Request allege facts justifying the added expense to parties that is caused by expanding the notice list.

2.     **Appearance Request**.  Interested parties or their counsel who, pursuant to Local Rule B-9010-1(a), wish to receive copies of all documents (other than proofs of claim) filed in these cases shall file an appearance (an "Appearance Request").  An Appearance Request filed

---

[1] The Affiliated Debtors and their corresponding case numbers are as follows:  ITT Educational Services, Inc. (Case No. 16-07207-JMC-7A; ESI Service Corp. (Case No. 16-07208-JMC-7A); and Daniel Webster College, Inc. (Case No. 16-07209-JMC-7A).

with the Court shall be deemed proper if and only if it:  (a) provides an address at which documents filed with the Court by the Trustee may be served by e-mail by the Trustee unless accompanied by the certification described in Section C.4.; (b) provides an address at which all documents filed with the Court and served by all entities may be served by (i) U.S. mail, (ii) hand delivery, (iii) overnight delivery, and/or (iv) facsimile; (c) provides the telephone number of each entity; and (d) specifies the entity's local counsel and the counsel, if any, primarily responsible for matters before the Court but not having an office within this District.

3.      **Filing Requests for Documents Requires E-mail Address**.  All 2002 Notice Requests and Appearance Requests, whether already filed or filed in the future, shall automatically be deemed improper and of no effect, unless such 2002 Notice Requests and Appearance Requests comply with the procedures set forth herein (including without limitation the requirement that all 2002 Notice Requests and Appearance Requests must include an available e-mail address to receive notice), unless accompanied by the certification described in Section C.4.

4.      **Certification Opting Out of E-mail Service.**  Any individual or entity filing a 2002 Notice Request or Appearance Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include on the 2002 Notice Request or Appearance Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address, and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

5.      **Email Address Required.**  If a 2002 Notice Request or an Appearance Request fails to include an e-mail address or the Certification, the Trustee shall forward a copy of the Case Management Procedures to such party within five (5) business days requesting an e-mail address.  If neither an e-mail address nor the Certification is provided in response to such request, such party shall not be added to the 2002 List or the Appearance List (as each term is defined below), as applicable, or served with copies of Court Filings unless such Court Filings directly affect such party.

6.      **2002 Notice List and Appearance List.**  The Trustee or a Court-appointed notice agent shall be responsible for maintaining an updated list of those who have submitted a 2002 Notice Request (the "2002 List") and an Appearance Request (the "Appearance List").  It is the responsibility of each entity submitting a 2002 Notice Request or Appearance Request to file an updated 2002 Notice Request or Appearance Request as necessary to reflect changes of e-mail address, contact person or otherwise.  No person or entity will be removed from the 2002 List or Appearance List prior to the filing of a document by the person or entity requesting such removal or the Court entering an order directing such removal.

D.  **Filing and Notice Procedures.**

1.      **Procedures Established for All Court Filings.**  All documents filed in the Affiliated Debtors' bankruptcy cases, including but not limited to all notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "Requests for

Relief") and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") shall be filed with the Court and served in accordance with the notice procedures set forth herein; provided, however, that the notice procedures set forth herein shall not apply to Court Filings listed in Section D.7 below.

   2.  **Definition of Entities Entitled to Service.**  All Court Filings shall be served on the Core Group, the 2002 List, the Appearance List (each as defined herein, collectively, the "Service List") and the Affected Entities (as defined herein), according to the notice procedures described herein.  A Court Filing is deemed not to have been properly served until served on all of the parties on the Core Group.

     (a)  **Core Group.**  The following entities shall comprise the core group of entities in the Affiliated Debtor's bankruptcy cases (collectively, the "Core Group"):  (i) the Affiliated Debtors; (ii) the Affiliated Debtors' counsel; (iii) the Office of the United States Trustee; (iv) the Trustee; and (v) the Trustee's counsel.

     (b)  **2002 List.**  This group shall be comprised of all entities who have filed a 2002 Notice Request pursuant to Bankruptcy Rule 2002 and these Case Management Procedures.

     (c)  **Appearance List.**  This group shall be comprised of all entities who have filed an Appearance Request.  An entity added to the Appearance List must serve a copy of the revised Appearance List on all parties appearing on the list.

