UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | |
| ITT EDUCATION SERVICES, INC. | ) ) ) | CHAPTER 7<br><br>Case No. 16-07207-7A |
| Debtor. | ) ) ) ) | |

**SEAN MINER, DAVID HEUMANN, AND SHAWNA ADMIRE'S MOTION PURSUANT TO FRBP 9014 SEEKING APPLICATION OF FRBP 7023 TO CLASS PROOF OF CLAIM AT THE "CLAIM FILING STAGE" OF THIS CASE**

Representative Claimants Sean Miner, David Heumann, and Shawna Admire, on behalf of themselves and all other similarly situated class members make the within motion pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 9014 seeking application of FRBP 7023 to Class Proof of Claim, filed contemporaneously with this Motion.

The Class Proof of Claim is based on the assumption that this Court will determined FRBP 7023 to be applicable under the Court's authority pursuant to FRBP 9014, and this Court will certify the proposed class and allow the class proof of claim filed in this case. *See In re American Reserve Corp.,* 840 F.2d 487, 493 (7th Cir. 1998) ("It follows that there may be class proof of claims in bankruptcy.").

### I.   PROCEDURAL HISTORY

On July 20, 2016, the Representative Claimants filed their class action Complaint in the Superior Court of California, County of Alameda, *Miner, et al. v. ITT Educational Service, Inc.,* Case No. RG16824000 against the Debtor.[1] The Complaint alleged Code of Civil Procedure § 382 (corollary of FRCP 23) class claims arising from the Debtor's violation of various provisions of the California Labor Code and California Industrial Welfare Commission Wage Order No. 4-

---

[1] A copy of Representative Claimants' Complaint is attached as Exhibit 1 to the Attachment to the Class Proof of Claim.

2011, §§ 4, 12. *See* Complaint. Additionally, Sean Miner and David Heumann, as the agents of the State of California, asserted a PAGA claim in the Complaint. *Id.*

The parties agreed to toll the claims asserted in the Complaint as of January 12, 2016. *Id.* at ¶ 2.

After the filing of the Complaint, the parties participate in mediation, but were not successful in reaching a settlement of claims. On September 16, 2016 Debtor filed the instant petition under Chapter 7.

Regarding class claims, the Complaint alleged that the Debtor employed adjunct instructors to teach courses at its schools in California. Adjunct instructors were non-exempt employees and as a result were entitled to paid 10-minute rest breaks for every 3.5 hours taught, or premium pay in the amount of one hour at their regular rate of pay, in lieu of a break. Adjunct instructors were also paid on a course rate basis, i.e. per course taught. Such compensation structure constituted a piece-rate compensation and, as a result, under California law, adjunct instructors were entitled to be paid hourly and separately for all non-teaching tasks performed outside of course instruction. However, ITT failed to provide its California adjunct instructors with paid rest breaks or pay them premium pay in lieu thereof for classes lasting longer than 3.5 hours. ITT also failed to pay adjunct instructors for the time spent on non-teaching tasks. The Complaint also alleged that ITT failed to issue accurate itemized wage statements to the adjunct instructors, failed to pay wages due upon termination, and failed to reimburse business related expenses. *See* Complaint.

The Complaint further alleged that the proposed class meets the requirements of the California Rules of Civil Procedure § 382 and that there are common questions of law and fact that are applicable to all members of the proposed Class; that the Class is so numerous that joinder is impracticable; that the Representative Claimants' claims are typical of the claims of the members of the Class; that the Representative Claimants will fairly and adequately protect and represent the interests of the Class; that the Representative Claimants have the time and the resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving employment class actions. Complaint ¶¶ 45-51.

On August 22, 2016, ITT removed Representative Claimants' to federal court on the grounds that the amount in controversy exceeded $5 million (Class Action Fairness Act, 28 U.S.C. § 1332).[2]

## II.   THE PROPOSED CLASS

According ITT's records the proposed class consists of 1,151 adjunct instructors. See Notice of Removal ¶ 6; Declaration of Juliana C. Vallier ¶ 8; Declaration of Carolyn K. Herald ¶¶ 6-7. The proposed Class definition is as follows:

> Individuals currently and formerly employed in California by ITT Educational Services, Inc. from January 12, 2012 through the trial date ("Class Period") as adjunct instructors or in a similar capacity

