## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

In re:

ITT EDUCATIONAL SERVICES, INC.,

               Debtor.

Chapter 7

Case No. 16-07207-JMC-7A

## MOTION OF STUDENT CU CONNECT CUSO, LLC
## TO FILE UNDER SEAL ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Student CU Connect CUSO, LLC (the "CUSO"), by and through its undersigned counsel, Foley & Lardner LLP, respectfully requests the entry of an order pursuant to section 107(c) of title 11 of the United States Code ("Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 5.2(e) of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 5-11 of the Local Rules of the United States District Court for the Southern District of Indiana ("District Court Local Rules"), authorizing the CUSO (i) to redact certain portions of its motion for relief from the automatic stay (the "Stay Relief Motion"), and (ii) to file an unredacted version of the Stay Relief Motion under seal.  In support of this motion (the "Sealing Motion"), the CUSO respectfully states as follows:

### JURISDICTION & VENUE

1.      This Court has jurisdiction to consider this Sealing Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

2.      On September 16, 2016 (the "Petition Date"), ITT Educational Services, Inc., the above-referenced debtor (the "Debtor"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  A chapter 7 trustee was appointed on the Petition Date.

3.      The Debtor operated for-profit institutions offering technology-oriented undergraduate and graduate degree programs in the United States.  As of June 30, 2016, the Debtor had over 130 locations in 39 states offering on-campus and online master, bachelor and associate degree programs to 40,000 students.   The Debtor permanently closed its campuses on September 6, 2016 and ceased all operations on the Petition Date.

4.      The CUSO is a Delaware limited liability company operating as a credit union service organization and the owner of certain private student loans extended over a period of years to certain of the Debtor's students to help them to fund their tuition and fees at the Debtor's educational institutions.

5.      In February of 2009, the CUSO entered into a loan program with the Debtor (and its subsidiaries and affiliates), by and through various agreements (the "Loan Program Agreements").  The CUSO currently estimates that the Debtor's obligations to the CUSO under the Loan Program Agreements exceed $157 million, plus the CUSO's attorneys' fees and costs (the "Obligation").  The Obligation is partially secured.

6.      By the Stay Relief Motion, the CUSO is seeking relief from the automatic stay so that it may (a) release its collateral – approximately $8.8 million in a deposit account under the control of the CUSO – to itself, and (b) continue certain ongoing recoupment, as expressly authorized by the Loan Program Agreements.

7.      The Loan Program Agreements contain certain confidentiality provisions agreed to by the CUSO and the Debtor, including the requirement that "all information related to the

2

structure of and the terms of any [Loan Program Agreement]" must be kept confidential. *See, e.g.,* Risk Sharing Agreement between the CUSO and the Debtor, dated as of February 20, 2009, a copy of which is annexed as Exhibit A to the Stay Relief Motion, at Schedule A ("Confidential Information" definition) and Section 8.1. The Stay Relief Motion incorporates much confidential material, as it includes passages that explain in detail the Loan Program Agreements and references specific provisions of same; further, several of the Loan Program Agreements are attached as exhibits thereto (collectively, the "Confidential Material").

## RELIEF REQUESTED

8.      The CUSO seeks authority to file a redacted version of the Stay Relief Motion, redacting all Confidential Material (including references to specific provisions of the Loan Program Agreements, discussion regarding such provisions, and the Loan Program Agreement exhibits), and to file an unredacted version of the Stay Relief Motion under seal. The CUSO also requests permission to continue to file redacted versions of further pleadings and documents (if any) that contain Confidential Material, pursuant to Local Rule 5-11(d)(2)(B).

## BASIS FOR RELIEF REQUESTED

9.      Section 107(b) of the Bankruptcy Code provides that a "bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). If the material sought to be protected satisfies one of the categories identified in section 107(b), then "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). *See also Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 430 (9th Cir. 2011) (section 107 "eliminates a court's discretion by making it mandatory for a court to protect documents falling into one of the enumerated exceptions.").

3

10.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may

seek an order protecting the disclosure of confidential information.  Bankruptcy Rule 9018

provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . or (3) to
> protect governmental matters that are made confidential by statute
> of regulation.

Fed. R. Bankr. P. 9018.

11.     Federal Rule 5.2(e) authorizes this Court, for good cause, to order the redaction of

information.  Fed. R. Civ. P. 5.2(e)(1).

12.     District Court Local Rule 5-11(d) sets forth the procedure for filing documents

under seal in the Southern District of Indiana.  Specifically, District Court Local Rule 5-11(d)

requires the filing party, among other things, (i) to file a motion to maintain the document under

seal and (ii) to file publicly a redacted version of the pleading.

13.     This Court has broad authority to issue a protective order under Bankruptcy Rule

9018.  *See In re Global Crossing Ltd*., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the

requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any

order which justice requires.'  The Court notes that the authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests

of justice.").

14.     Given that the Loan Program Agreements contain confidential commercial

material and are governed by confidentiality provisions agreed to by the parties, and that the

Confidential Material in the Stay Relief Motion incorporates extensive information related to the

structure and terms of the Loan Program Agreements – and thus, squarely within those

4

confidentiality agreements – the Confidential Material clearly includes material protected by

Bankruptcy Code Section 107(b).  Therefore, because the Confidential Material is "of the type

listed in section 107(b)," this Court should grant this Sealing Motion and permit the CUSO to

file publicly only a redacted version of the Stay Relief Motion, and to file under seal the

unredacted version thereof.

15.     By permitting the redacted filing, the Court will enable the CUSO and the Debtor

to avoid any concern regarding release of confidential information, and any violation of the

Program Loan Documents.

**<u>NOTICE</u>**

16.     The CUSO will serve notice of this Sealing Motion on: (a) the chapter 7 trustee;

(b) counsel to chapter 7 trustee; (c) counsel to the Debtor; (d) the office of the U.S. Trustee;

and (e) all other parties requesting notice in this chapter 7 case pursuant to Bankruptcy Rule

2002.  The CUSO submits that no other or further notice need be provided.

**<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the CUSO respectfully requests that this Court

grant the Sealing Motion and enter an order, substantially in the form of proposed order attached

hereto as <u>Exhibit A</u>, (a) authorizing the CUSO (i) to file an unredacted version of the Stay Relief

Motion under seal, and (ii) to file publicly only a redacted version of the Stay Relief Motion, and

(b) granting any other relief as is just and proper.

5

Dated: October 3, 2016                    FOLEY & LARDNER LLP


                                          */s/ Alissa M. Nann*
                                          Alissa M. Nann
                                          Richard J. Bernard
                                          FOLEY & LARDNER LLP
                                          90 Park Avenue
                                          New York, New York  10016
                                          T:  (212) 682-7474
                                          F:  (212) 687-2329
                                          E: anann@foley.com
                                          E: rbernard@foley.com

6