UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 366
(i) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (ii) EFFECTING TEMPORARY "BRIDGE" RELIEF, (iii) APPROVING ADEQUATE ASSURANCES OF PAYMENT FOR FUTURE SERVICES; (iv) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT BY UTILITIES; and (v) AUTHORIZING TRUSTEE TO CONTINUE
TO MAKE UTILITY PAYMENTS WITHOUT ASSUMPTION OF AGREEMENTS**

Deborah J. Caruso, as the chapter 7 trustee in these cases (the "Trustee"), by counsel, pursuant to §§ 105(a), 366(a), and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby moves the Court for entry of an Order (i) prohibiting utility companies currently providing services, or which will provide services, to the Affiliated Debtors (as defined below) from altering, refusing or discontinuing services to, or discriminating against the Affiliated Debtors; (ii) for emergency temporary "bridge" relief; (iii) approving proposed adequate assurance of payment for future services; (iv) establishing procedures for determining requests for additional assurance of payment from utility companies; and (v) authorizing the Trustee to continue to make utility payments without assumption of agreements.

In support of this Motion (the "Motion"), the Trustee represents:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested are §§ 105(a), 366(a), and 507 of the Bankruptcy Code.

## I. GENERAL BACKGROUND

4. On September 16, 2016 (the "Petition Date"), ITT Educational Services, Inc. ("ITT"), ESI Service Corp. ("ESI") and Daniel Webster College, Inc. ("Webster College," and together with ITT and ESI, the "Affiliated Debtors.) filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

5. The Trustee was appointed as chapter 7 trustee in each of the Affiliated Debtors' bankruptcy cases on the Petition Date pursuant to section 701(a)(1) of the Bankruptcy Code.

6. By Order dated October 4, 2016, the individual bankruptcy cases of the Affiliated Debtors were consolidated for purposes of joint administration pursuant to 11 U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule B-1015-1.

7. Prior to the Petition Date, the Affiliated Debtors as a whole were engaged in the for-profit enterprise of providing postsecondary degree programs in 137 campus locations in 39 states and through online services. Due to adverse decisions by regulators and a cash sweep by the Debtors' prepetition secured lender, the Debtors experienced a precipitous liquidity crunch that resulted in the cessation of virtually all operations and the filing of the chapter 7 cases. At

the same time, the Affiliated Debtors lost certification to participate in Federal Student Aid programs under Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 et. seq. ("Title IV").

8.    Pursuant to 11 U.S.C. § 704, the Trustee is required to investigate the financial affairs of the Affiliated Debtors, to collect and reduce to money all property of the estate, and to be accountable for all property received. In furtherance of her duties, the Trustee has begun the important task of marshalling, protecting, and preserving the assets of the estates. The Trustee's task is a Herculean one - the Trustee anticipates the Affiliated Debtors have nearly 200,000 creditors, including the approximately 40,000 students who were enrolled in the Affiliated Debtors' academic programs on the Petition Date.

9.    Unlike other for-profit education bankruptcy cases, in this case there is no debtor in possession - the Trustee was appointed to oversee the estates of the Debtors. The ability for the Trustee to marshall and preserve estate assets is especially important in these cases as, notwithstanding the chapter 7 nature, the Trustee anticipates there may be a meaningful recovery for unsecured creditors. The estate property consists primarily of real estate holdings and accounts receivable, as well as hundreds of thousands of documents, including student records. And with only 5 employees of ITT remaining as of the Petition Date, much is being asked of too few people. The assets and property of the estates (collectively, the "Estate Property") are widespread, located throughout the nearly 140 locations where the Debtors operated.

10.    Prior to the Petition Date, at each of the many locations, the Affiliated Debtors used water, electric, cable and other utility services provided by various companies (the "Utility Companies") in the operation of their business. A listing of the Utility Companies for all Debtor

locations is set forth in the schedule attached as Exhibit "A" ("Debtors' Utility Companies"). Utility companies providing services to the Debtors' owned locations are set forth on Exhibit "B" ("Owned Location Utility Companies")[2].

