**SO ORDERED: October 4, 2016.**



**James M. Carr**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No.  16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 361, 363 AND 507
(i) AUTHORIZING THE USE OF CASH COLLATERAL, (ii) GRANTING ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, (iii) SCHEDULING A
FINAL HEARING, AND (iv) GRANTING RELATED RELIEF**

This matter is before the Court on the motion dated September 27, 2016 (the

"**Motion**")[2] of Deborah J. Caruso, the interim chapter 7 trustee (the "Trustee") for the above-

captioned debtors (each a "**Debtor**" and collectively, the "**Debtors**") in the above-referenced

chapter 7 cases (the "**Chapter 7 Cases**"), for entry of an interim order (this "**Interim Order**")

and a final order (the "**Final Order**"), pursuant to sections 361, 363, and 507 of title 11 of the

United States Code, 11 U.S,C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 4001

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are
ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

[2] All defined terms shall have the meaning ascribed to them in the Motion unless otherwise defined herein.

of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), seeking, among other things:

(a)    authorization for the Trustee's use of "Cash Collateral" (as such term is defined in section 363(a) of the Bankruptcy Code) of the Prepetition Secured Parties (as defined below)[3] on an interim basis, effective as of the date of the entry of this Interim Order through the earlier of (i) the occurrence of a Termination Date (as defined below) and (ii) the date of the Final Hearing (as defined below) (such period of time, the "**Interim Period**"), pursuant to the terms and conditions set forth in this Interim Order;

(b)    authorization to provide adequate protection, including the Adequate Protection Liens and the Superpriority Claims (each as defined herein), to the Prepetition Secured Parties (as defined herein) under that certain Financing Agreement, dated as of December 4, 2014 (as amended, restated, supplemented or otherwise modified from time to time and in effect on the date hereof, the "**Prepetition Loan Agreement**" and, together with all related credit and security documents, the "**Prepetition Loan Documents**"), by and among ITT Educational Services, Inc. ("**ITT**") as borrower, and ESI Service Corp. ("**ESI**") and Daniel Webster College, Inc. ("**DWC**"), as guarantors, the lenders from time to time party thereto (such lenders in such capacities, the "**Prepetition Lenders**"), and Cerberus Business Finance, LLC, as administrative agent and collateral agent (the "**Prepetition Agent**," and together with the Prepetition Lenders, the "**Prepetition Secured Parties**"), on account of the Trustee's use of Cash Collateral, the

---

[3] For the avoidance of doubt, this Interim Order shall not authorize the Trustee's use of Cash Collateral of any other party in interest, including (without limitation) any cash collateral in that certain deposit account located at JPMorgan Chase Bank, N.A., account number xxxxx8776.  Nor shall this Interim Order prejudice the interests of the Debtors' bankruptcy estates in and to any cash presently in the possession and/or control of any other entity or claims, rights and defenses against such entities, including funds in the aforementioned account, or such entity's claims, rights and defenses against Debtors, their estates or the subject funds.

imposition of the automatic stay imposed under section 362 of the Bankruptcy Code (the "**Automatic Stay**"), and to compensate the Prepetition Secured Parties for any diminution in the value of the interests of the Prepetition Secured Parties in the Prepetition Collateral (as defined herein), as more fully set forth in this Interim Order;

        (c)     subject to a Final Order, the waiver by the Trustee of (i) any right to surcharge against collateral pursuant to section 506(c) of the Bankruptcy Code and (ii) any rights under the "equities of the case" exception in section 552 of the Bankruptcy Code

        (d)     an emergency interim hearing (the "**Interim Hearing**") on the Motion for this Court to consider entry of this Interim Order;

        (e)     the scheduling of a final hearing (the "**Final Hearing**") on the Motion to consider entry of a Final Order authorizing the use of Cash Collateral on a final basis and approving the form of notice procedures with respect thereto; and

        (f)     waiver of any applicable stay (including under Bankruptcy Rules 4001 or 6004) and provision for immediate effectiveness of this Interim Order.

        This Court having held an interim hearing on October 4, 2016 (the "**Interim Hearing**") to consider the Motion and the relief requested therein, and after considering all of the pleadings filed with this Court, and after consideration of the evidence presented on the record at the Interim Hearing, and the Court having found that, under the circumstances, due and sufficient notice of the Motion and the Interim Hearing was provided by the Trustee in accordance with Bankruptcy Rule 4001(b)(1) and Local Rule B-4001-2; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtors' estates, their creditors, and all parties in interest, and is a sound and prudent exercise of the Trustee's business judgment, and is essential for the preservation of the value of the Debtors'

DOC ID - 25141227.2

assets; and after due deliberation and consideration, and good and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAWS:[4]**

A.       **Petition Date**.  On September 16, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief with this Court commencing the Chapter 7 Cases.  On September 16, 2016, the Office of the United States Trustee for the Southern District of Indiana (the "**U.S. Trustee**"), appointed the Trustee as the interim trustee in these Chapter 7 Cases.

