UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] ) | Case No. 16-07207-JMC-7A |
| ) | |
| Debtors. ) | Jointly Administered |

**TRUSTEE'S MOTION FOR AUTHORITY
TO ENTER INTO SETTLEMENT OF STUDENT CLASS ACTION**

Deborah J. Caruso, the chapter 7 trustee (the "Trustee")[2] in the above-captioned cases of ITT Educational Services, Inc. ("ITT"), *et al.* (collectively, the "Debtors"), by counsel, respectfully submits this motion (collectively, the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of preliminary and final orders, substantially in the forms attached as **Exhibit 1** and **Exhibit 2** (collectively, the "Proposed Orders") to the *Class Action Settlement Agreement*, attached hereto as **Exhibit A** (the "Class Action Settlement"), (a) approving the terms of the Class Action Settlement by and among (i) the Trustee, not individually but as the chapter 7 trustee for the Debtors, and (ii) Jorge Villalba, James Eric Brewer, Joshua Cahill, Juan Hincapie, and Cheryl House (the "Class Representatives"), on behalf of themselves individually and the Settlement Class (collectively, the "Students"), and (b) granting related relief. In support of the Motion, the Trustee respectfully avers as follows:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

[2] Capitalized terms used but not defined herein have the meanings given to them in the Settlement Agreement (as defined herein).

**Jurisdiction**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

5. On September 16, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed interim trustee in each of the Debtors' bankruptcy cases on the Petition Date pursuant to section 701(a)(1) of the Bankruptcy Code. The Trustee became the case trustee in each of the Debtors' bankruptcy cases following the conclusion of the first meeting of creditors on November 1, 2016, pursuant to section 702(d) of the Bankruptcy Code.

6. On October 4, 2016, the Court entered its *Order Granting Motion for Joint Administration of Chapter 7 Cases* [Docs 221-222], directing the Debtors' bankruptcy cases to be jointly administered for procedural purposes only.

7. Prior to the Petition Date, the Debtors as a whole were engaged in the for-profit enterprise of providing postsecondary degree programs in 137 campus locations in thirty-nine states and through online services.

8. ITT was a publicly-held company that, as of June 30, 2016, employed over 8,000 employees. ITT offered master, bachelor, and associate degree programs to approximately 40,000 students at its campus locations and online programs to students located in all fifty states and the District of Columbia. All of ITT's campus locations were authorized by applicable

2

education authorities of the states in which they operated and were accredited by an accrediting commission recognized at the time by the U.S. Department of Education.

9. Webster College was founded in 1965 in Nashua, New Hampshire, as the New England Aeronautical Institute (the "NEAI"). In 1978, the NEAI was merged with its junior-college division to form Webster College, a private institution with a focus on business education.

10. Prior to the Petition Date, the Debtors loaned money to their students to finance tuition and other charges and fees owed to the Debtors (the "Student Receivables"). The Student Receivables are seller-financed debt, and the Debtors' principal business was not the extension of credit. The Debtors contracted with University Accounting Services, LLC ("UAS") to service certain of the Student Receivables. If a Student Receivable became delinquent, the Student Receivable would be placed with FirstSource Financial Solutions, Inc./One Advantage ("FirstSource"), Security Credit Systems, Inc., Premiere Credit NA, General Revenue Corporation, or other credit agencies for collection. As of the Petition Date, there was approximately $30,000,000.00 in Student Receivables placed for servicing and/or collection with UAS and FirstSource. In addition, as of the Petition Date, ITT held approximately $630,945,284.00 in additional Student Receivables that have not been placed with UAS, FirstSource, or any other servicer or collection agency. As of the date of the Settlement Agreement, ITT holds approximately $560,000,000 of Student Receivables (due to adjustments made and to be made to ITT's books and records relating to tax returns for ITT's 2016 fiscal year). The Students dispute the validity of the Student Receivables.

11. Prior to the Petition Date, the Debtors transferred title to certain Student Receivables to CU Connect CUSO, LLC, The Rochdale Group, Inc. and/or related credit unions

(the "CUSO Receivables"). The Debtors also transferred title to certain other Student Receivables to PEAKS holders and/or related entities (the "PEAKS Receivables"). The Students dispute the validity of the PEAKS Receivables, the CUSO Receivables, and all other receivables owed by former students of the Debtors that are transferred or returned to the Trustee that are not CUSO Receivables or PEAKS Receivables.

