**SO ORDERED: May 30, 2018.**



_____
**James M. Carr
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING TRUSTEE'S
MOTION FOR AUTHORITY TO SETTLE CERTAIN
CLASSES OF CONTROVERSIES PURSUANT TO BANKRUPTCY RULE 9019(b)**

This matter is before the Court on the *Trustee's Motion for Authority to Settle Certain Classes of Controversies Pursuant to Bankruptcy Rule 9019(b)* (the "Motion") [Doc 2523], filed by Deborah J. Caruso, the chapter 7 trustee in this case (the "Trustee"). In the Motion, the Trustee requests, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure, entry of an order authorizing the Trustee to compromise and settle

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

Avoidance Claims,[2] prior to or after commencement of an adversary proceeding, pursuant to certain procedures as described in the Motion.

The Court, having considered the Motion and having convened a hearing on May 30, 2018, and being otherwise duly advised in the premises, determines that the Motion should be, and hereby is, GRANTED.  Accordingly,

IT IS THEREFORE ORDERED as follows:

1. The Motion is GRANTED in its entirety.

2. The Trustee is authorized to compromise and settle Avoidance Claims, prior to or after commencement of an adversary proceeding, pursuant to the following procedures:

    **(a)** **Avoidance Claims of $50,000.00 or Less:**

The Trustee is authorized to settle Avoidance Claims in the gross amount of $50,000.00 or less without further order of the Court or additional notice in the case.  In addition, the Trustee is authorized to retain such settlement proceeds for the general administration by the Affiliated Debtors' bankruptcy estates.  The Trustee shall periodically file notices of settlement on an omnibus basis and serve notice of the same pursuant to the Case Management Procedures.  Such notices shall include a schedule of settlements that lists the following information:  (i) settlement party; (ii) adversary proceeding number (if filed); (iii) total Avoidance Claim; and (iv) total settlement amount.

    **(b)** **Avoidance Claims of $50,000.01 or More:**

The Trustee is required to seek Court approval, pursuant to Bankruptcy Rule 9019, for settlements of Avoidance Claims in the gross amount of $50,000.01 or more.  The Trustee is authorized to file motions seeking approval of such settlements on an omnibus basis and serve notice of the same pursuant to the Case Management Procedures.  Such omnibus settlement motions shall include a schedule of settlements that lists the following information:  (i) settlement party; (ii) adversary proceeding number (if filed); (iii) total Avoidance Claim; and (iv) total settlement amount.  The Trustee is to hold all settlement proceeds in escrow until entry of a final, non-appealable order approving the settlement motion.  Upon entry of a final, non-appealable order approving the settlement motion, the Trustee is authorized to retain the settlement proceeds for general administration by the Affiliated Debtors' bankruptcy estates.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings used in the Motion.

**(c)    Parties' Ability to Opt Out of Settlement Procedures:**

The Trustee and/or the settlement party (upon notice to the Trustee) may elect to opt out of the above-referenced settlement procedures. In such an event, the Trustee is required to seek separate Court approval, pursuant to Bankruptcy Rule 9019.

*###*