     (d)  **Affected Entity.**  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

     (e)  **Updating and Maintenance of the Service List.**  The Trustee or a Court-appointed notice agent shall update the initial service list within fifteen (15) days of an order approving the Case Management Procedures; thereafter the Service List shall be updated every thirty days (30) for the six months following the petition date (September 16, 2016).  Each updated Service List shall be filed with the Clerk and posted on the Court's ECF system.

   3.  **Notice and Service of Filings for Relief, Objections thereto, Replies thereto and Orders.**

     (a)  **Notice of Filing for Relief.**  Any entity filing a Request for Relief shall file and serve a notice of such Request for Relief that complies with the procedures set forth herein.

(b)   **Contents of Notice of Request for Relief.**  Each notice of Request for Relief shall conspicuously state:  (i) the title of the Request for Relief; (ii) the time and date of any deadline to object thereto (which deadline shall be in accordance with Section D.3.b.(i) below); (iii) the Omnibus Hearing (or other hearing as ordered by the Court) for which the Request for Relief (the "Applicable Hearing") is set to be considered by the Court; and (iv) a statement that the relief requested in the Request for Relief may be granted by the Court without a hearing if no Response thereto is timely filed and served in accordance with these Case Management Procedures.

   (i)   **Deadline for Objections.**

      (1)   The deadline to file Objections to Requests for Relief (the "Objection Deadline") shall be (a) 4:00 p.m. (prevailing Eastern Time) on the seventh (7th) calendar day before the Applicable Hearing, or (b) such day otherwise ordered by the Court.

      (2)   The Objection Deadline may be extended with the consent of the entity filing the Request for Relief to a date and time that is no later than three (3) days before the Applicable Hearing.

   (ii)   **Setting the Applicable Hearing.**  Except as otherwise provided herein, in the Bankruptcy Code, or the Bankruptcy Rules, the relief requested in a Request for Relief shall not be considered by the Court unless the Request for Relief is filed and served in accordance with the Case Management Procedures at least twenty (20) calendar days prior to the Applicable Hearing, unless otherwise ordered by the Court; provided, however, that if the Request for Relief is served by U.S. Mail, the Request for Relief shall not be considered by the Court unless the Request for Relief is filed and served in accordance with the Case Management Procedures at least twenty-three (23) calendar days prior to the applicable hearing, unless otherwise ordered by the Court.

(c)   **Manner of Service.**

   (i)   Standing Order No. 04-0005 entered September 9, 2004      (the "Electronic Filing Order") approved the Administrative Procedures Concerning Electronic Case Files in this District (the "Electronic Case Files Procedures").  Paragraph II.B.4. of the Electronic Case Files Procedures states:

> The "Notice of Electronic Filing" that is automatically generated by the Court's ECF system constitutes service or notice of the

filed documents on registrants. Parties who are not registrants must be provided notice or service of any pleading or other documents electronically filed in accordance with the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court for the Southern District of Indiana.

Any entity required to serve a "registrant" as such is defined in the Electronic Case Files Procedures shall be deemed to have served such registrant upon filing the document with the Court.

(ii) **Service by All Entities.** All entities are authorized to serve Court Filings by U.S. mail, hand or overnight delivery, or facsimile.

(1) **Service by All Entities to Core Group.** All entities (except for the Trustee) shall serve all Requests for Relief on the Core Group by hand or overnight delivery or facsimile, subject to the Electronic Filing Order.

(2) **Service by All Entities to 2002 List, Appearance List and Affected Entities.** All entities (except for the Trustee) shall serve all Requests for Relief on the 2002 List, Appearance List and Affected Entities (a) by U.S. Mail, hand, or overnight delivery if the Request for Relief is filed and served at least twenty three (23) days prior to the Applicable Hearing, and (b) by hand or overnight delivery if the Request for Relief is filed and served less than twenty three (23) days but at least twenty (20) days prior to the Applicable Hearing, subject to the Electronic Filing Order.

(iii) **Service by E-mail**.

(1) Only the Trustee, her counsel, and the Court-appointed notice agent (at the direction of the Trustee) are authorized to serve documents by e-mail. Unless otherwise provided for in these Case Management Procedures, any Court Filings served by the Trustee via e-mail shall be deemed to constitute proper service for all parties who are sent such e-mail service.