## III.   ARGUMENT

The Court should exercise its discretion and Apply FRBP 7023 to the Class Proof of Claim. This Circuit, along with the Third, Sixth, Ninth and Eleventh Circuits unequivocally allows class proofs of claim. *In re American Reserve Corp., supra,* 840 F.2d 487; *In re Spring Ford, Industries, Inc.,* 2004 WL 231010 at *2 (Bankr. E.D. Pa. Jan 20, 2004) ("the Debtor concedes the overwhelming majority view that such claims are permissible in a bankruptcy case."), citing *In re American Reserve Corp. See also In re Charter Co.,* 876 F.2d 866 (11th Cir. 1989); *In re Birting Fisheries, Inc.,* 92 F.3d 939, 940 (9th Cir. 1996); *Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir. 1989); *In re First Interregional Equity Corp.,* 227 B.R. 358 (Bankr. N.J. 1998); *In re First Alliance Mortgage Corp.,* 269 B.R. 428, 446 (C.D. Cal. 2001); *Barnett v. Jamesway Corp (In re Jamesway Corp.),* 1997 WL 327105 at *6 (Bankr. S.D.N.Y. June 12, 1997) (discussing instances where a class proof of claim can further "the important bankruptcy goals of martialing and addressing all claims against the Debtor in a single centralized proceeding").

The Bankruptcy Rules and case law are less than clear as to the process for asserting a class claim or for seeking an order of the Court directing FRBP 7023's applicability to the claims filing stage. Based upon *American Reserve,* it would appear that the applicability of FRBP 7023 may be determined if and when an objection has been asserted to the class claim filed. *See American Reserve,* 840 F.2d at 487 ("The Huddlestons then filed a proof of claim in American

---

[2] Copies of ITT's removal papers are attached as Exhibit 2 to the Attachment to the Class Proof of Claim.

Reserve's bankruptcy on behalf of themselves as well as all members of the class . . . . American Reserve's trustee contested the representative claim[.]"). Nonetheless, out of an abundance of caution, the putative Representative Claimants now seek application of FRBP 7023 pursuant to FRBP 9014, expressly directing FRBP 7023 to be applicable to the "claims filing stage" and throughout these cases.

The goal of the Bankruptcy Code is to provide "that all legal obligations of the Debtor, no matter how remote or contingent, will be able to be dealt with in bankruptcy court so as to permit the broadest possible relief in the bankruptcy court." *In re Charter Company,* 876 F.2d 866, 870 (11th Cir. 1989). Although the right to a class action is not automatic, bankruptcy courts have granted class certification in a case where the common core of operative facts is the same for all claimants. *In re ABMD Ltd.,* 439 B.R. 475, 490 (Bankr. S.D. Ohio 2010) (granting class certification in WARN action); *In re Bill Heard Enterprises Inc.,* 400 B.R. 795, 801 (Bankr. N.D. Ala. 2009) (same); *In re Protected Vehicles, Inc.,* 397 B.R. 339, 346 (Bankr. D.S.C. 2008) (same).

Here, the common core of operative facts is the same for all claimants. Putative Representative Claimants' Class Proof of Claim is brought as a result of ITT's violation of the above-referenced Labor Code provisions, except Labor Code §§ 2698 *et seq.*, which is the subject of a separate proof of claim on behalf of the State of California, and IWC Wage Order No. 4-2001 and seeks to recover appropriate relief to remedy these violations. Putative Representative Claimants were employed by ITT's at its California campuses as adjunct instructors and were non-exempt employees entitled to certain protections under the California Labor Code. Representative Claimants bring their action individually and on behalf of all other similarly situated adjunct instructors employed by ITT in California between January 12, 2012 to September 6, 2016. Representative Claimants seek damages in the amounts specified in the Class Proof of Claim.

Pursuant to FRBP 3002, the Representative Claimants filed a Class Proof of Claim contemporaneously with this Motion. The Class Proof of Claim asserts claims on behalf of Representative Claimants and on behalf of those similarly situated.

## IV.    CONCLUSION

Accordingly, the Representative Claimants respectfully request that pursuant to FRBP 9014, this Court apply FRBP 7023 to the Class Proof of Claim and grant class certification.

Dated: September 29, 2016

> By:     _/s/ Julian A. Hammond_____
> Julian A. Hammond
> HammondLaw, P.C.
> 1829 Reisterstown Rd., Suite 410
> Baltimore, MD 21208
> (310) 601-6766
> (310) 295-2385
> jhammond@hammondlawpc.com
>
> *Attorneys for the Representative Claimants and putative Class*

UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | CHAPTER 7 |
| ITT EDUCATION SERVICES, INC. | ) ) ) | Case No. 16-07207-7A |
| Debtor. | ) ) ) ) |  |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on September 29, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

    **Kay Dee Baird**    kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
    **Michael I. Baird**    baird.michael@pbgc.gov, efile@pbgc.gov
    **Ashley Flynn Bartram**    ashley.bartram@oag.texas.gov, elizabeth.martin@oag.texas.gov
    **Richard James Bernard**    rbernard@foley.com
    **Joan Ligocki Blackwell**    joan.blackwell@btlaw.com
    **Kayla D. Britton**    kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
    **Deborah Caruso**    dcaruso@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
    **Deborah J. Caruso**    trusteecaruso@rubin-levin.net, DJC@trustesolutions.net;mcruser@rubin-levin.net
    **Sonia A. Chae**    chaes@sec.gov
    **Michael Edward Collins**    mcollins@manierherod.com
    **David H DeCelles**    david.h.decelles@usdoj.gov
    **Dustin R. DeNeal**    dustin.deneal@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
    **Abby Engen**    aengen@nmag.gov
    **Charles Anthony Ercole**    cercole@klehr.com
    **Andrew W Ferich**    awf@chimicles.com
    **Lydia Eve French**    lydia.french@state.ma.us