11. Although the Affiliated Debtors are no longer providing educational services to students, performance of the Trustee's duties requires that utility services continue to be provided by the Debtors' Utility Companies for all locations for some period of time to allow the Trustee and her representatives to remove records and personal property from the various leased and owned locations, to evaluate and secure Estate Property, and to otherwise perform the Trustee's duties under the Bankruptcy Code. An interruption of such utility service would severely disrupt the Trustee's performance of her duties and the liquidation of the Affiliated Debtors' property, to the detriment of all creditors. Such duties include record retention and accounting functions required by Title IV and the regulations, which must be promptly performed after participation in the Title IV programs ceases in order to avoid incurring liability for substantial fines.

12. The Trustee anticipates that a substantial number of the Affiliated Debtors' locations will not need utility services beyond approximately the end of the current month.

13. The Trustee is seeking sufficient funds in the Affiliated Debtors' estates to make immediate and ongoing required post-petition payments with respect to Owned Location Utility Companies. At present, the funds on hand total approximately $1,400,000, representing collections held by the Affiliated Debtors and turned over to the Trustee shortly after the Petition Date and additional funds received by the Trustee. The remaining utilities who have provided

---

[2] Time did not allow the Trustee to create a list of Leased Location Utility Companies, however, this list will be submitted in a subsequent submission.

utility services to the Debtors ("Leased Location Utility Companies") will be provided adequate assurance of payments as more fully described below.

14. The Affiliated Debtors' principal secured creditor, Cerberus Business Finance, LLC ("Cerberus") is in agreement with the need to maintain utility service to permit the Trustee to perform her duties in the near and long term. In this regard, on September 28, 2016, the Trustee filed a *Trustee's Motion for Interim and Final Orders (i) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (ii) Granting Adequate Protection to Prepetition Lender Pursuant to 11 U.S. § 361; and (iii) Granting Related Relief* ("Cash Use Motion"), reciting Cerberus' agreement with a proposed interim budget providing for the anticipated utility expense.

15. The Trustee will soon file a motion to reject real property leases that will provide for rejection of most real property leases no later than October 31, 2016.

16. In addition, the Trustee is negotiating a borrowing facility from the first secured lender, Cerberus, in order to fund the liquidation process and administration of the estate.

17. Consequently, to the extent utility payments cannot be made from available cash, the utility companies will be provided an administrative expense priority and payments shall be made from future liquidation proceeds.

18. As stated in the Cash Use Motion, Cerberus acknowledges that the value of its collateral greatly exceeds its claim. The Affiliated Debtors project the aggregate value of their real estate, personal property and receivables is generally is between $70 million and $125 million, the vast majority of which is in the real estate holdings. Therefore, payments of accruing utilities shall be paid from proceeds, borrowings and liquidation proceeds.

## II. RELIEF REQUESTED AND LEGAL BASIS FOR RELIEF

**A.  The Court Should Order that Administrative Priority for Post-Petition Obligations is "Adequate Assurance" of Payment under the Facts of this Case**

19.  Section 366 of the Bankruptcy Code prohibits utilities from altering, refusing or discontinuing service to, or discriminating against, a debtor solely on the basis of the commencement of a case under title 11 or on account of unpaid prepetition invoices.  Pursuant to § 366(b) of the Bankruptcy Code further provides that a utility may alter, refuse, or discontinue service if, during the twenty (20) day period following the petition date, the utility does not receive "adequate assurance of payment" for future services.

20.  Although § 366 does not define what may constitute " adequate assurance of payment" in a Chapter 7 case,[3] the Trustee submits that in the circumstances of the present case, the administrative expense priority accorded to the Utility Companies under Bankruptcy Code §§ 503(b) and 507(a)(1), in light of the Affiliated Debtors' cash on hand and cash collateral budget (the "Proposed Adequate Assurance"), is sufficient to adequately assure payment to providers of utility services.  The estate has, and should continue to have, sufficient funds to make timely payments of immediate post-petition obligations of the Owned Location Utility Companies.  Of course, under Bankruptcy Code § 503(b)(1)(A), post-petition utility charges must be considered actual and necessary expenses of administration, and are therefore entitled to priority under Bankruptcy Code § 507(a)(1).