B.       **Jurisdiction; Venue**.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief sought herein are sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 and Local Rule 4001-2.  Venue of the Chapter 7 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.       **Notice**.  The Interim Hearing is being held pursuant to the authorization of Bankruptcy Rule 4001.  Notice of the Interim Hearing and the emergency relief requested in the Motion was provided by the Trustee, whether by facsimile, electronic mail, overnight courier or hand delivery, on September 28, 2016, to certain parties in interest, including: (a) the U.S. Trustee, (b) Faegre Baker Daniels LLP, counsel to the Debtors, (c) Schulte Roth & Zabel LLP, counsel to the Prepetition Agent, (d) the Department of Education, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the United States Attorney for the

---

[4] Findings of fact shall be construed as conclusions of law, and conclusions of law be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

DOC ID - 25141227.2

Southern District of Indiana, (h) any other known parties holding liens, and (i) those parties entitled to notice pursuant to Bankruptcy Rule 2002. Under the circumstances, such notice of the Motion, the relief requested therein and the Interim Hearing complies with Bankruptcy Rule 4001 and the Local Rules.

      D.    **Prepetition Credit Facility**. The Prepetition Agent has alleged that, prior to the Petition Date, pursuant to the Prepetition Loan Documents, the Debtors granted to the Prepetition Agent for the benefit of itself and the Prepetition Lenders first priority valid, perfected and enforceable security interests (the "**Prepetition Liens**") on substantially all of the Debtors' assets, both tangible and intangible, real and personal, including, without limitation, accounts, chattel paper, deposit accounts (other than Excluded Accounts as defined in the Prepetition Loan Agreement), documents, general intangibles, goods, instruments, investment property, intellectual property, letter-of-credit rights and letters of credit, supporting obligations, and the proceeds and recoveries of the foregoing, all as specifically set forth in the Prepetition Loan Documents (the "**Prepetition Collateral**"). The Prepetition Agent has alleged that, as of the Petition Date, the Debtors, were truly and justly indebted to the Prepetition Secured Parties under the Prepetition Loan Documents, without defense, counterclaim or offset of any kind, in the aggregate principal amount of no less than $20,363,147.57 together with all accrued and unpaid interest (including default interest) with respect thereto and any additional fees, costs, expenses, and other obligations incurred in connection therewith (including any payment-in-kind obligations and any attorneys', financial advisors' and other professionals' fees and expenses that are chargeable or reimbursable under the Prepetition Loan Documents) now or hereafter due under the Prepetition Loan Documents.

E.     **Trustee's Stipulations with Respect to the Approved Budget**.

i.     Attached hereto as <u>Exhibit A</u> is a two-week cash-flow budget setting forth all projected cash receipts and cash disbursements (by line item) on a weekly basis (the "**Approved Budget**").   By October 13, 2016, the Trustee shall furnish to the Prepetition Agent, in form and substance reasonably satisfactory to the Prepetition Agent, an updated budget for the succeeding period through November 2, 2016, which update, when approved by the Prepetition Agent in its sole and absolute discretion, shall thereafter become the Approved Budget.  Notwithstanding the foregoing, the Trustee and the Prepetition Agent may amend the Approved Budget from time to time without further order of this Court.

ii.    Not later than 5:00 p.m. (prevailing Eastern time) on the Thursday of each week commencing on October 13, 2016, the Trustee shall furnish to the Prepetition Agent, in form and substance reasonably satisfactory to the Prepetition Agent, a report (the "**Budget Compliance Report**") that sets forth, on a cumulative, weekly roll-forward basis through the end of the immediately preceding week, a comparison of the (a) actual cash receipts to the projected cash receipts, and (b) actual cash disbursements to the projected cash disbursements, each as set forth in the Approved Budget for such period, together with a representation by the Trustee or the Trustee's representative submitting such Budget Compliance Report that no Material Budget Deviation has occurred.   For purposes of this Interim Order, the term "Material Budget Deviation" shall mean actual cash disbursements, in the aggregate, exceeding one hundred fifteen percent (115%) of the amount projected in the Approved Budget.  Compliance with the Approved Budget (i.e., a determination of whether a Material Budget Deviation has occurred) shall be tested (I) for the first two weeks on a cumulative basis, (II) for the first three weeks on a cumulative basis, and (III) on a rolling four-week cumulative basis thereafter.  The Trustee hereby confirms, acknowledges and agrees that, unless waived in writing by the Prepetition Agent, (i) the occurrence of a Material Budget Deviation shall constitute a material deviation from the Approved Budget and an Event of Default, and (ii) the failure to timely deliver any Budget Compliance Report shall constitute an Event of Default.  The Prepetition Secured Parties are relying upon the Trustee's delivery of, and compliance with, the Approved Budget in determining to consent to the use of Cash Collateral.  If the Trustee has any reason to believe that a Material Budget Deviation has occurred or will occur, the Trustee shall promptly notify the Prepetition Agent.

iii.   The Approved Budget is an integral part of this Interim Order and has been relied upon by the Prepetition Agent and the Prepetition Lenders in consenting to this Interim Order and the use of the Cash Collateral.  The Trustee represents that the Approved Budget (a) includes and contains the Trustee's estimate of receipts and all anticipated disbursements, fees, costs

6

and other expenses that will be payable during the period covered by the Approved Budget, and (b) based on the Trustee's projection, is achievable and will allow the Trustee to sell assets, as authorized by the Court, and pay certain postpetition obligations during the period covered by the Approved Budget.