12. On November 29, 2016, the Court entered the *Order Granting Trustee's Motion for an Order Pursuant to Sections 105(a), 363(b), 503(b), 506(a), and 704 of the Bankruptcy Code Authorizing (I) Deposit of Student Loan Receivables into a Segregated Account and (II) Payment of Collection Fees from Receivables* [Doc 680] (the "Collection Order"). The Collection Order authorized the Trustee to pay UAS and FirstSource the fees authorized under their respective agreements and further provided the Trustee would establish a segregated account with the Bank of Texas into which all amounts collected on Student Receivables would be deposited (the "Receivables Segregated Account") less fees paid to UAS and FirstSource. The Trustee has caused to be deposited into the Receivables Segregated Account all collections of Student Receivables and will continue to deposit all future collections of Student Receivables into the Receivables Segregated Account. As of October 31, 2017, the Receivables Segregated Account holds $2,409,953.98, and the Trustee holds three additional, segregated accounts (the "Additional Accounts") in the amount of $378,185.60 and $11,823.10 for ESI Service Corp. and Daniel Webster College, Inc., respectively, and an account containing direct student payments to ITT in the amount of $43,419.49.

13. On January 3, 2017, the Students filed a Class Action Adversary Complaint in this Court [Case No. 17-50003] (the "Lawsuit"), and class proofs of claim against each of the Debtors [Claim Nos. 284, 347 and 1285] (the "Student POCs").

4

14. On January 30, 2017, this Court held a hearing on the *Student Claimants' Motion Seeking Class Treatment of Student Creditors' Claims* [Doc 843], which was orally granted and which ruling was incorporated into an order entered on the docket on February 2, 2017 [Doc 1151] (the "Class Treatment Order"). The Class Treatment Order ruled Bankruptcy Rule 7023 applied to the Student POCs and appointed the Legal Services Center of Harvard Law School and Jenner & Block LLP as interim class counsel for the putative class pursuant to Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23(g)(3).

15. On January 30, 2017, the Students amended the Student POCs to each be in the amount of $7.3 billion [Claim Nos. 424, 520 and 2383] (as amended, the "Proofs of Claim"). As part of this claim amount, the Proofs of Claim also asserted priority under section 507(a) (7) of the Bankruptcy Code in the amount of $114,000,000 (the "Students Priority Claim"). The Proofs of Claim do not include proofs of claim filed by individual students asserting a claim based on dishonored checks issued by ITT to students for, among other similar reasons, Title IV funds including Pell grants, student aid funds administered by the Department of Education, or state-based student aid funds that were in excess of the tuition owed by the student for completed semesters but were disbursed to ITT by the state, federal government, or other entity with the intention that ITT act as a pass-through and disburse the funds to the students ("Pass-Through Proofs of Claim"). Paula Suite, Freddie Lewis, Ralph Kyle Williams, and Damien R. Dietterick have filed Pass-Through Proofs of Claim and that there may be other Pass-Through Proofs of Claim that have not yet been identified.

16. In the Lawsuit and the Proofs of Claim, the Students allege the Debtors violated various consumer protection statutes by engaging in deceptive practices, employing abusive, unfair, and deceptive recruiting and retention strategies and financial aid practices, and by falsely

5

obtaining accreditation. The Students further allege the Debtors breached their enrollment contracts with the Students by closing their operations before certain students in the Settlement Class could complete their educations and by denying students the benefit of promised post-graduation refresher courses and lifetime job placement assistance. The Students further allege the Debtors breached the covenants of fair dealing and good faith contained in the enrollment contracts and included unconscionable terms in such contracts. The Students sought, among other relief, damages including costs and attorneys' fees, and an order enjoining the collection of all private student loans.

17. After the Petition Date, the Court entered the *Order Granting Trustee's Motion to Suspend Collection of Student Receivables and to Compensate Mark Huber for Services Related to Reconciling Student Receivables* [Doc 1671] (the "Suspension Order"). The Suspension Order authorized the Trustee to direct collection agencies, including UAS, FirstSource, and others, to cease collection on all Student Receivables. The Suspension Order also authorized the Trustee to retain Mr. Huber to reconcile the Student Receivables accounts and calculate a refund to be remitted to students consistent with the Settlement Agreement.

18. After engaging in good-faith negotiations and to resolve their disputes, the Debtors and the Students agreed to the Settlement Agreement, which provides, among other things:

    a. Promptly after execution of the Settlement Agreement, the Trustee and Class Representatives will seek entry of a preliminary approval order (the "Preliminary Approval Order"), which would certify the Settlement Class and appoint Class Counsel for the Settlement Class. The Settlement Class shall consist of all individuals who were at any time enrolled in any of the programs offered by the Debtors between January 1, 2006 and the Petition Date. In addition the Preliminary Approval Order will include:

        i. approval of a notice program to include the Trustee sending mailed notices (in the form of Exhibit 4 to the Agreement) to those former students who filed Student Proofs of Claim, those former students who are