(2) All documents served by e-mail shall include access to an attached computer file or weblink containing the entire document, including the proposed form(s) of order and any

7

exhibits, attachments or other materials in the following format: (i) in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader program commonly available without cost, or (ii) in ASCII or "text only" format, readable by commonly used word processing programs.

(d) **Service of Requests for Relief.** Except as described below or as authorized by the Court, all Requests for Relief shall be served upon the Service List and on each Affected Entity.

    (i) **Service of Requests for Relief for Which Particular Notices are Required by Bankruptcy Rules 2002(a)(3), 4001, 6004, 6006, 6007 or 9019.** All Court Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6006, 6007 or 9019, shall be served on those entities on the Service List and each Affected Entity, except as modified herein and unless otherwise authorized by the Court.

    (ii) **Service of Requests for Relief Pursuant to 11 U.S.C. §§ 363(b), 554, and 725.** Notwithstanding Bankruptcy Rule 2002(a)(2) or 6007, Requests for Relief related to the use, sale, lease or abandonment of property other than in the ordinary course of business shall be served only on those entities on the Service List and each entity asserting an interest in such property; provided however, that if the Request for Relief relates to the sale of substantially all of the Affiliated Debtors' assets, the movant shall seek authority to limit notice from that which the Bankruptcy Code, the Bankruptcy Rules and the Local Rules require.

    (iii) **Service of Other Filings for Relief Described in Bankruptcy Rule 2002.** Except as set forth herein or as otherwise authorized by the Court, notice of contested matters and adversary proceedings described in Bankruptcy Rule 2002 shall be served in accordance thereof.

(e) **Service of Objections.** All Objections shall be filed with the Court and served *so as to be actually received* prior to the Objection Deadline upon the entity filing the Request for Relief, those entities on the Service List, and each Affected Entity, with such Affected Entities to be determined based on the particular court filing being served.

(f) **Service of Replies.** If a Court Filing is a reply (a "Reply") to an Objection or an Omnibus Reply to several Objections, such Reply shall be filed with the Court and served so as to actually be received by the Core Group and each Affected Entity, in all cases by 12:00 p.m. (prevailing Eastern Time) on the day prior to the Applicable Hearing Date.

(g)   **Service of Orders.**  Entities drafting orders that are entered by the Court are not required to serve copies of such order upon receipt thereof.

(h)   **Granting the Request for Relief Without a Hearing.**

(i)   Provided that the notice filed with a Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely objection is made, after the Objection Deadline has passed and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity who has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief (the "Certificate of No Objection").

(ii)   By filing a Certificate of No Objection, counsel for the movant represents to the Court that the movant is unaware of any objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

(iii)   Upon receipt of the Certificate of No Objection, the Court may grant the Request for Relief without further pleading, hearing or request, and once an order granting such Request for Relief is entered, no further hearing in the Request for Relief shall be held.

(iv)   After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not grant the Request for Relief before such Omnibus Hearing.

(i)   **Filing Certificates of Service.**  The Trustee shall file a certificate of service as soon as practicable, but in all events prior to the Applicable Hearing.

4.   **Requests for Relief to Modify the Automatic Stay under Section 362 or for a Determination That the Automatic Stay is Inapplicable.**  Unless the Court orders otherwise, (a) if a motion filed to lift the automatic stay of Section 362 of the Bankruptcy Code or seeking a determination that the automatic stay does not apply (a "Lift Stay Motion") is filed more than twenty (20) days before the next Omnibus Hearing, the date of the "request" to modify the stay (or determine it to be inapplicable) with respect to such Lift Stay Motion shall be the next Omnibus Hearing, and (b) if a Lift Stay Motion is filed twenty (20) or fewer days before the next Omnibus Hearing, the date of "request" to modify the stay (or determine it to be inapplicable) with respect to such Lift Stay Motion shall be the Omnibus Hearing following the next Omnibus Hearing.  Unless the Court orders otherwise, the objection deadline shall be seven (7) days prior to the date of the Applicable Hearing.  If a duly scheduled Lift Stay Motion is adjourned, on the consent of the Trustee and the moving party, to a date at least thirty (30) days after the Request for Relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay pending a final hearing and determination under section 362(d) of the

9

Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  If a hearing in connection with a Lift Stay Motion requires the presenting of evidence, the movant shall inform, in writing, the Court, counsel for the Trustee of any such intention, the manner of presentation, the number of potential witnesses and the expected length of such presentation, no later than three (3) business days prior to the date of the Applicable Hearing.