**Julian Ari Hammond**   Jhammond@hammondlawpc.com, ppecherskaya@hammondlawpc.com
**Adam Craig Harris**   adam.harris@srz.com
**Michael W. Hile**   mhile@jacobsonhile.com, badams@jacobsonhile.com
**John C. Hoard**   johnh@rubin-levin.net, marie@rubin-levin.net;atty_jch@trustesolutions.com
**Jeffrey A Hokanson**   jhokanson@fbtlaw.com, tacton@fbtlaw.com;jhokanson@ecf.inforuptcy.com
**Jeffrey L Hunter**   jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov;denise.woody@usdoj.gov;kristie.baker@usdoj.gov
**James C Jacobsen**   jjacobsen@nmag.gov, eheltman@nmag.gov
**Christine K. Jacobson**   cjacobson@jacobsonhile.com, cjacobson@ecf.inforuptcy.com;badams@jacobsonhile.com
**Jay Jaffe**   jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
**Benjamin F Johns**   bfj@chimicles.com, klw@chimicles.com
**Anthony R. Jost**   tjost@rbelaw.com, baldous@rbelaw.com
**Taejin Kim**   tae.kim@srz.com
**Edward M King**   tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
**Lawrence Joel Kotler**   ljkotler@duanemorris.com
**Jerrold Scott Kulback**   jkulback@archerlaw.com
**Donald D Levenhagen**   dlevenhagen@landmanbeatty.com
**Jeff J. Marwil**   jmarwil@proskauer.com, npetrov@proskauer.com;pyoung@proskauer.com;jwebb@proskauer.com
**Michael K. McCrory**   mmccrory@btlaw.com, bankruptcyindy@btlaw.com
**Ronald J. Moore**   Ronald.Moore@usdoj.gov
**Hal F Morris**   hal.morris@oag.texas.gov
**Kevin Alonzo Morrissey**   kmorrissey@lewis-kappes.com, JMcAlpin@lewis-kappes.com;leckert@lewis-kappes.com;KTinsley@lewis-kappes.com
**Whitney L Mosby**   wmosby@bgdlegal.com, floyd@bgdlegal.com
**C Daniel Motsinger**   cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;lsmalley@kdlegal.com
**Lee Duck Moylan**   lmoylan@klehr.com
**Alissa M. Nann**   anann@foley.com
**Jack A Raisner**   jar@outtengolden.com
**Jonathan Hjalmer Reischl**   jonathan.reischl@cfpb.gov
**James E Rossow**   jim@rubin-levin.net, ATTY_JER@trustesolutions.com;robin@rubin-levin.net;lisa@rubin-levin.net

**Rene Sara Roupinian**  rsr@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;rmasubuchi@outtengolden.com;rfisher@outtengolden.com;gl@outtengolden.com
**Joseph Michael Sanders**  jsanders@atg.state.il.us
**Thomas C Scherer**  tscherer@bgdlegal.com, rjenkins@bgdlegal.com
**Lauren C. Sorrell**  lsorrell@kdlegal.com
**Jonathan David Sundheimer**  jsundheimer@btlaw.com
**Meredith R. Theisen**  mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
**Jessica L Titler**  jt@chimicles.com
**Ronald M. Tucker**  rtucker@simon.com, cmartin@simon.com,bankruptcy@simon.com
**U.S. Trustee**  ustpregion10.in.ecf@usdoj.gov
**Sally E Veghte**  sveghte@klehr.com
**Michael Benton Willey**  michael.willey@ag.tn.gov

The undersigned further certifies that on September 29, 2016, a copy of the foregoing was mailed by first-class U.S. mail, postage prepaid and properly addressed, to the following:

**Eboney Cobb**
Perdue Brandon Fielder Collins Mott LLP
500 E Border Street Suite 640
Arlington, TX 76010

**Alan M Grochal**
100 East Pratt Street 26th Floor
Baltimore, MD 21202

**ITT Educational Services, Inc.**
13000 N. Meridian Street
Carmel, IN 46032-1404

**Paul Weiser Esq.**
Bachalter Nemer
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

**Elizabeth Weller**
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

Dated: September 29, 2016

Respectfully submitted:

  /s/ Julian A. Hammond
Julian Ari Hammond*
HammondLaw, PC
jhammond@hammondlawpc.com
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
(443) 739-5758
(310) 295-2385


*Motion to appear pro hac vice granted at docket no. 50*