21.  The issue of whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case.  *In re Woodland Corp.,* 48

---

[3] The provisions of subsection (c) describing various types of adequate assurance of payment of is expressly limited to Chapter 11 cases.

6

B.R. 623, 625 (Bankr. D.N.M. 1985). It is clear, however, that Bankruptcy Code § 366 only requires that assurance of payment be "adequate" – it does not require an *absolute guarantee* of the estate's ability to pay. *In re Great Atlantic & Pacific Tea Co., Inc.,* 2011 WL 5546954, *6 (Bankr. S.D.N.Y. Nov.14, 2011); *see also In re Caldor, Inc.,* 199 B.R. 1, 3 (S.D.N.Y 1996), *aff'd sub. nom., Va. Elec. & Power Co., et al. v. Caldor, Inc.-NY, et al.,* 117 F.3d 646, 650 (2d Cir. 1997); *In re Crystal Cathedral Ministries,* 454 B.R. 124, 128-29 (C.D. Cal. 2011). Additional authority for the relief requested herein is found in § 105(a) of the Bankruptcy Code, as the Adequate Assurance Deposit and the Adequate Assurance Procedures described herein are reasonable, necessary and further the objective of preserving and maximizing the value of Estate Property.

22. It is within the Court's discretion to determine the adequacy of assurance of payment based on the totality of the circumstances and a balancing of "the utility provider's need to be free from unreasonable risk of nonpayment and the debtor's scarce financial resources during bankruptcy." *Great Atlantic,* 2011 WL 5546954, at *5 (*citing In re Adelphia Bus. Solutions, Inc.,* 280 B.R. 63, 81 (Bankr. S.D.N.Y. 2002)). Here, the availability of cash on hand and an agreed cash collateral budget should provide for utility payments to Owned Location Utility Companies. The existence of sufficient equity in real estate and other property makes an administrative claim an adequate assurance of payment for Leased Location Utility Companies.

  **B.**  **A Bridge Order is Essential to Prevent Irreparable Harm**

23. Given the extraordinary size and complexity of the present case, and the press of other urgent matters, including negotiation of the above-mentioned cash collateral order and budget providing for payment of near term utilities, and retention of professionals and personnel

7

to perform time-sensitive Title IV reporting requirements, the Trustee and her counsel were unable to compile the list of Utility Companies and their addresses until very shortly before the filing of this Motion, and it was not possible to send prior notice of the initial presentment of this Motion to all Utility Companies.

24.     Accordingly, the Trustee is also requesting, on an emergency basis, that the Court enter a "Bridge Order," in the form attached hereto as Exhibit C, to protect the estate during the period in which the Utility Companies are notified of this Motion and given an opportunity to respond. As set forth in the proposed Bridge Order, a Utility Company served with a copy of the Bridge Order would be prohibited from terminating service or demanding deposit as a condition of continued services.  Copies of both this Motion and the proposed Bridge Order will be served upon them, by fax or by U.S. Mail, immediately upon entry of that Bridge Order.

25.     Under Federal Rule of Bankruptcy Procedure 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to the Affiliated Debtors and their estates, and relief on an interim basis is therefore appropriate under Federal Rule of Bankruptcy Procedure 6003.

26.     The urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, the Trustee requests that the Court waive the notice requirements under Federal Rule of Bankruptcy Procedure 6004(a), if applicable, and the 14-day

stay of an order authorizing the use, sale, or lease of property under Federal Rule of Bankruptcy Procedure 6004(h).

27. The Trustee requests that this matter be heard on an emergency basis, in order to avoid an inadvertent lapse of the Debtor's or any party's rights, pending a hearing.