F.    **Immediate Need for Funding**.    Based upon the pleadings and proceedings of record in the Chapter 7 Cases, the Trustee does not presently have sufficient available sources of working capital and financing to permit the Trustee to, among other things, effectuate an orderly liquidation of the Debtors' assets, market certain assets for sale, and pay other expenses associated with administration of the Chapter 7 Cases without the use of Cash Collateral.    In the absence of the authority of this Court to use Cash Collateral, the Debtors' estates would suffer immediate and irreparable harm.    The preservation, maintenance and enhancement of the value of the Debtors' remaining assets are of the utmost significance and importance to a successful liquidation.

G.    **No Credit on More Favorable Terms**.    Based upon the pleadings and proceedings of record in the Chapter 7 Cases, and given the Debtors' current financial condition, financing arrangements, and capital structure, the Trustee is unable to obtain financing and is unable to obtain adequate unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code or unsecured credit with administrative priority under section 364(c)(1) of the Bankruptcy Code.    The Trustee is unable to obtain the Prepetition Secured Parties' consent to use of Cash Collateral without the Trustee granting to the Prepetition Secured Parties the Superpriority Claims and the Adequate Protection Liens.

H.    **Reasonable; Good Faith**.    The terms of the Cash Collateral arrangement described in this Interim Order are fair and reasonable, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are supported by reasonably equivalent value and fair consideration.    The terms concerning the Trustee's use of Cash

Collateral as provided for in this Interim Order were negotiated in good faith and at arms' length between the Trustee and the Prepetition Secured Parties. The Prepetition Secured Parties are consenting to the use of Cash Collateral under the terms of this Interim Order in good faith as that term is used in section 363 and 364(e) of the Bankruptcy Code, and are entitled to the benefits attendant to such finding.

       I.    **Consent by Prepetition Secured Parties**. The Prepetition Secured Parties have consented to the Trustee's proposed use of Cash Collateral, on the terms and conditions set forth in this Interim Order, and such consent is binding on all Prepetition Secured Parties.

       J.    **Adequate Protection**. The adequate protection provided to the Prepetition Secured Parties for any diminution in the value of such parties' respective interests in the Prepetition Collateral from and after the Petition Date, including, without limitation, from the use of the Cash Collateral and implementation of the Automatic Stay, pursuant to the provisions of this Interim Order, is consistent with and authorized by the Bankruptcy Code and is offered by the Trustee to protect such parties' interests in the Prepetition Collateral in accordance with sections 361, 363, and 507 of the Bankruptcy Code. The adequate protection provided herein and other benefits and privileges contained herein are necessary in order to protect the Prepetition Secured Parties from any diminution in the value of their interests in the Prepetition Collateral and to obtain the foregoing consents and agreements.

       K.    **Good Cause Shown; Best Interest**. The Trustee has requested immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(b)(2) and Local Rule 4001-2. Absent entry of this Interim Order, the Debtors' properties and estates will be immediately and irreparably harmed. This Court concludes that good cause has been shown and

that entry of this Interim Order is in the best interest of the Debtors' estates and creditors as its implementation will, among other things, enhance the Trustee's prospects of maximizing the value of the Debtors' assets.

L.    **No Deemed Control**.  The Trustee stipulates and the Court finds that none of the Prepetition Secured Parties is or shall be deemed to be in control of the operations of the Debtors or be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors or any prepetition or postpetition activities of the Debtors or Trustee solely by virtue of permitting the Trustee to use Cash Collateral, accepting any Approved Budget, or taking any other actions expressly permitted or contemplated by this Interim Order.

M.    **Section 552**.  Each of the Prepetition Secured Parties is entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and, subject to the entry of the Final Order, the "equities of the case" exception shall not apply.

Based on the foregoing, and upon the record made before this Court at the Interim Hearing, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    **Approval of Interim Order**.  The Motion is approved on an interim basis on the terms and conditions set forth in this Interim Order.  All objections to the entry of this Interim Order that have not been withdrawn are hereby overruled.  This Interim Order shall become effective immediately upon its entry.

2.    **Authorization to Use Cash Collateral**.  During the Interim Period, in accordance with and pursuant to the terms and provisions of this Interim Order, the Trustee is authorized to use the Cash Collateral, _provided_ that any such use of Cash Collateral is in

9

accordance with the terms of the Approved Budget as set forth in Paragraph E(ii) of this Interim Order.  The Trustee's right to use Cash Collateral as herein authorized shall terminate (a "**Termination**") on the earliest of (i) the delivery of an Enforcement Notice upon the occurrence of an Event of Default in accordance with Paragraph 9; (ii) 5:00 p.m. (prevailing Eastern time) on November 2, 2016 (or such later date as may be agreed by the Trustee and the Prepetition Agent; or (iii) as otherwise ordered by the Court (each, a "**Termination Date**"). Any Termination shall not affect the validity, priority or enforceability of any and all rights, remedies, benefits and protections provided to the Prepetition Secured Parties under this Interim Order as of the Termination Date, which rights, remedies, benefits and protections shall survive such Termination.