6

listed as account debtors on the accounts placed for servicing or collection with UAS, FirstSource, Security Credit Systems, Inc., Premiere Credit NA, General Revenue Corporation, and any and all other credit agencies for collection and who have made payments on account of such accounts since the Petition Date, and to those parties who have requested that they receive notice, and providing publication notice. The notice shall, among other things, advise all Students receiving notice that they should immediately cease making any payments on account of the Student Receivables. In addition, the Trustee will post the Student Notice, as defined in the Settlement Agreement, on the Rust Omni website for these Bankruptcy Cases;

ii. a preliminary finding that the settlement is fair, reasonable, adequate and within the range of possible approval;

iii. a date for the final approval hearing that complies with the notice requirements of 28 U.S.C. §1715(d);

iv. approval of those actions required by the Settlement Agreement to take place before the entry of the a final order approving such agreement;

v. a procedure for Settlement Class members to object to the settlement and to opt out of the Settlement Class; and

vi. authorization for the Trustee to return all funds in the Receivables Segregated Account and the Additional Accounts consistent with Section 6 of the Agreement to the students who made such payments to ITT, UAS, FirstSource, Security Credit Systems, Inc., Premier Credit NA, General Revenue Corporation, and any and all other credit agencies, as the case may be.

b. The final order approving the Settlement Agreement (the "Final Approval Order") would provide, among other things:

i. approval of the Settlement Agreement as fair, reasonable, adequate, and within the range of possible approval under the standards developed under Rules 9019 and 7023 of the Federal Rules of Bankruptcy Procedure and Rule 23(g) of the Federal Rules of Civil Procedure;

ii. allowance of the Proofs of Claim against each of the Debtor estates in the amount of $1,500,000,000, which allowance is to be a pre-petition general, unsecured claim no longer subject to objection or challenge, but subject to certain adjustments as set forth in Section 5 of the Agreement; provided that the Proofs of Claim shall not be reduced below the amount of $1,099,896,000, and that the Students Priority Claim is disallowed with prejudice. The Final Approval Order shall provide that the Bankruptcy Court shall retain authority over the division of any distributions made on account of the Proofs of Claim. The Class Representatives shall promptly file a proposed division of any such distributions upon notification from the Trustee of the likely amount of funds to be paid on account of the Proofs of Claim;

7

    iii. disallowance with prejudice of the Student Proofs of Claim; *provided*, *however*, if the holder of a Student Proof of Claim listed on Exhibit 3 to the Settlement Agreement opts out of the Settlement Class, such holder's Student Proof of Claim (each an "Opt Out Claim") will not be disallowed and instead this Court will determine the allowability of such holder's Opt Out Claim as part of the normal procedures for resolving proofs of claim. Nothing in the Settlement Agreement controls the allowability of a Pass-Through Claim;

    iv. the Trustee (i) agrees that she will not, on her behalf or on behalf of the Debtors' estates, recover, collect, or enforce any (a) Student Receivables, (b) CUSO Receivables or PEAKS Receivables that, pursuant to an order entered by the Bankruptcy Court, are transferred or returned to the Trustee (a "PEAKS/CUSO Transfer Order"), and (c) other receivables owed by former students of the Debtors that are transferred or returned to the Trustee that are not CUSO Receivables or PEAKS Receivables ("Other Receivables"); and (ii) agrees to a permanent injunction enjoining the collection, assignment or transfer of the Student Receivables and the Other Receivables, and the collection, assignment or transfer of any CUSO Receivables or PEAKS Receivables that, pursuant to a PEAKS/CUSO Transfer Order, are transferred or returned to the Trustee;

    v. a provision that nothing set forth in the Preliminary Approval Order, the Final Approval Order or the Settlement Agreement, in any manner whatsoever, waives, releases, or otherwise affects the Debtors' and/or the Trustee's claims, rights, remedies and/or causes of action of every type and nature whatsoever ("Rights") under or related to the CUSO Receivables, the PEAKS Receivables, any documents or agreements between the Debtors and PEAKS or CUSO, and/or other documents or agreements otherwise related thereto, and all such Rights are fully reserved; and

    vi. a provision that nothing set forth in the Preliminary Approval Order, the Final Approval Order or the Settlement Agreement, in any manner, waives, releases, limits, or otherwise affects claims of the Settlement Class against the Department of Education or the existence or valuation of any claim the Department of Education may assert against Debtors.

c. Except for the rights, duties, and obligations created by the Settlement Agreement, effective upon the Settlement Effective Date (as defined in the Settlement Agreement), the Settlement Class releases and discharges the Trustee, as Trustee and in her individual capacity, all professionals engaged by the Trustee either on her behalf or on behalf of the Debtors' estates, and their heirs, successors and assigns thereof, from any and all claims, demands, obligations, damages, action, or causes of action, in law or in equity, whether sounding in tort or contract, or based on federal or state law, and whether known or unknown, which the Settlement Class has or may have against the Trustee for any reason whatsoever existing prior to or as of the Settlement Effective Date. Notwithstanding anything to the contrary in the foregoing,