5.      **Motions to Compromise and Settle Claims, Disputes and Causes of Action Pursuant to Bankruptcy Rule 9019 and Motions to Confirm the Proposed Use, Sale or Lease of Property in an Ordinary Course of Business Transaction.**  Unless the Court orders otherwise, (a) if such motions are filed more than ten (10) days before the next Omnibus Hearing, the motion will be heard at the next Omnibus Hearing, or (b) if such motions are filed ten (10) or fewer days before the next Omnibus Hearing, the motion will be heard at the Omnibus Hearing that follows the next Omnibus Hearing.  Unless otherwise ordered by the Court, the Objection Deadline shall be three (3) business days prior to the date of the Applicable Hearing.

6.      **Serving Adversary Pleadings.**  All initial pleadings or other Court Filings in any adversary proceeding commenced in the Affiliated Debtors' bankruptcy cases shall be served upon the Core Group, each Affected Entity, and any entities required to be served under any applicable Bankruptcy Rule or Local Rule.

7.      **Filings for Relief Not Affected by These Notice Procedures.**  Unless otherwise ordered by the Court, the Case Management Procedures specifically described herein shall not supersede the requirements for notice of the matters or proceedings described in the following Bankruptcy Rules:

(a)      Bankruptcy Rule 2002(a)(1), (3), (4); and

(b)      Bankruptcy Rule 2002(f)(1), (2), (3), (6), (8).

8.      **Right to Request Special Notice Procedures.**  Nothing herein shall prejudice: (a) the right of any entity to move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including without limitation the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice; or (b) the right of any entity to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

E.  **Computation of Time.**

1.      Except as otherwise set forth in these Case Management Procedures, Bankruptcy Rule 9006 shall be used to compute any period of time prescribed or allowed by these Case Management Procedures.

**F.  Proposed Hearing Agendas.**

1.  **Proposed Hearings.**  No later than 12:00 p.m. (prevailing Eastern Time) the day before each Omnibus Hearing and as soon as practicable for all other hearings, the Trustee shall submit to the Court a Proposed Hearing Agenda setting forth each matter to be heard at such hearing and the order in which such matters will be heard (the "Proposed Hearing Agenda"). The Trustee shall transmit by e-mail or facsimile or overnight delivery the Proposed Hearing Agenda to the Core Group and each entity who has filed and served a Court Filing set to be heard on the Applicable Hearing Date.

    (a)    The Proposed Hearing Agenda, whether or not served on parties or published on the Internet, shall constitute merely a proposal for the convenience of the Court and counsel and is **NOT** determinative of the matters to be heard on that day or whether there will be a settlement or continuance.

    (b)    The Proposed Hearing Agenda is expected to include:

        (i)    The docket number and title of each matter to be scheduled for hearing on the next Hearing Day;

        (ii)    Whether the matter has been adjourned;

        (iii)    Whether the matter is contested or uncontested;

        (iv)    The Trustee's estimate of the time required for the Applicable Hearing;

        (v)    Other comments that will assist the Court in organizing its docket for the day (for example, if a request for continuance or withdrawal of the matter is expected);

        (vi)    A suggestion for the order in which the matters should be addressed; and

        (vii)    The phone number and passcode for telephonic participation for the Applicable Hearing, and the telephone number and passcode for the next scheduled Omnibus Hearing.

    (c)    On the Hearing Day, the Court may, or may not, accept the Proposed Hearing Agenda.

**G.  Automatic Extension of Certain Periods.**

If a Request for Relief to extend the time to take any action is filed prior to expiration of the period described by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or an order of the Court, the time to so act shall automatically be extended until the Court considers and rules upon the Request for Relief, without the necessity for the entry of an "interim" order

11

extending such period until such time as the Court can consider and rule upon such Request for Relief.