### C. The Court Should Approve the Adequate Assurance Procedures

28. To the extent a Utility Provider believes that the Proposed Adequate Assurance is not a satisfactory adequate assurance of payment, the Trustee requests enter the Order attached hereto as Exhibit "D" (the "Adequate Assurance Procedures Order") providing that such Utility Provider be required to follow streamlined procedures (the "Adequate Assurance Procedures"), which the Trustee believes balances the needs of all parties, yet still affords all of the Utility Companies the full extent of their rights. The proposed Adequate Assurance Procedures are:

a. Any Utility Provider desiring assurance of future payment for Utility Service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Trustee **on or before 20 days following service of an the Adequate Procedures Order** upon Trustee Deborah J. Caruso and her counsel, Rubin & Levin, P.C. at the following address: Rubin & Levin, P.C., 135 N. Pennsylvania St., Suite 1400, Indianapolis, IN 46204;

b. Any Additional Assurance Request must: (i) be made in writing, (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider, (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s), (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Provider and (v) explain why the requesting Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment;

c. Upon the Trustee's receipt of an Additional Assurance Request at the address set forth above, the Trustee shall have 60 days from the date of receipt of such request (collectively, the "Resolution Period") to negotiate with the requesting Utility Provider to resolve its Additional Assurance Request. The Trustee and the applicable Utility Provider also may agree to extend the Resolution Period;

    d. The Trustee, in its discretion, following any necessary consultation with the Affiliated Debtors' secured lenders, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Provider and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Provider with additional assurance of future payment in a form satisfactory to the Utility Provider, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Trustee believes such additional assurance is reasonable. The Trustee may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Provider to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Trustee and the affected Utility Provider;

    e. If the Trustee determines that an Additional Assurance Request is not reasonable or is not able to resolve such request during the Resolution Period, the Trustee, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to § 366 of the Bankruptcy Code;

    f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Provider making such request shall be restrained from discontinuing, altering or refusing service to the Affiliated Debtors on account of unpaid charges for prepetition services, the commencement of the chapter 11 case, or any objection to the Adequate Assurance Deposit, or requiring the Affiliated Debtors to furnish any additional deposit or other security for the continued provision of services;

    g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request.

### D. Amendments to the Utilities Services Lists

29. Although the Trustee has used her best efforts to include all Utility Providers in Exhibits "A" and "B," it is possible that one or more Utility Providers may have been inadvertently omitted. Accordingly, the Trustee requests authority, without further Order of the Court, to supplement the list of Utility Providers to include any omitted Utility Provider. If the Trustee supplements the list of Utility Providers subsequent to the filing of this Motion, the Trustee will promptly serve a copy of this Motion and the Bridge Order on any Utility Provider that is added to the list by such supplement. Furthermore, the Trustee shall also file with the

Court a supplemental Exhibit "A" adding the name of the Utility Provider so served. The added Utility Provider shall have twenty (20) days from the date of service of this Motion, the Bridge Order, and Adequate Assurance Procedures Order if one has been entered to make an Additional Assurance Request. If an Additional Assurance Request is made, the Utility Provider shall be required to abide by the procedures set forth in any Adequate Assurance Procedures Order if one has been entered.

### III. RESERVATION OF RIGHTS

30. Nothing contained in this Motion is an admission of the validity of any claim against the Affiliated Debtors' estates, a waiver of the Trustee's or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code § 365. If this Court grants the relief requested in this Motion, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any particular claim or a waiver of the Trustee's rights to subsequently dispute such claim.

WHEREFORE, the Trustee respectfully requests that the Court: enter an Order:

(a) enter the Bridge Order attached hereto as Exhibit "C," prohibiting utilities from altering, refusing or discontinuing services on account of pre-petition (unpaid) invoices;

(b) enter the Order attached hereto as Exhibit "D" approving the Adequate Assurance Procedures, and determining that the administrative claim proposed herein shall be deemed to constitute adequate assurances of future payment, except as may be provided in a subsequent order under the Adequate Assurance Procedures with respect to any Utility Company which files a request for additional adequate assurance;

    (c)    authorize the Trustee to continue to make utility payments without assuming agreements; and

    (d)    granting such other and further relief as the court deems proper.