        3.    **Deposit Accounts**.  From the Petition Date until a Termination Date, all cash receipts, Cash Collateral and all proceeds from the sale, transfer or other disposition of the Collateral (as defined below) and all other proceeds of such Collateral of any kind which is now or shall come into the possession or control of the Trustee, or to which the Trustee or the Debtors are now or shall become entitled, shall be promptly deposited into bank accounts under the control of the Trustee and identified to the Prepetition Agent in writing (the "**Deposit Accounts**"). The Prepetition Agent shall have a perfected first priority valid and enforceable security interest in such Deposit Accounts (subject to any valid, perfected, enforceable and non-avoidable senior lien on any such asset in existence as of the Petition Date (any such lien, a "**Prior Lien**"), and except to the extent that any amounts therein constitute proceeds of actions the Trustee may bring under chapter 5 of the Bankruptcy Code ("**Avoidance Actions**")), and such collections and proceeds (a) shall be subject to and (b) shall be treated in accordance with, this Interim Order.

DOC ID - 25141227.2

4.     **Perfection in Cash**.  The Prepetition Secured Parties' security interests and liens in Cash Collateral shall, pursuant to this Order, be, and hereby are, valid, enforceable, and perfected, effective as of the date of the entry of this Order, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code or any other relevant law or regulation of any jurisdiction) no further notice, filing or other act shall be required to effect such perfection.

5.     **Proofs of Claim**.   Neither the Prepetition Agent nor the Prepetition Lenders will be required to file proofs of claim or requests for payment of administrative expenses on account of any of the obligations of the Debtors arising under the Prepetition Loan Documents (including, without limitation, the "Obligations" as defined in the Prepetition Loan Agreement) (collectively, the "**Prepetition Secured Obligations**"), and all rights, defenses, rights of offset or recoupment that the Prepetition Agent or the Prepetition Lenders may have are expressly preserved.

6.     **Adequate Protection**.  Until the indefeasible repayment in full in cash of the Prepetition Secured Obligations, the Prepetition Secured Parties are entitled to adequate protection against any diminution in the value of their interests in the Prepetition Collateral as a result of (a) the Trustee's use of Cash Collateral; (b) the imposition of the Automatic Stay; or (c) otherwise, pursuant to sections 105(a), 361(a), 363(c) and 363(e) of the Bankruptcy Code. The Prepetition Agent, on behalf and for the benefit of the Prepetition Secured Parties, is hereby granted, to the extent of the diminution in value of the Prepetition Collateral from and after the Petition Date, all of the following (collectively, the "**Adequate Protection Obligations**"):

i.     Adequate Protection Liens.  The Prepetition Agent, on behalf and for the benefit of itself and the Prepetition Lenders, is hereby granted valid, enforceable, unavoidable and fully perfected replacement liens and security interests (the "**Adequate Protection Liens**") in all prepetition and

DOC ID - 25141227.2

postpetition assets and property (tangible, intangible, real, personal, and mixed) of each of the Debtors of every kind, nature, and description, whether now existing or hereafter acquired or arising, and wherever located, including but not limited to all contracts, accounts, deposit accounts, chattel paper, inventory, equipment, general intangibles, goods, real property, leases, cash and cash equivalents (including any funds released to the Debtors or Trustee from escrow or other segregated accounts), claims, and proceeds thereof, subject only to any Prior Lien and excluding proceeds of Avoidance Actions (the "**Postpetition Collateral**," and together with the Prepetition Collateral, the "Collateral"). The Adequate Protection Liens shall be supplemental to and in addition to the Prepetition Liens, shall attach with the same priority as enjoyed by the Prepetition Liens immediately prior to the Petition Date. The Adequate Protection Liens shall be deemed to be legal, valid, binding, enforceable, perfected liens, not subject to subordination or avoidance, for all purposes in the Chapter 7 Cases. Except as otherwise set forth in this Interim Order, the Adequate Protection Liens shall not be subordinated or be made *pari passu* with any other lien under sections 363 and 364 of the Bankruptcy Code or otherwise. The Adequate Protection Liens shall be deemed to be perfected automatically in accordance with Paragraphs 4 and 17 of this Interim Order.

ii.    Superpriority Claims. The Prepetition Agent, on behalf and for the benefit of itself and the Prepetition Lenders, is hereby granted superpriority administrative expense claims (the "**Superpriority Claims**") under sections 503 and 507 of the Bankruptcy Code against the Debtors' estates to the extent that the Adequate Protection Liens do not adequately protect against the diminution in value of the Prepetition Collateral, which Superpriority Claims, if any, shall have priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, but not limited to, Bankruptcy Code sections 105, 326, 328, 330, 331, 503(b), 506(c) (subject to the entry of the Final Order), 507(a), 507(b), 546(c), 726, 1113 and 1114, or otherwise. The Superpriority Claims shall be against each Debtor on a joint and several basis.

iii.    Right to Seek Additional Adequate Protection. This Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Prepetition Secured Parties to seek additional forms of adequate protection or additional restrictions on the Trustee's use of Cash Collateral at any time.