8

       nothing in this Release (i) releases the Proofs of Claim or (ii) prohibits or prevents the Settlement Class or Class Representatives from participating in the Debtor's bankruptcy cases or exercising their standing as creditors of the Estate or (iii) prohibits or prevents the Settlement Class or Class Representatives or Class members from asserting any rights, claims or defenses against third parties, including but not limited to, the Department of Education, the directors and officers of the Debtors, and any other entity that is not the Trustee and her successors.

    d.    Except for the rights, duties, and obligations created by the Settlement Agreement, effective upon the Settlement Effective Date, the Trustee on behalf of herself and the Debtors releases and discharges the Settlement Class and all professionals engaged by or on behalf of the Settlement Class, and their heirs, successors, and assigns from any and all claims, demands, obligations, damages, action, or causes of action, in law or in equity, whether sounding in tort or contract, or based on federal or state law, and whether known or unknown, which the Trustee has or may have against the Settlement Class for any reason whatsoever existing prior to or as of the Settlement Effective Date.

    e.    Promptly upon entry of the Preliminary Approval Order, the Trustee shall return all funds in the Receivables Segregated Account and the Additional Accounts and any other funds which come into her possession or control that are received from students to the student who made such payment. The amount returned shall be reduced, pro rata, by the amount deducted from the aggregate of such payments by the collection agencies, including UAS, FirstSource, Security Credit Systems, Inc., Premiere Credit NA, General Revenue Corporation, and reasonable administrative cost associated with returning the funds. The reasonable cost of returning the funds shall be deducted from the Receivables Segregated Account and the Additional Accounts, provided that the Trustee shall use her reasonable best efforts to minimize the cost of returning the funds, and shall consult with the Class Counsel about the costs throughout the process. The Students dispute the validity of all Student Receivables. The Trustee's refund of the monies in the Receivables Segregated Account and the Additional Accounts does not acknowledge validity of the Student Receivables.

## **Relief Requested**

19.    The Trustee requests entry of preliminary and final orders, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms of

9

the Class Action Settlement, and (b) authorizing the Trustee to enter into the Settlement Agreement.

### Basis for Relief

20. A court may authorize a trustee to enter into a settlement so long as it is a sound exercise of the trustee's business judgment. *See* 11 U.S.C. § 363(b); *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006) (use under section 363 of the Bankruptcy Code must "[make] good business sense"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (section 363 sale involves exercise of fiduciary duties and requires an "articulated business justification"); *see also In re Olde Prairie Block Owners, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill. 2011) (same). Moreover, when applying the "business judgment" standard to a use of estate property under section 363, a trustee's judgment is "entitled to great judicial deference as long as a sound business reason is given." *See In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

21. Similarly, Bankruptcy Rule 9019(a) permits a bankruptcy court to approve a trustee's "compromise or settlement" after notice and a hearing, if such settlement is "fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994); *see also In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."); *In re Smith*, No. 02-16450-JKC-7A, 2008 WL 4276171, at *2 (Bankr. S.D. Ind. Sept. 10, 2008) (same). Settlements should be approved unless "the settlement 'falls below the lowest point in the range of reasonableness.'" *In re Commercial Loan Corp.*, 316 B.R. 690, 698 (Bankr. N.D. Ill. 2004) (quoting *Energy Co-op.*, 886 F.2d at 929); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *see also In re Artra Grp., Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003). Settlements and compromises are favored in bankruptcy because they expedite case administration and reduce

10

unnecessary administrative costs. *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). In determining whether a compromise is in the best interests of the estate, the Court must compare "the settlement's terms with the litigation's probable costs and probable benefits." *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *see also Doctors Hosp.*, 474 F.3d at 426 ("Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets.") (internal quotation marks and citations omitted); *Commercial Loan*, 316 B.R. at 697 (holding that relevant factors a bankruptcy court should consider in approving a settlement include "the litigation's probability of success, its complexity, and its 'attendant expense, inconvenience and delay'" (quoting *Am. Reserve Corp.*, 841 F.2d at 161)).

22. Here, the Trustee believes entry into the Settlement Agreement is in the best interest of the Debtors' estates and represents a sound exercise of her business judgment. The various disputes between the Debtors, on the one hand, and the Students, on the other, are complex, and the outcome of the Lawsuit and related issues, including disputes concerning the validity of the Amended Student POCs, is uncertain. Resolution of the Lawsuit and other disputes, if litigated, have the potential to, and likely will, prove costly and time-consuming to all parties, and absent resolution of the issues covered by the Settlement Agreements, costs associated therewith will continue to accrue. Entry into the Settlement Agreement will resolve such issues consensually, bringing the Trustee and the Debtors another step closer to resolution of the Debtors' chapter 7 cases.