> Respectfully submitted,
>
> Proposed counsel to the Trustee
> RUBIN & LEVIN, P.C.
>
> By: */s/ John C. Hoard*
>     John C. Hoard
>
> Deborah J. Caruso (Atty. No. 4273-49)
> John C. Hoard (Atty. No. 8024-49)
> James E. Rossow Jr. (Atty. No. 21063-29)
> Meredith R. Theisen (Atty. No. 28804-49)
> RUBIN & LEVIN, P.C.
> 135 N. Pennsylvania Street, Suite 1400
> Indianapolis, Indiana 46204
> Tel: (317) 634-0300
> Fax: (317) 263-9411
> Email:  dcaruso@rubin-levin.net
>             johnh@rubin-levin.net
>             jim@rubin-levin.net
>             mtheisen@rubin-levin.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2016, a copy of the foregoing *Trustee's Motion for Entry of an Order Under 11 U.S.C. § 366 (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services; (ii) Effecting Temporary "Bridge" Relief; (iii) Approving Adequate Assurance of Payment for Future Services; (iv) Establishing Procedures for Determining Requests for Additional Adequate Assurance of Payment by Utilities; and (v) Authorizing Trustee to Continue Making Utility Payments Without Assumption of Agreements* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Scott S. Anders   scott.anders@jordanramis.com, litparalegal@jordanramis.com
Kay Dee Baird   kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
Michael I. Baird   baird.michael@pbgc.gov, efile@pbgc.gov
Ashley Flynn Bartram   ashley.bartram@oag.texas.gov, elizabeth.martin@oag.texas.gov

Richard James Bernard   rbernard@foley.com
Joan Ligocki Blackwell   joan.blackwell@btlaw.com
Kayla D. Britton   kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
Deborah Caruso   dcaruso@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
Deborah J. Caruso   trusteecaruso@rubin-levin.net, DJC@trustesolutions.net;mcruser@rubin-levin.net
Joshua W. Casselman   jcasselman@rubin-levin.net, angie@rubin-levin.net
Sonia A. Chae   chaes@sec.gov
Michael Edward Collins   mcollins@manierherod.com
Heather M. Crockett   Heather.Crockett@atg.in.gov, kelly.stclair@atg.in.gov
David H DeCelles   david.h.decelles@usdoj.gov
Dustin R. DeNeal   dustin.deneal@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
Laura A DuVall   Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Abby Engen   aengen@nmag.gov
Charles Anthony Ercole   cercole@klehr.com, acollazo@klehr.com
Andrew W Ferich   awf@chimicles.com
Lydia Eve French   lydia.french@state.ma.us
Julian Ari Hammond   Jhammond@hammondlawpc.com, ppecherskaya@hammondlawpc.com
Adam Craig Harris   adam.harris@srz.com
Rocio Herrera   rocio@johnsonblumberg.com, bkecfnotices@johnsonblumberg.com
Michael W. Hile   mhile@jacobsonhile.com, badams@jacobsonhile.com
John C. Hoard   johnh@rubin-levin.net, marie@rubin-levin.net;atty_jch@trustesolutions.com
Jeffrey A Hokanson   jhokanson@fbtlaw.com, tacton@fbtlaw.com;jhokanson@ecf.inforuptcy.com
Jeffrey L Hunter   jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov;denise.woody@usdoj.gov;
kristie.baker@usdoj.gov
James C Jacobsen   jjacobsen@nmag.gov, eheltman@nmag.gov
Christine K. Jacobson   cjacobson@jacobsonhile.com, cjacobson@ecf.inforuptcy.com;badams@jacobsonhile.com
Jay Jaffe   jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
Benjamin F Johns   bfj@chimicles.com, klw@chimicles.com
Anthony R. Jost   tjost@rbelaw.com, baldous@rbelaw.com
Timothy Q. Karcher   tkarcher@proskauer.com
Taejin Kim   tae.kim@srz.com
Edward M King   tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
Lawrence Joel Kotler   ljkotler@duanemorris.com
Jerrold Scott Kulback   jkulback@archerlaw.com
Donald D Levenhagen   dlevenhagen@landmanbeatty.com
Melinda Hoover MacAnally   Melinda.MacAnally@atg.in.gov, kelly.stclair@atg.in.gov
Jeff J. Marwil   jmarwil@proskauer.com, npetrov@proskauer.com;pyoung@proskauer.com;jwebb@proskauer.com
Michael K. McCrory   mmccrory@btlaw.com, bankruptcyindy@btlaw.com
Robert W. Miller   rmiller@manierherod.com
Ronald J. Moore   Ronald.Moore@usdoj.gov
Hal F Morris   hal.morris@oag.texas.gov
Kevin Alonzo Morrissey   kmorrissey@lewis-kappes.com, JMcAlpin@lewis-kappes.com;leckert@lewis-kappes.com;KTinsley@lewis-kappes.com
Whitney L Mosby   wmosby@bgdlegal.com, floyd@bgdlegal.com
C Daniel Motsinger   cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;lsmalley@kdlegal.com
Lee Duck Moylan   lmoylan@klehr.com, acollazo@klehr.com
Alissa M. Nann   anann@foley.com
Jack A Raisner   jar@outtengolden.com