7.    **No Waiver of Prepetition Loan Agreement Provisions; Reservation of Rights**. Except as otherwise specifically provided in this Interim Order, nothing contained in this Interim Order shall be deemed a waiver or constitute a consent to the modification of any

12

provision contained in the Prepetition Loan Documents by the Prepetition Secured Parties, including, but not limited to, the incurrence of any lien in connection therewith or the making of any payment by the Trustee. Further, notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the rights of the Prepetition Secured Parties to seek any other or supplemental relief in respect of the Debtors or the Trustee, (b) the rights of the Prepetition Secured Parties under the Prepetition Loan Documents (excluding any rights that the Prepetition Secured Parties may have solely as a result of the commencement of these Chapter 7 Cases and subject to the Automatic Stay), the Bankruptcy Code or other applicable law, or (c) any rights, claims or privileges (whether legal, equitable or otherwise) of the Prepetition Secured Parties.

8. **Trustee's Reservation of Rights**. Subject to the limitations on use of Cash Collateral provided in Paragraph 20, nothing contained in this Interim Order shall be deemed a waiver of the Trustee's right to investigate or challenge the validity, enforceability, priority or avoidability of the Prepetition Liens or the Prepetition Secured Obligations, and the Trustee expressly reserves the right to make any such investigation or challenge. Furthermore, the Trustee reserves the right to request Court authority to use Cash Collateral notwithstanding the occurrence of an Event of Default, issuance of an Enforcement Notice, or Termination (all as hereafter defined), or to seek expanded authority to use Cash Collateral

9. **Default; Termination of Cash Collateral Usage**. Notwithstanding anything in this Interim Order to the contrary, upon the occurrence of an Event of Default (as defined herein) and after providing notice of such (an "**Enforcement Notice**") to the Trustee and the U.S. Trustee, the Trustee shall be prohibited from using Cash Collateral. For purposes of this Interim Order, an "Event of Default" shall occur upon:

DOC ID - 25141227.2

i.      November 2, 2016, unless the Final Order, in form and substance reasonably acceptable to the Prepetition Agent, has been entered by this Court;

ii.     The failure by the Trustee to comply with any of the material terms or conditions of this Interim Order, including, without limitation, the failure by the Trustee to comply with the Approved Budget;

iii.    The commencement of any action by the Trustee against the Prepetition Agent or any Prepetition Lender;

iv.     Without the prior written consent of the Prepetition Secured Parties, the granting of a motion seeking to grant a third party a security interest or lien upon all or part of any property of the Debtors that has a priority which is senior to, or equal with, the Prepetition Liens or the Adequate Protection Liens in all or any portion of such property;

v.      Without the prior written consent of the Prepetition Secured Parties, the granting of a motion seeking to grant a third party any claim in any of the Chapter 7 Cases that has a priority which is senior to, or equal with, the Superpriority Claims;

vi.     Without the prior written consent of the Prepetition Secured Parties, the granting by the Court of a motion for relief from the Automatic Stay in favor of any party, other than the Prepetition Secured Parties, with respect to any portion of the Collateral (including, but not limited to, any Cash Collateral) having a value in excess of $200,000;

vii.    The failure of the Trustee to file a motion seeking to retain, by no later than October 5, 2016, one or more real estate brokers and liquidators reasonably acceptable to the Prepetition Agent (on terms reasonably acceptable to the Prepetition Agent) to sell the Debtors' real estate, FF&E, and other Collateral.  For the avoidance of doubt, A&G Realty Partners, LLC (or its affiliate) and Tiger Capital Group (or its affiliate) are acceptable to the Prepetition Agent;

viii.   The granting by the Court of a motion by the Trustee that seeks recovery from any portion of the Collateral (or from the Prepetition Secured Parties directly) any costs or expenses of preserving or disposing of the Collateral under section 506(c) or section 552(b) of the Bankruptcy Code (or otherwise);

ix.     The dismissal of any of the Chapter 7 Cases either voluntarily or involuntarily;

x.      Without the prior written consent of the Prepetition Secured Parties, the granting of any motion to amend or modify the terms of this Interim Order; or

DOC ID - 25141227.2

xi.    Without the prior written consent of the Prepetition Secured Parties, the stay, reversal, rescission, vacatur, or other modification of the terms of this Interim Order by the Court or any other court.

10.    **Right to Seek Relief from Automatic Stay**.  Upon the occurrence of an Event of Default and the delivery of an Enforcement Notice, the Prepetition Agent shall be entitled to seek an expedited hearing from the Bankruptcy Court to take any action and exercise all rights and remedies provided to it by this Interim Order, or applicable law, including among other things, proceed against and realize upon the Collateral or any other assets or properties of Debtors' estates upon which the Prepetition Agent, for the benefit of itself and the Prepetition Lenders, has been or may hereafter be granted liens or security interests to obtain the full and indefeasible repayment of all Prepetition Secured Obligations.