23. For the foregoing reasons, the Trustee has determined, in the exercise of her sound business judgment, that the Settlement Agreement is fair, equitable, in the best interest of the Debtors' estates, and well within the range of reasonableness for approval under Bankruptcy

11

Rule 9019(a).  Accordingly, the Trustee respectfully submits that the Court should approve the Class Action Settlement.

## Notice

24. Pursuant to the Notice, Case Management and Administrative Procedures (the "Case Management Procedures") approved by this Court on October 4, 2016 [Doc 220], the Trustee will serve a copy of the Motion on the following (as defined in the Case Management Procedures): (a) the Core Group; (b) the Request for Notice List; and (c) the Appearance List.  In addition, the Trustee has posted a notice of the hearing on the settlement on the Rust Omni website for the Debtors' cases.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Orders, granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 3, 2018
        Indianapolis, Indiana

Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young
Jeramy D. Webb
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

      –and–

Timothy Q. Karcher (admitted *pro hac vice*)
Michael T. Mervis
Jared D. Zajac
Russell T. Gorkin
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

*Co-counsel to the Trustee*

Respectfully submitted,

*/s/ Deborah J. Caruso*
Deborah J. Caruso (Atty. No. 4273-49)
John C. Hoard (Atty. No. 8024-49)
James E. Rossow Jr. (Atty. No. 21063-29)
Meredith R. Theisen (Atty. No. 28804-49)
**RUBIN & LEVIN, P.C.**
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411

*Co-counsel to the Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2018, a copy of the foregoing *Trustee's Motion for Authority to Enter into Settlement of Student Class Action* was filed electronically. Pursuant to Section IV.C.3(a) of the Case Management Procedures, notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

John Joseph Allman     jallman@hbkfirm.com, dadams@hbkfirm.com
Robert N Amkraut     ramkraut@foxrothschild.com
Scott S. Anders     scott.anders@jordanramis.com, litparalegal@jordanramis.com
Manuel German Arreaza     manuel.arreaza@cfpb.gov
Todd Allan Atkinson     tatkinson@ulmer.com
Darren Azman     dazman@mwe.com
Joseph E Bain     joe.bain@emhllp.com
Kay Dee Baird     kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
Michael I. Baird     baird.michael@pbgc.gov, efile@pbgc.gov
Christopher E. Baker     cbaker@hbkfirm.com, thignight@hbkfirm.com
James David Ballinger     jim@kentuckytrial.com, jennifer@kentuckytrial.com
Joseph E. Bant     jebant@lewisricekc.com
William J. Barrett     william.barrett@bfkn.com, mark.mackowiak@bfkn.com
Ashley Flynn Bartram     ashley.bartram@oag.texas.gov, elizabeth.martin@oag.texas.gov
Alex M Beeman     alex@beemanlawoffice.com, alexbeemanECF@protonmail.com
Thomas M Beeman     tom@beemanlawoffice.com
Richard James Bernard     rbernard@foley.com
John J Berry     john.berry@dinsmore.com, Christina.Lee@DINSMORE.COM
Brandon Craig Bickle     bbickle@gablelaw.com
Robert A. Breidenbach     rab@goldsteinpressman.com
Wendy D. Brewer     wbrewer@jensenbrewer.com, info@jeffersonbrewer.com
Kayla D. Britton     kayla.britton@faegrebd.com, rachel.jenkins@faegrebd.com
Jason R Burke     jburke@bbrlawpc.com, kellis@bbrlawpc.com
Erin Busch     ebusch@nebraska.edu
Kevin M. Capuzzi     kcapuzzi@beneschlaw.com, lmolinaro@beneschlaw.com;docket@beneschlaw.com
James E. Carlberg     jcarlberg@boselaw.com, mwakefield@boselaw.com;rmurphy@boselaw.com
Steven Dean Carpenter     scarpenter1@dor.in.gov
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Deborah J. Caruso     trusteecaruso@rubin-levin.net, DJC@trustesolutions.net
Joshua W. Casselman     jcasselman@rubin-levin.net, angie@rubin-levin.net;atty_jcasselman@bluestylus.com
Ben T. Caughey     ben.caughey@mcdlegalfirm.com
Sonia A. Chae     chaes@sec.gov
John Andrew Chanin     jchanin@lindquist.com, srummery@lindquist.com
Eboney Delane Cobb     ecobb@pbfcm.com