Jonathan Hjalmer Reischl    jonathan.reischl@cfpb.gov
James E Rossow    jim@rubin-levin.net, ATTY_JER@trustesolutions.com;robin@rubin-levin.net;lisa@rubin-levin.net
Rene Sara Roupinian    rsr@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;

rmasubuchi@outtengolden.com;rfisher@outtengolden.com;gl@outtengolden.com
Craig Damon Rust    craig.rust@doj.ca.gov, Kristine.orr@doj.ca.gov
Joseph Michael Sanders    jsanders@atg.state.il.us
Thomas C Scherer    tscherer@bgdlegal.com, rjenkins@bgdlegal.com
Lauren C. Sorrell    lsorrell@kdlegal.com
Jonathan David Sundheimer    jsundheimer@btlaw.com
Meredith R. Theisen    mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
Jessica L Titler    jt@chimicles.com
Ronald M. Tucker    rtucker@simon.com, cmartin@simon.com,bankruptcy@simon.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Sally E Veghte    sveghte@klehr.com, acollazo@klehr.com
Michael Benton Willey    michael.willey@ag.tn.gov

   I further certify that on October 4, 2016, a copy of the foregoing *Trustee's Motion for Entry of an Order Under 11 U.S.C. § 366 (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services; (ii) Effecting Temporary "Bridge" Relief; (iii) Approving Adequate Assurance of Payment for Future Services; (iv) Establishing Procedures for Determining Requests for Additional Adequate Assurance of Payment by Utilities; and (v) Authorizing Trustee to Continue Making Utility Payments Without Assumption of Agreements* was mailed by first-class U.S. Mail, postage prepaid, and properly address to the following:

Eboney Cobb
Perdue Brandon Fielder Collins Mott LLP
500 E Border Street Suite 640
Arlington, TX 76010

Alan M. Grochal
100 E Pratt St 26th Floor
Baltimore, MD 21202

Paul Weiser
Bachalter Nemer
16435 N Scottsdale Rd Ste 400
Scottsdale, AZ 85254

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Ste. 1000
Dallas, TX 75207

**All parties listed on Exhibit "A" to the Motion - "Debtors' Utility Companies"**

             */s/ John C. Hoard*
              John C. Hoard

G:\WP80\TRUSTEE\Caruso\ITT Educational - 86723901\Utility Motion\Utilities Motion.wpd