11.    **Collateral Rights**.  Until all of the Prepetition Secured Obligations shall have been indefeasibly paid and satisfied in full in cash: (i) no other party shall foreclose or otherwise seek to enforce any junior lien or claim in any Collateral, and (ii) upon and after the occurrence of an Event of Default, and subject to Prepetition Agent obtaining relief from the automatic stay as provided for herein, in connection with a liquidation of any of the Collateral, the Prepetition Agent (or any of its employees, agents, consultants, contractors or other professionals) shall have the right to: (a) enter upon, occupy and use any real or personal property, fixtures, equipment, leasehold interests or warehouse arrangements owned or leased by Debtors and (b) use any and all trademarks, tradenames, copyrights, licenses, patents or any other similar assets of Debtors, which are owned by or subject to a lien of any third party and which are used by Debtors in their businesses.  The Prepetition Secured Parties will be responsible for the payment of any applicable fees, rentals, royalties or other amounts due such lessor, licensor or owner of such property for the period of time that the Prepetition Agent actually uses the equipment or the intellectual property (but in no event for any accrued and

unpaid fees, rentals or other amounts due for any period prior to the date that the Prepetition Agent actually occupies or uses such assets or properties), which amounts shall be subject to reimbursement by the Debtors' estates and treated as a portion of the Prepetition Secured Obligations. The Trustee shall cooperate with any reasonable requests of the Prepetition Agent to facilitate the sale, transfer, lease or disposition of any Collateral, including, but not limited to, prosecuting motions to sell, transfer, lease, or dispose of the Collateral and establish bidding and sale procedures, auction dates, and other sale-related milestones.

12.    **Disposition of Collateral**. The Trustee shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral in any way inconsistent with the terms and conditions of this Interim Order and the Prepetition Loan Documents without the prior written consent of the Prepetition Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by the Prepetition Agent or any Prepetition Lender) and an order of this Court. Until all Prepetition Secured Obligations are indefeasibly paid and satisfied in full in cash, the Trustee shall remit to the Prepetition Agent, or cause to be remitted to the Prepetition Agent, all proceeds of the Collateral received upon any such sale, transfer, lease or disposition for application to the Prepetition Secured Obligations by the Prepetition Agent in such order and manner as the Prepetition Agent may determine in its discretion, in accordance with the terms of this Interim Order and the Prepetition Loan Documents.

13.    **Rights of Access and Information**. Upon reasonable notice, the Trustee shall permit employees, legal counsel, financial advisors, representatives, agents, and other professionals of the Prepetition Agent to have reasonable access to the Debtors' premises, non-privileged books and records, and the Trustee's professionals during normal business hours for purposes of conducting detailed due diligence with respect to the Trustee's liquidation of the

Debtors' assets and administration of the estates, and the Trustee and the Trustee's advisors and representatives shall reasonably cooperate and consult with, and provide to such persons all such non-privileged information as they may reasonably request.

14.    **Further Assurances**.  The Trustee is authorized to execute and deliver to the Prepetition Agent and the Prepetition Secured Parties all such agreements, financing statements, instruments and other documents as the Prepetition Agent and Prepetition Secured Parties may reasonably request to evidence, confirm, validate or perfect the Adequate Protection Liens granted pursuant hereto.  Further, the Trustee is authorized to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, pledge agreements, control agreements, mortgages and financing statements), and authorized to pay fees and expenses that may be required or necessary for, the Trustee's performance under this Interim Order.

15.    **506(c) Waiver**.  Upon the entry of the Final Order, the Trustee will irrevocably waive any surcharge claim under section 506(c) of the Bankruptcy Code or otherwise, for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by the Prepetition Secured Parties upon the Prepetition Collateral. In no event shall the Prepetition Secured Parties be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to the Collateral or the Prepetition Collateral (as applicable).

16.    **Restrictions on Granting Post-Petition Liens**.  Other than as otherwise provided in this Interim Order, no claim or lien having a priority superior or *pari passu* with those granted by this Interim Order to the Prepetition Secured Parties shall be granted or

permitted by any order of this Court entered in the Chapter 7 Cases, while any portion of the Prepetition Secured Obligations are outstanding.

17. **Automatic Effectiveness of Liens**. The Adequate Protection Liens shall not be subject to challenge and shall attach and become valid, perfected, enforceable, non-avoidable and effective by operation of law as of the Petition Date without any further action by the Trustee, Debtors, or the Prepetition Secured Parties and without the necessity of execution by the Trustee or the Debtors, or the filing or recordation, of any financing statements, security agreements, vehicle lien applications, mortgages, filings with the U.S. Patent and Trademark Office or the Library of Congress, or other documents or the taking of any other actions. If the Prepetition Agent hereafter requests that the Trustee execute and deliver to the Prepetition Agent financing statements, security agreements, collateral assignments, mortgages, or other instruments and documents considered by such agent to be reasonably necessary or desirable to further evidence the perfection of the Adequate Protection Liens, the Trustee is hereby authorized to execute and deliver such financing statements, security agreements, mortgages, collateral assignments, instruments, and documents, and the Prepetition Agent is hereby authorized to file or record such documents in its discretion without seeking modification of the Automatic Stay, in which event all such documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Interim Order.