Michael Edward Collins     mcollins@manierherod.com
Michael Anthony Collyard     mcollyard@robinskaplan.com, rhoule@robinskaplan.com
Eileen Connor     econnor@law.harvard.edu
Lawrence D. Coppel     lcoppel@gfrlaw.com
Heather M. Crockett     Heather.Crockett@atg.in.gov, carrie.spann@atg.in.gov;molly.funk@atg.in.gov;kenyatta.peerman@atg.in.gov
J Russell Cunningham     rcunningham@dnlc.net, reaster@dnlc.net
David H DeCelles     david.h.decelles@usdoj.gov
Dustin R. DeNeal     dustin.deneal@faegrebd.com, rachel.jenkins@faegrebd.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Henry A. Efroymson     henry.efroymson@icemiller.com
Abby Engen     aengen@nmag.gov, eheltman@nmag.gov
Annette England     annette.england@btlaw.com
Charles Anthony Ercole     cercole@klehr.com, acollazo@klehr.com
Carolyn Meredith Fast     carolyn.fast@ag.ny.gov
Elaine Victoria Fenna     elaine.fenna@morganlewis.com
Andrew W Ferich     awf@chimicles.com
Patrick F.X. Fitzpatrick     pfitzpatrick@beneschlaw.com, docket@beneschlaw.com;sgarsnett@beneschlaw.com;ccanny@beneschlaw.com;mdabio@beneschlaw.com
John David Folds     dfolds@bakerdonelson.com, sparson@bakerdonelson.com
Jennifer N Fountain     jfountain@iislaw.com, sfilippini@iislaw.com
Sarah Lynn Fowler     Sarah.Fowler@icemiller.com, Kathy.chulchian@icemiller.com
Lydia Eve French     lydia.french@state.ma.us
Jonathan William Garlough     jgarlough@foley.com, mstockl@foley.com;mdlee@foley.com
Robert P Goe     rgoe@goeforlaw.com
Douglas Gooding     dgooding@choate.com
John Andrew Goodridge     jagoodridge@jaglo.com, angray@jaglo.com;dwhiggs@jaglo.com
Michael Wayne Grant     michael.w.grant@doj.state.or.us
Alan Mark Grochal     agrochal@tydingslaw.com
Gregory Forrest Hahn     ghahn@boselaw.com, jmcneeley@boselaw.com
Julian Ari Hammond     Jhammond@hammondlawpc.com, ppecherskaya@hammondlawpc.com
Wallace M Handler     whandler@swappc.com, jnicholson@swappc.com
Adam Craig Harris     adam.harris@srz.com
Brian Hauck     bhauck@jenner.com
Jeffrey M. Hawkinson     jhawkinson@pcslegal.com, danderson@pcslegal.com
Claude Michael Higgins     Michael.Higgins@ag.ny.gov
Michael W. Hile     mhile@jacobsonhile.com, assistant@jacobsonhile.com
Sean M Hirschten     shirschten@psrb.com
Robert M. Hirsh     robert.hirsh@arentfox.com
John C. Hoard     johnh@rubin-levin.net, jkrichbaum@rubin-levin.net;atty_jch@trustesolutions.com
Andrew E. Houha     bkecfnotices@johnsonblumberg.com
James C Jacobsen     jjacobsen@nmag.gov, eheltman@nmag.gov
Christine K. Jacobson     cjacobson@jacobsonhile.com, assistant@jacobsonhile.com
Jay Jaffe     jay.jaffe@faegrebd.com, rachel.jenkins@faegrebd.com

Benjamin F Johns    bfj@chimicles.com, klw@chimicles.com
Russell Ray Johnson    russj4478@aol.com
Kenneth C. Jones    kcjones@lewisrickc.com
Anthony R. Jost    tjost@rbelaw.com, baldous@rbelaw.com
Timothy Q. Karcher    tkarcher@proskauer.com
John M. Ketcham    jketcham@psrb.com, scox@psrb.com
Taejin Kim    tae.kim@srz.com
Edward M King    tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
Roy F. Kiplinger    bankruptcy@kiplingerlaw.com, bankruptcy@kiplingerlaw.com
James A. Knauer    jak@kgrlaw.com, tjf@kgrlaw.com
Kevin Dale Koons    kkoons@kgrlaw.com, smr@kgrlaw.com
Harris J. Koroglu    hkoroglu@shutts.com, fsantelices@shutts.com
Lawrence Joel Kotler    ljkotler@duanemorris.com
Robert R Kracht    rrk@mccarthylebit.com
Andrew L. Kraemer    akraemer@johnsonblumberg.com, akraemerlawoffice@att.net
David R. Krebs    dkrebs@hbkfirm.com, dadams@hbkfirm.com
Jerrold Scott Kulback    jkulback@archerlaw.com
Jay R LaBarge    jlabarge@stroblpc.com
Vilda Samuel Laurin    slaurin@boselaw.com
Jordan A Lavinsky    jlavinsky@hansonbridgett.com
David S Lefere    dlefere@mikameyers.com, jfortney@mikameyers.com
Martha R. Lehman    mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Gary H Leibowitz    gleibowitz@coleschotz.com, jdonaghy@coleschotz.com;pratkowiak@coleschotz.com
Donald D Levenhagen    dlevenhagen@landmanbeatty.com
Elizabeth Marie Little    elizabeth.little@faegrebd.com
Melinda Hoover MacAnally    Melinda.MacAnally@atg.in.gov, Carrie.Spann@atg.in.gov;Kenyatta.Peerman@atg.in.gov
Christopher John Madaio    Cmadaio@oag.state.md.us
John A. Majors    jam@morganandpottinger.com, majormajors44@yahoo.com
Steven A. Malcoun    dsmith@mayallaw.com
Jonathan Marshall    jmarshall@choate.com
Thomas Marvin Martin    tmmartin@lewisrickc.com
Jeff J. Marwil    jmarwil@proskauer.com, npetrov@proskauer.com;pyoung@proskauer.com;jwebb@proskauer.com
Richard J Mason    rmason@mcguirewoods.com
Patrick Francis Mastrian    Patrick.mastrian@ogletreedeakins.com, dayna.kistler@ogletreedeakins.com
Ann Wilkinson Matthews    amatthews@ncdoj.gov
Rachel Jaffe Mauceri    rachel.mauceri@morganlewis.com
Michael K. McCrory    mmccrory@btlaw.com, bankruptcyindy@btlaw.com
Maureen Elin McOwen    molly.mcowen@cfpb.gov
Harley K Means    hkm@kgrlaw.com, kmw@kgrlaw.com;cjs@kgrlaw.com;tjf@kgrlaw.com
Toby Merrill    tomerrill@law.harvard.edu,jjimenez@law.harvard.edu,thoffman@law.harvard.edu