18. **Binding Effect**. The provisions of this Interim Order shall be binding upon and inure to the benefit of the Prepetition Secured Parties, the Trustee, and their respective successors and assigns (including any other chapter 7 trustee hereinafter appointed or elected for the estates of the Debtors or any other fiduciary appointed as a legal representative of the

18

Debtors or with respect to the property of the estates of the Debtors). Such binding effect is an integral part of this Interim Order.

19.    **Survival**. The provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order dismissing the Chapter 7 Cases, and the terms and provisions of this Interim Order as well as the Adequate Protection Liens and Superpriority Claims granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of any such order. Such claims and liens shall maintain their priority as provided by this Interim Order, and to the maximum extent permitted by law, until all of the Prepetition Secured Obligations and the Adequate Protection Obligations are indefeasibly paid in full in cash and discharged. If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacatur shall not affect the validity, priority or enforceability of any Adequate Protection Obligations incurred prior to actual receipt of written notice to the Prepetition Agent of the effective date of such reversal, stay, modification or vacatur. Prior to actual receipt of written notice by the Prepetition Agent of the effective date of any reversal, stay, modification or vacatur, any use of Collateral (including Cash Collateral) or any Adequate Protection Obligations incurred by the Trustee hereunder, as the case may be, shall be governed in all respects by the original provisions of this Interim Order, and the Prepetition Secured Parties shall be entitled to all of the rights, remedies, privileges and benefits, including the Adequate Protection Obligations, provided thereunder.

20.    **Restriction on Use of Cash Collateral**. Notwithstanding anything herein to the contrary, for so long as the Trustee is authorized to use the Prepetition Secured Parties' Cash Collateral with the consent of the Prepetition Secured Parties in accordance with this Interim Order, no Cash Collateral of the Prepetition Secured Parties may be used by the Trustee

or any other person or entity without the consent of the applicable Prepetition Secured Parties to (i) object to or contest in any manner the Prepetition Secured Obligations or Prepetition Liens, (ii) object to or contest in any manner the Prepetition Secured Parties' assertion or enforcement of any lien, claim, right or security interest or realization upon any Collateral in accordance with the terms and conditions of this Interim Order, (iii) assert or prosecute any actions, claims or causes of action against any of the Prepetition Secured Parties, or (iv) seek or obtain trustee-in-possession financing or other financial accommodation from a source other than the Prepetition Secured Parties unless such financing or financial accommodation would cause the Prepetition Secured Obligations to be indefeasibly satisfied in full in cash.

21.    **Power to Waive Rights; Duties to Third Parties**.  Regardless of whether such right is explicitly stated herein, the Prepetition Agent shall have the right to waive any of the terms, rights and remedies provided or acknowledged in this Interim Order in respect of Prepetition Secured Parties (the "**Prepetition Secured Party Rights**"), and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to exercise or enforce, any Prepetition Secured Party Rights.  Any waiver by the Prepetition Agent of any Prepetition Secured Party Rights shall not be or constitute a continuing waiver.  Any delay in or failure to exercise or enforce any Prepetition Secured Party Right shall neither constitute a waiver of such Prepetition Secured Party Right, subject the Prepetition Agent or any Prepetition Lender to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a defense to any obligation owed by the Trustee or the Debtors to the Prepetition Agent or any Prepetition Lender.

22.    **Effect of Dismissal of Chapter 7 Cases**.  If the Chapter 7 Cases are dismissed or substantively consolidated, then neither the entry of this Interim Order nor the

dismissal or substantive consolidation of these Chapter 7 Cases shall affect the rights of the Prepetition Secured Parties under the Prepetition Loan Documents or this Interim Order, and all of the respective rights and remedies thereunder of the Prepetition Secured Parties shall remain in full force and effect as if the Chapter 7 Cases had not been dismissed or substantively consolidated.  If an order dismissing the Chapter 7 Cases is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that: (i) those Prepetition Liens, Adequate Protection Liens and Superpriority Claims granted to and conferred upon the Prepetition Secured Parties, as applicable, shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until all Prepetition Secured Obligations shall have been paid and satisfied in full (and that such Superpriority Claims shall, notwithstanding such dismissal, remain binding on all interested parties); and (ii) to the greatest extent permitted by permissible law, this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing the Prepetition Liens, Adequate Protection Liens, and Superpriority Claims referred to herein.

23.    **Right to Credit Bid**.   Subject to Sections 363(f) and 363(k) of the Bankruptcy Code, the Prepetition Agent, on behalf of itself and the Prepetition Lenders, shall have the right to "credit bid" the amount of its and their claims during any sale of all or any portion of the Debtors' assets, including without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code.