Robert W. Miller	rmiller@manierherod.com
Thomas E Mixdorf	thomas.mixdorf@icemiller.com, carla.persons@icemiller.com
Evgeny Grigori Mogilevsky	eugene@egmlegal.com, jolynn@egmlegal.com
James P Moloy	jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore	Ronald.Moore@usdoj.gov
Hal F Morris	hal.morris@oag.texas.gov
Michael David Morris	michael.morris@ago.mo.gov
Kevin Alonzo Morrissey	kmorrissey@lewis-kappes.com, soliver@lewis-kappes.com;leckert@lewis-kappes.com;kwilliams@lewis-kappes.com
Whitney L Mosby	wmosby@bgdlegal.com, floyd@bgdlegal.com;smays@bgdlegal.com
C Daniel Motsinger	cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;shammersley@kdlegal.com
Lee Duck Moylan	lmoylan@klehr.com, acollazo@klehr.com
Abraham Murphy	murphy@abrahammurphy.com
Justin Scott Murray	jmurray@atg.state.il.us
Alissa M. Nann	anann@foley.com, DHeffer@foley.com
Henry Seiji Newman	hsnewman@dglaw.com
Kevin M. Newman	knewman@menterlaw.com, kmnbk@menterlaw.com
Cassandra A. Nielsen	cnielsen@rubin-levin.net, atty_cnielsen@bluestylus.com,lking@rubin-levin.net
Ryan Charles Nixon	rcnixon@lamarcalawgroup.com
Kathryn Elizabeth Olivier	kathryn.olivier@usdoj.gov, denise.woody@usdoj.gov;kristie.baker@usdoj.gov
Gregory Ostendorf	gostendorf@scopelitis.com, agregory@scopelitis.com
Pamela A. Paige	ppaige@plunkettcooney.com, amiller@plunkettcooney.com
Danielle Ann Pham	danielle.pham@usdoj.gov
Zachary David Price	zach@indianalawgroup.com
Jack A Raisner	jar@outtengolden.com
Jonathan Hjalmer Reischl	jonathan.reischl@cfpb.gov
James Leigh Richmond	James.Richmond@fldoe.org
Melissa M. Root	mroot@jenner.com
David A. Rosenthal	darlaw@nlci.com
James E Rossow	jim@rubin-levin.net, ATTY_JER@trustesolutions.com;robin@rubin-levin.net;lisa@rubin-levin.net
Rene Sara Roupinian	rsr@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;rmasubuchi@outtengolden.com;rfisher@outtengolden.com;gl@outtengolden.com
Victoria Fay Roytenberg	vroytenberg@law.harvard.edu, jjimenez@law.harvard.edu
Steven Eric Runyan	ser@kgrlaw.com
Craig Damon Rust	craig.rust@doj.ca.gov, Lindsay.Bensen@doj.ca.gov
Karl T Ryan	kryan@ryanesq.com, lindsey@ryanesq.com
Joseph Michael Sanders	jsanders@atg.state.il.us
Thomas C Scherer	tscherer@bgdlegal.com, floyd@bgdlegal.com
James R. Schrier	jrs@rtslawfirm.com, lrobison@rtslawfirm.com;jlandes@rtslawfirm.com
Ronald James Schutz	rschutz@robinskaplan.com