24.    **Retention of Jurisdiction**.   The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any and all disputes or matters under, or arising out of or in connection with, this Interim Order.

21

25.     **Order Effective**.  This Interim Order shall be effective as of the date of the signature by the Court and, notwithstanding anything to the contrary in Bankruptcy Rule 4001(a)(3), shall not be stayed absent the grant of a stay under Bankruptcy Rule 8005 after a hearing upon notice to the Debtors and the Prepetition Agent.

26.     **No Requirement to Accept Title to Collateral**.  The Prepetition Secured Parties shall not be obligated to accept title to any portion of the Prepetition Collateral in payment of the indebtedness owed to such party by the Debtors, in lieu of payment in cash or cash equivalents, nor shall any of the Prepetition Secured Parties be obligated to accept payment in cash or cash equivalents that is encumbered by any interest of any person or entity other than the Prepetition Secured Parties.

27.     **Controlling Effect of Interim Order**.  To the extent any provision of this Interim Order conflicts or is inconsistent with any provision of the Motion or any prepetition agreement, the provisions of this Interim Order shall control.

28.     **Final Hearing**.  A final hearing on the Motion shall be heard before this Court on November 2, 2016 at 2:00 p.m. in Courtroom 325 United States Bankruptcy Court, Birch Bayh Federal Building, 46 E. Ohio Street, Indianapolis, IN 46204.  On or before October 11, 2016, the Trustee shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "**Final Hearing Notice**"), together with a copy of this Interim Order and the Motion, on: (a) the U.S. Trustee, (b) Faegre Baker Daniels LLP, counsel to the Debtors, (c) Schulte Roth & Zabel LLP, counsel to the Prepetition Agent, (d) the Department of Education, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the United States Attorney for the Southern District of Indiana, (h) any other known parties holding liens, and (i) those parties entitled to notice pursuant to Bankruptcy Rule

DOC ID - 25141227.2

2002.  Any objection to the relief sought at the Final Hearing shall be made in writing setting forth with particularity the grounds thereof, and filed with the Court and served so as to be actually received no later than seven (7) days prior to the Final Hearing by the following: (a) the Trustee, Rubin Levin, P.C., 135 N. Pennsylvania Street, Suite 1400, Indianapolis, IN 46204 (Attn: Deborah Caruso); (b) counsel to the Prepetition Agent, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris) and Bingham Greenebaum Doll LLP, 2700 Market Tower, 10 West Market St., Indianapolis, IN 46204 (Attn:  Thomas C. Scherer) ; and (c) the Office of the United States Trustee, 101 West Ohio, Suite 1000, Indianapolis, IN 46204.

###

DOC ID - 25141227.2

| ITT Educational Services, Inc.<br>Case No. 16-07207-JMC-7A | | 1<br>9/29/2016 | 2<br>10/6/2016 | Total |
|---|---|---|---|---|
| Beginning cash balance | | $ 1,410,760 | 1,366,860 | 1,410,760 |
| | | | | |
| Cash receipts | | 25,000 | 25,000 | 50,000 |
| | | | | |
| Expenses: | | | | |
| Payroll: | | | | |
| | Mick Lindvay | 2,300 | 2,300 | 4,600 |
| | 5 assistants | 5,400 | 5,400 | 10,800 |
| | Angela Knowlton | 3,700 | 3,700 | 7,400 |
| | Mark Garrett | 2,200 | 2,200 | 4,400 |
| | Jodi Fague | 1,300 | 1,300 | 2,600 |
| | Swapnah | 2,400 | 2,400 | 4,800 |
| | Jenny Yonce | 2,400 | 2,400 | 4,800 |
| | Rob Fitzgerald | 2,500 | | 2,500 |
| | Carolyn Herald | 1,100 | 1,100 | 2,200 |
| | Mark Huber | 2,200 | 2,200 | 4,400 |
| | Schedules and SOFA prep | 3,400 | | 3,400 |
| | | | | - |
| | | | | - |
| Building expenses: | | | | - |
| | Utilities | - | 400,000 | 400,000 |
| | Owned real estate expenses | - | 75,000 | 75,000 |
| | | | | - |
| Compliance, audit and related fees: | | | | - |
| | Compliance audit | 40,000 | 40,000 | 80,000 |
| | | | | - |
| Technology-related: | | | | - |
| | Expediant | - | 17,000 | 17,000 |
| | Direct connection charge | - | 6,500 | 6,500 |
| | Student access | - | 12,000 | 12,000 |
| | | | | - |
| | Rust Omni | | | - |
| | Mail Matrix/Website/copies | | 254,750 | 254,750 |
| | | | | - |
| Asset Security and Disposition | | | 75,000 | 75,000 |
| | | | | - |
| | | | | |
| Total expenses | | 68,900 | 903,250 | 972,150 |
| | | | | |
| Total cash flow | | (43,900) | (878,250) | (922,150) |
| | | | | |
| Borrowings | | - | - | - |
| | | | | |
| Ending cash balance | | $ 1,366,860 | $ 488,610 | $ 488,610 |

**Exhibit "A"**