H. Jeffrey Schwartz    jschwartz@robinskaplan.com
Courtney Michelle Scott    cscott1@dor.in.gov
Joseph E Shickich    jshickich@foxrothschild.com, vmagda@foxrothschild.com
William E Smith    wsmith@k-glaw.com, clipke@k-glaw.com
Lauren C. Sorrell    lsorrell@kdlegal.com, ayeskie@kdlegal.com;swaddell@kdlegal.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Jesse Ellsworth Summers    esummers@burr.com, sguest@burr.com
Jonathan David Sundheimer    jsundheimer@btlaw.com
Nancy K. Swift    nswift@buchalter.com, cbohnsack@buchalter.com
Eric Jay Taube    eric.taube@wallerlaw.com, annmarie.jezisek@wallerlaw.com;sherri.savala@wallerlaw.com
Meredith R. Theisen    mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
Jessica L Titler    jt@chimicles.com
Todd Christian Toral    todd.toral@dlapiper.com, todd-toral-9280@ecf.pacerpro.com
Ronald M. Tucker    rtucker@simon.com, cmartin@simon.com,bankruptcy@simon.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Michael Ungar    MUngar@mwe.com
Sally E Veghte    sveghte@klehr.com, acollazo@klehr.com
Rachel Claire Verbeke    rverbeke@stroblpc.com
Amy L VonDielingen    avondielingen@woodmclaw.com
Carolyn Graff Wade    Carolyn.G.Wade@doj.state.or.us
Louis Hanner Watson    louis@watsonnorris.com
Jeffrey R. Waxman    jwaxman@morrisjames.com, jdawson@morrisjames.com;wweller@morrisjames.com
Christine M.H. Wellons    christine.wellons@maryland.gov
Philip A. Whistler    philip.whistler@icemiller.com, carla.persons@icemiller.com
Bradley Winston    bwinston@winstonlaw.com, lwheaton@winstonlaw.com
Brandon Michael Wise    bwise@prwlegal.com
Cathleen Dianne Wyatt    cwyatt@fbtlaw.com, tacton@fbtlaw.com
Joseph Yar    jyar@nmag.gov, eheltman@nmag.gov
James T Young    james@rubin-levin.net, lking@rubin-levin.net;atty_young@bluestylus.com;mralph@rubin-levin.net
James E. Zoccola    jzoccola@lewis-kappes.com

      I further certify that on January 3, 2018, pursuant to Section IV.C.3(c) of the Case Management Procedures, a copy of the foregoing *Trustee's Motion for Authority to Enter into Settlement of Student Class Action* was emailed to the following:

Arlington ISD/Richardson ISD:  Eboney Cobb at ecobb@pbfcm.com
CEC Red Run, LLC:  Alan M. Grochal at agrochal@tydingslaw.com
SWRE Deal V Building, LLC:  Paul Weiser at pweiser@buchalter.com
Tarrant County/Dallas County:  Elizabeth Weller at dallas.bankruptcy@publicans.com
Northwest Natural Gas Company:  Ashlee Minty at Ashlee.Minty@nwnatural.com

Solar Drive Business, LLC:  Chris W. Halling at challing@hallingmeza.com
Market-Turk Company:  Jordan A. Lavinsky at jlavinsky@hansonbridgett.com
Taxing Authority for Harris County, Texas:  John P. Dillman at houston_bankruptcy@lgbs.com
Texas Comptroller of Public Accounts:  Rachel Obaldo at rachel.obaldo@oag.texas.gov
Clear Creek Independent School District:  Carl O. Sandin at csandin@pbfcm.com
Synchrony Bank:  Recovery Management Systems Corporation at claims@recoverycorp.com
Bexar County:  Don Stecker at sanantonio.bankruptcy@publicans.com
SWRE Deal V Building, LLC:  Nancy K. Swift at nswift@buchalter.com
TN Dept. of Revenue:  Michael Willey at michael.willey@ag.tn.gov
Florida Department of Education:  Benman D. Szeto at benman.szeto@fldoe.org
Last Second Media, Inc.:  T. Todd Egland at tegland@beldenblaine.com
Hung Duong:  Kevin Schwin at kevin@schwinlaw.com
Travis County:  Kay D. Brock at kay.brock@traviscountytx.gov
Able Building Maintenance:  Scott D. Fink at bronationalecf@weltman.com
Marathon Ventures, LLC:  Daniel M. Karger at kargerlaw@gmail.com
Oklahoma County Treasurer:  Tammy Jones at tammy.jones@oklahomacounty.org
JM Partners LLC:  John Marshall at jmarshall@jmpartnersllc.com

*/s/ Deborah J. Caruso*
Deborah J. Caruso

G:\WP80\TRUSTEE\Caruso\ITT Educational - 86723901\Drafts\student claimants settlement motion.docx