UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No.  16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE
TRUSTEE TO COMPROMISE AND SETTLE CLAIMS BY AND BETWEEN ITT AND
THE CFPB, (B) AUTHORIZING THE TRUSTEE TO MAKE A LIMITED
APPEARANCE IN THE CFPB ACTION, AND (C) GRANTING RELATED RELIEF**

Deborah J. Caruso, the chapter 7 trustee (the "Trustee") in the above-captioned cases of

ITT Educational Services, Inc. ("ITT"), *et al.* (collectively, the "Debtors"), by and through her

counsel, respectfully submits this motion (the "Motion") for entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Trustee to take all

steps necessary and appropriate to enter into an agreement compromising and settling all claims

(the "Settlement") by and between ITT and the Bureau of Consumer Financial Protection (the

"CFPB"), which Settlement is embodied in the *Proposed Stipulated Final Judgment and Order*

*Against ITT Educational Services, Inc.*, a copy of which is attached to the Proposed Order as

**Exhibit 1**, (ii) authorizing the Trustee to make a limited appearance in the action styled *Consumer*

*Financial Protection Bureau v. ITT Educational Services, Inc.*, Case No. 1:14-cv-00292 (the

"CFPB Action") in the United States District Court for the Southern District of Indiana (the

"District Court") for the sole purpose of requesting approval from the District Court of the

Settlement, and (iii) granting related relief.

In support of the Motion, the Trustee respectfully avers as follows:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are
ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## Jurisdiction

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 363(b), and 502(a) of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5.      **The Debtors' Business**.  Before filing for bankruptcy protection, ITT and its affiliates were leading providers of postsecondary degree programs in the United States.  The Debtors offered (a) master, bachelor, and associate degree programs to roughly 40,000 students; and (b) short-term technology and business learning programs to professionals through the Center for Professional Development.

6.      The Debtors offered these programs at approximately 137 campus locations in 39 states.  In addition, the Debtors offered one or more online programs to students located in all 50 states and the District of Columbia.  All campus locations were authorized by the applicable education authorities of the states in which they operated, and were accredited by an accreditor recognized by the U.S. Department of Education (the "DOE").

7.      **The CFPB Action**.  On February 26, 2014, the CFPB commenced the CFPB Action by filing a complaint against ITT in the District Court.  In the CFPB Action, the CFPB alleged that ITT violated portions of the Consumer Financial Protection Act of 2010 (the "CFPA") and the Truth in Lending Act in connection with ITT's alleged involvement in pushing students into certain private education loan programs (the "CUSO Loans") for ITT students offered through Student Connect CUSO, LLC ("CUSO").

8.     In the CFPB Action, the CFPB sought, among other things, equitable relief, restitution for affected consumers, injunctive relief, disgorgement, rescission, civil penalties, and costs.

9.     On March 6, 2015, prior to the commencement of these chapter 7 proceedings, the District Court issued an order granting ITT's motion to dismiss the Truth in Lending Act claim, but denied ITT's motion to dismiss the remaining claims.  ITT filed an interlocutory appeal to the United States Court of Appeals for the Seventh Circuit, which dismissed the appeal for lack of jurisdiction on June 13, 2016.  The CFPB Action continued to the discovery phase and a trial date was set for January 2018.

10.     **ITT's Bankruptcy**.  By September 2016, however, ITT faced a severe liquidity crisis following the DOE's decision to prohibit ITT's access to federal funds.  As a result, on September 6, 2016, the Debtors announced they would permanently discontinue academic operations.  The next day, the Debtors lost access to their remaining sources of funding.

11.     On September 16, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  On the Petition Date, the Trustee was appointed interim trustee in each of the Debtors' bankruptcy cases pursuant to section 701(a)(1) of the Bankruptcy Code.  Following the conclusion of the first meeting of creditors, the Trustee became the case trustee in each of the Debtors' bankruptcy cases pursuant to section 702(d) of the Bankruptcy Code.  Accordingly, since November 1, 2016, the Trustee has been vested with the power to administer all assets that comprise ITT's bankruptcy estate and has authority to act on behalf of ITT pursuant to section 323 of the Bankruptcy Code.

12.     On October 4, 2016, the Court entered its *Order Granting Motion for Joint Administration of Chapter 7 Cases* [ECF Nos. 221-22], directing the Debtors' bankruptcy cases to

be jointly administered for procedural purposes only.

13.     **The CFPB's Proof of Claim**.  During the bankruptcy proceeding, the CFPB timely filed a proof of claim against ITT.  The CFPB asserted an unsecured claim in an approximate amount of $639 million in connection with its estimate of the value of the CFPB's claims asserted in the CFPB Action.

14.     **The Consensual Stay of the CFPB Action**.  The CFPB Action remained open on the District Court's docket after the Petition Date, and the CFPB intended to move forward with the case notwithstanding the commencement of the bankruptcy proceedings, cessation of ITT's operations, and the appointment of the Trustee.  The Trustee and the CFPB held conflicting views over whether the automatic stay under section 362(a) of the Bankruptcy Code applied to the CFPB Action.  The Trustee asserted that, as a result of the commencement of ITT's chapter 7 cases, the CFPB was statutorily prevented from moving forward with the CFPB Action in the District Court, absent approval from the Bankruptcy Court.  The CFPB maintained that the CFPB Action represented an exercise of the CFPB's regulatory authority, and was, therefore, not subject to the automatic stay by operation of section 362(b)(4) of the Bankruptcy Code.

15.     Certain other regulatory agencies, including the United States Securities and Exchange Commission (the "SEC") and certain states' Attorneys General, also believed that their pre-bankruptcy actions were not subject to the automatic stay.

16.     On October 10, 2016, the Trustee filed (i) an adversary proceeding against the CFPB, SEC, and various other government agencies, styled *Deborah J. Caruso, Trustee for ITT Educational Services, Inc., et al. v. Securities and Exchange Commission, et al.*, Adv. Pro. No. 16-07207-JMC-7A (the "Adversary Proceeding") and (ii) a motion (the "Stay Motion") seeking a preliminary injunction before this Court.  In the Stay Motion, the Trustee sought, *inter alia*, a stay

of the CFPB Action and a declaration that the police and regulatory power exception set forth in section 362(b)(4) of the Bankruptcy Code was inapplicable to the CFPB Action.

17.     On November 2, 2016, the Court conducted a hearing in the Adversary Proceeding to consider the Trustee's Stay Motion and, on November 8, 2016, entered the *Order Temporarily Granting In Part And Denying In Part Trustee's Motion To Stay, Or In The Alternative, For Injunctive Relief Enjoining, Prosecution Of Pending Litigation Against Debtors* [ECF No. 34], which temporarily stayed the CFPB Action on a preliminary basis until further proceedings scheduled for December 21, 2016.

18.     Prior to the continued hearing on December 21, 2016, the Trustee and the CFPB consensually resolved the Trustee's Stay Motion. The parties agreed that a consensual stay of the CFPB Action would remain in effect on a voluntary basis until the parties either (i) completed negotiations to resolve the CFPB Action or (ii) determined that the CFPB Action would need to be litigated to conclusion. At the request of the parties, the Court entered its *Order Approving Agreed Entry Resolving Trustee's Motion to Stay* [ECF No. 101].

19.     The CFPB and the Trustee continued to engage in productive discussions aimed at resolving the CFPB Action and providing relief for former ITT students. At the request of the CFPB, the District Court overseeing the CFPB Action entered a series of orders, beginning on January 26, 2017, tolling all deadlines in the CFPB Action. *See, e.g.*, *Order Granting Motion for Entry of Order* [ECF No. 119].[2]

20.     With the CFPB Action and Adversary Proceeding temporarily in abeyance, the Trustee and the CFPB made consistent, productive, and cooperative progress towards resolving

---

[2] The Trustee did not make an appearance in the District Court in connection with the CFPB's request, and the Trustee has not made an appearance in the District Court with respect to the CFPB Action.

the CFPB's claims against ITT.  The parties also relied on, and received, the cooperation and assistance of this Court and the District Court overseeing the CFPB Action.  That assistance has included, for example, this Court's entry of orders authorizing the Trustee to modify the protective order in the CFPB Action for document- and information-sharing purposes.  *See, e.g.*, *Order (A) Authorizing The Trustee To (I) Agree To A Modified Protective Order With The Consumer Financial Protection Bureau And (II) Provide Notice In Compliance With The Family Educational Rights And Privacy Act, And (B) Granting Related Relief* [ECF No. 2166].  Similarly, on September 8, 2017, the District Court overseeing the CFPB Action entered its *Order Administratively Closing Case* [ECF No. 120], which provided that the case was administratively closed "without prejudice to the right of either party to move to reopen it within sixty (60) days of the Bankruptcy Court's approval of the settlement in this matter."  As discussed below, the parties have now reached a settlement.

21.    **The CUSO Consent Judgment**.  As discussed above, a central concern of the CFPB Action was the Debtors' alleged involvement in pushing students into the CUSO Loans, which the CFPB alleged violated provisions of the CFPA.  Like the CFPB, the Trustee also believed the CUSO Loan program was problematic and, during the pendency of the chapter 7 proceedings, the Trustee commenced an adversary proceeding (the "CUSO Adversary Proceeding") against certain parties involved in the CUSO Loans.

22.    The relief sought by the Trustee in the CUSO Adversary Proceeding, while different from the CFPB Action, shared certain similarities with the relief sought by the CFPB against the Trustee in the CFPB Action.

23.    As more fully set forth in the *Trustee's Motion to Compromise and Settle Adversary Proceeding No. 17-50101* [Docket No. 3391], which was filed on May 7, 2019 (the "CUSO

Settlement Motion"), the Trustee has settled the CUSO Adversary Proceeding.

24.     As described in the CUSO Settlement Motion, the Trustee entered a settlement agreement (the "CUSO Settlement") with the CUSO Parties, the salient terms of which are set forth in the CUSO Settlement Motion.  Additionally, on June 14, 2019, the CFPB commenced an action against the CUSO in the District Court and filed a proposed stipulated judgment (the "Bureau-CUSO Settlement"), which requires the CUSO, among other things, to cease collection of the CUSO Loans. In short, upon the CUSO Settlement and the Bureau-CUSO Settlement becoming effective, the CUSO Parties will cease collection of the CUSO Loans and provide related relief to ITT.

25.     On June 14, 2019, the Court approved the CUSO Settlement and, in accordance therewith, entered a consent judgment.  *Order Granting Trustee's Motion to Compromise and Settle Adversary Proceeding No. 17-50101* [ECF No. 3463].  The judgment permanently restrains and enjoins ITT and the Trustee from taking any action in the exercise of ITT's rights under the CUSO Program Agreements, as that term is defined in the consent judgment, that interferes with (i) the forgiveness, refunding, cancellation, or other modification of the CUSO loans, or (ii) the cessation of collections of the CUSO loans, including, ITT's consent, approval, and demand rights and ITT's right to enforce provisions of the CUSO Program Agreements.

26.     The CUSO Settlement, which has now been approved, was an important step for these estates towards resolution of the CFPB Action.

27.     **The CFPB Settlement**.  Following years of diligent, good-faith negotiations to seek an equitable resolution of the CFPB Action and in light of the CUSO Settlement, the Trustee and the CFPB have agreed to the Settlement, which resolves all matters related to the CFPB Action, subject to Court approval as set forth herein.

7

28.     The proposed Settlement provides meaningful relief to affected consumers, and provides for other important relief sought by the CFPB.  Importantly, in light of the CUSO Settlement, the Bureau-CUSO Settlement, and ITT's agreement not to seek to collect on outstanding CUSO loans, the CFPB has agreed that it will not seek a distribution from ITT's Estate, and the CFPB will amend its proof of claim to reflect a claim of $0.00.  This, in turn, will ensure that there are more funds available for distribution to creditors, including former students, in these chapter 7 cases.

29.     The CFPB Action, however, is not pending in this Court.  Accordingly, the Trustee will need, and is hereby seeking, authority to make a limited appearance in the United States District Court in the CFPB Action to the extent necessary to obtain entry of an order approving the Settlement in the District Court.  Because the CFPB Action was administratively closed, without prejudice, the parties will need to reopen the case for the purpose of effectuating the Settlement and finalizing the CFPB Action.

30.     Under the salient terms of the Settlement, the Trustee and the CFPB agree as follows:

(a)     The CFPB and the Trustee agree to the entry of the Settlement, without adjudication of any issue of fact or law, to settle and resolve all matters in the CFPB Action arising from the conduct of ITT alleged in the complaint filed in the CFPB Action to the date the Settlement is entered.

(b)     Each Party will bear its own costs and expenses, including, without limitation, attorneys' fees.

(c)     A judgment for equitable monetary relief is entered in favor of the CFPB and against ITT in the amount of $60,000,000.

(d)     The CFPB releases and discharges ITT from all potential liability for violations of law that the CFPB has or might have asserted based on the practices described in the CFPB Action, to the extent such practices occurred before the date the Settlement is issued and the CFPB knows about them as of that date.

(e)     Within 45 days of the date the Settlement is issued in the CFPB Action, the CFPB must amend its proof of claim in the Bankruptcy Proceeding to $0.00, such that the CFPB will receive no distribution from ITT's Estate on account of its proof of claim.

(f)     Because ITT and CUSO have agreed to permanently cease all collection on the CUSO Loans, and given the limited amount of funds available in the Estate for distribution to former students, the CFPB has agreed not to seek a distribution in the Bankruptcy Proceedings.

(g)     ITT, whether acting directly or indirectly, is restrained from (i) offering or providing Private Educational Loans—defined as an extension of credit from a source other than a government agency to students for the purpose of meeting the costs of education—to consumers; (ii) offering or providing financial advisory services to consumers related to Private Educational Loans; and (iii) taking any action to directly or indirectly enforce or collect on any CUSO Loan, or  recoup or recover any funds from any consumer who received a CUSO Loan.

(h)     The Trustee's obligations under the Settlement will terminate upon the closure of the Bankruptcy Proceeding.

(i)     The Settlement does not (i) release the CFPB's proof of claim, or (ii) prohibit or prevent the CFPB from participating in the Bankruptcy Proceeding or exercising its rights as a creditor of ITT's Estate

31.     Importantly, the Trustee did not simply agree to the terms of the Settlement without conducting diligence on the CFPB's claims.  In fulfilment of her obligations, the Trustee needed to be satisfied that the CFPB's claims had merit.  Subsequent to the bankruptcy, the Trustee provided the CFPB with access to the company's books and records, including emails and related correspondence (at the CFPB's expense) to permit the CFPB to complete its investigation of ITT and build its case.  Thereafter, the CFPB met with the Trustee and the Trustee's counsel to discuss the allegations in the CFPB Action and the evidence to support the claims.

## The Motion Should Be Approved

32.    As set forth below, the Court has authority to enter the relief requested in this motion pursuant to sections 363(b), 502(a), and 105(a) of the Bankruptcy Code, and Rule 9019 of the Bankruptcy Rules.

33.    Section 363(b) of the Bankruptcy Code, in relevant part, permits the Court to authorize a trustee, after notice and a hearing, to use property of the estate.  *See* 11 U.S.C. § 363(b). The use of property authorized by section 363 of the Bankruptcy Code must "[make] good business sense."  *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006).  *See also In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (section 363 sale involves exercise of fiduciary duties and requires an "articulated business justification").  When applying the "business judgment" standard to a use of estate property under section 363, a trustee's judgment is "entitled to great judicial deference as long as a sound business reason is given."  *See In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).  Here, the Trustee is asking for authority to enter into a Settlement in an action pending in another court, the District Court, and to use estate resources, to the extent necessary to effectuate such Settlement.

34.    Section 502 of the Bankruptcy Code provides, "Once the proof of claim is filed under § 501, the claim is deemed allowed, unless a party in interest objects."  *Matter of Greenig*, 152 F.3d 631, 633 (7th Cir. 1998) (citing 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects.")).  Here, the Trustee is resolving a sizable claim against the estate for substantially less than its asserted value.  Indeed, according to the Settlement, the CFPB will amend its claim to $0.00, which will ensure that other creditors' recoveries are not diluted by the CFPB's claim notwithstanding the judgement of $60,000,000 in favor of the CFPB.

35.    In addition, section 105 of the Bankruptcy Code provides that the Court "may issue

*any* order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a) (emphasis added). *See also In re Caesars Entm't Operating Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015) (noting section 105 is a "broad grant of power").

36.     Bankruptcy Rule 9019(a) permits a bankruptcy court to approve a trustee's "compromise or settlement" after notice and a hearing, if such settlement is "fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994). *See also In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."). Settlements should be approved unless the settlement "falls below the lowest point in the range of reasonableness." *In re Energy Co-op.*, 886 F.2d at 929. "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). At bottom, settlements and compromises are favored in bankruptcy because they expedite case administration and reduce unnecessary administrative costs. *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

37.     The Settlement marks the successful end of years of negotiations between the CFPB and the Trustee. It reflects a series of hard-won compromises that strikes a fair balance of the parties' interests and makes good business sense. The parties expended such efforts because consensual resolution of the CFPB Action is not only critical to resolution of these bankruptcy cases, it represents a benefit to the Debtors' estates and all parties in interest. First, the Settlement will help facilitate conclusion of these chapter 7 cases. In light of the settlements reached with

CUSO and with the class of former ITT students in the class action litigation, the Settlement of the CFPB Action is one of the larger outstanding tasks required to bring closure to the cases. The Settlement of the CFPB Action will resolve one of the largest outstanding potential liabilities against the estate, which, in turn, permits the Trustee to distribute estate assets to creditors, including former students, without reserving for the CFPB's multi-million dollar proof of claim.

38.     Second, the CFPB Action was complex and posed considerable risk to the Debtors' estate. The case involved allegations against ITT spanning back a decade in connection with various private loan programs, financing issues, and credit installment plans. And the CFPB asserted claims under various sections of the CFPA, all of which survived motion practice before the court overseeing the CFPB Action and an attempted interlocutory appeal to the Seventh Circuit Court of Appeals. Based on the CFPB's estimates in its proof of claim, these claims exposed ITT's estate to nearly $640 million in liability for damages and restitution, which would potentially dilute recoveries to other creditor of the estate, including student claimants.

39.     Additionally, no matter the outcome, continued litigation of the CFPB Action would be expensive, inconvenient, and a drain on estate assets. With a case management plan in place and a trial date set for this year, the parties would have to engage in costly discovery practice, requiring the parties to gather years of facts from dozens of corporate and individual actors, file dispositive motions for summary judgment, and prepare for a lengthy trial and potential appeal. The hours, efforts, and funds required for this process cannot be overstated. All of this is avoided by the proposed Settlement.

40.     The Settlement relieves these burdens and benefits the estate and ITT's former students in various ways. First, it is an equitable compromise. The CFPB will obtain a judgment with a monetary amount of $60 million, which the CFPB deems reasonable under the

circumstances. The judgment amount is less than the estimated amount of recovery in the proof of claim, but still a meaningful figure. In exchange, the Trustee will obtain a release of all relevant claims from the CFPB and the CFPB will subsequently reduce the judgment amount to $0.00 (by amending its proof of claim to reflect such amount) and, accordingly, the CFPB will receive no distributions from the ITT estates. Both parties will bear their own costs and fees spent to negotiate these terms and litigate the CFPB Action.

41. Moreover, the Settlement advances the interests of the creditors generally and the students in particular. As explained in the Settlement, former ITT students obtain an immediate benefit in light of the Trustee's agreement to allow the CUSO to permanently cease collection on CUSO loans. As a result, students with outstanding CUSO loans will not face repayment obligations to, or collections actions from, ITT or the Trustee. The creditors benefit, as well, because the Settlement allows the Trustee to focus her energies in finalizing these chapter 7 cases. The Trustee can devote more of her limited resources to, among other things, disposing of the Debtors' remaining assets in an orderly, value-maximizing way and effectuating distributions. Indeed, the Settlement benefits all involved—including the CFPB, which can reallocate its resources to other enforcement matters—and does so while causing no prejudice to other parties.

42. Accordingly, the relief requested in the Motion satisfies the requirements of sections 362(b), 502, and 105 of the Bankruptcy Code, and Rule 9019(a) of the Bankruptcy Rules.

**Notice**

43.     Pursuant to the Notice, Case Management and Administrative Procedures (the "Case Management Procedures") approved by this Court on October 4, 2016 [ECF No. 220], the Trustee will serve a copy of the Motion on the following (as defined in the Case Management Procedures): (a) the Core Group; (b) the Request for Notice List; (c) the Appearance List; and (d) the CFPB.

**NOTICE IS GIVEN**, that pursuant to the Case Management Procedures, any response to this motion must be in writing and filed with the Bankruptcy Clerk by no later than **4:00 p.m.** (prevailing Eastern Time) on **July 3, 2019**.  Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, and overnight/express mail or in person at:

> 116 U.S. Courthouse
> 46 East Ohio Street
> Indianapolis, IN 46204

The objecting party must also serve a copy of the written response upon the Trustee's counsel, at Counsel for Trustee Deborah J. Caruso, Rubin & Levin, P.C., 135 N. Pennsylvania Street, Suite 1400, Indianapolis, IN 46204.  **If a response is NOT timely filed, the requested relief may be granted without a hearing.**

**NOTICE IS FURTHER GIVEN** that in the event an objection to this motion is timely filed, a hearing on this motion and such objection will be conducted on **July 10, 2019** at **1:30 p.m.** (prevailing Eastern time), in Room 325 of the United States Courthouse, 46 East Ohio Street, Indianapolis, IN 46204.

*[Remainder of Page Intentionally Left Blank]*

14

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Motion, (b) authorizing the Trustee to engage in the specified acts in connection with the Settlement, and (c) granting such other relief as is just and proper.

Dated: June 17, 2019
      Indianapolis, Indiana

Respectfully submitted,

*/s/ Timothy Q. Karcher*
Timothy Q. Karcher (admitted *pro hac vice*)
Alex D. Silagi
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

     -and-

Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Co-counsel to the Trustee*

*/s/ Deborah J. Caruso*
Deborah J. Caruso (Atty. No. 4273-49)
John C. Hoard (Atty. No. 8024-49)
James E. Rossow Jr. (Atty. No. 21063-29)
Meredith R. Theisen (Atty. No. 28804-49)
**RUBIN & LEVIN, P.C.**
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411

*Co-counsel to the Trustee*

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 17, 2019, a copy of the foregoing *Trustee's Motion for Entry of an Order (A) Authorizing the Trustee to Compromise and Settle Claims by and Between ITT and the CFPB, (B) Authorizing the Trustee to Make a Limited Appearance in the CFPB Action, and (C) Granting Related Relief* was filed electronically. Pursuant to Section IV.C.3(a) of the Case Management Procedures, notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

John Joseph Allman   jallman@hbkfirm.com, dadams@hbkfirm.com
Richard Allyn   rallyn@robinskaplan.com
Robert N Amkraut   ramkraut@foxrothschild.com
Scott S. Anders   scott.anders@jordanramis.com, litparalegal@jordanramis.com
Manuel German Arreaza   manuel.arreaza@cfpb.gov
Todd Allan Atkinson   tatkinson@ulmer.com
Darren Azman   dazman@mwe.com
Kay Dee Baird   kbaird@kdlegal.com, rhobdy@kdlegal.com;crbpgpleadings@kdlegal.com
Michael I. Baird   baird.michael@pbgc.gov, efile@pbgc.gov
Christopher E. Baker   cbaker@hbkfirm.com, thignight@hbkfirm.com
James David Ballinger   jim@kentuckytrial.com, jennifer@kentuckytrial.com
Joseph E. Bant   jebant@lewisricekc.com
William J. Barrett   william.barrett@bfkn.com, mark.mackowiak@bfkn.com
Ashley Flynn Bartram   ashley.bartram@oag.texas.gov
Alex M Beeman   alex@beemanlawoffice.com, abeeman@reminger.com
Thomas M Beeman   tom@beemanlawoffice.com
Richard James Bernard   rbernard@foley.com
Thomas Berndt   tberndt@robinskaplan.com, jgerboth@robinskaplan.com
John J Berry   john.berry@dinsmore.com, Christina.Lee@DINSMORE.COM
Lauren Beslow   lauren.beslow@quarles.com
Brandon Craig Bickle   bbickle@gablelaw.com
Michael Blumenthal   michael.blumenthal@tklaw.com
David J. Bodle   dbodle@hhclaw.com, layres@hhlaw-in.com
Robert A. Breidenbach   rab@goldsteinpressman.com
Wendy D Brewer   wbrewer@fmdlegal.com, cbellner@fmdlegal.com
Kayla D. Britton   kayla.britton@faegrebd.com, noticeFRindy@faegrebd.com
Robert Bernard Bruner   bob.bruner@nortonrosefulbright.com
Jason R Burke   jburke@bbrlawpc.com, kellis@bbrlawpc.com
Erin Busch   ebusch@nebraska.edu
John Cannizzaro   john.cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com
Kevin M. Capuzzi   kcapuzzi@beneschlaw.com,
lmolinaro@beneschlaw.com;docket@beneschlaw.com
James E. Carlberg   jcarlberg@boselaw.com,
mwakefield@boselaw.com;rmurphy@boselaw.com
Steven Dean Carpenter   scarpenter1@dor.in.gov
Deborah Caruso   dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com

Deborah J. Caruso     trusteecaruso@rubin-levin.net, DJC@trustesolutions.net
Joshua W. Casselman     jcasselman@rubin-levin.net, angie@rubin-levin.net;atty_jcasselman@bluestylus.com
Ben T. Caughey     ben.caughey@merchocaughey.com
Sonia A. Chae     chaes@sec.gov
John Andrew Chanin     jchanin@lindquist.com, srummery@lindquist.com
Courtney Elaine Chilcote     courtney@ckhattorneys.com, ckh@ckhattorneys.com;tracy@ckhattorneys.com
Dale C Christensen     christensen@sewkis.com
Eboney Delane Cobb     ecobb@pbfcm.com
Tiffany Cobb     tscobb@vorys.com
Michael Edward Collins     mcollins@manierherod.com
Michael Anthony Collyard     mcollyard@robinskaplan.com, rhoule@robinskaplan.com
Eileen Connor     econnor@law.harvard.edu
Lawrence D. Coppel     lcoppel@gfrlaw.com
Heather M. Crockett     Heather.Crockett@atg.in.gov, darlene.greenley@atg.in.gov
J Russell Cunningham     rcunningham@dnlc.net, reaster@dnlc.net
Erica Dausch     edausch@babstcalland.com
Melissa J. DeGroff     mjd@kgrlaw.com, cjs@kgrlaw.com
Dustin R. DeNeal     dustin.deneal@faegrebd.com, noticeFRindy@faegrebd.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Stephen Emedi     semedi@law.harvard.edu
Annette England     annette.england@btlaw.com
Charles Anthony Ercole     cercole@klehr.com, acollazo@klehr.com
Carolyn Meredith Fast     carolyn.fast@ag.ny.gov
Elaine Victoria Fenna     elaine.fenna@morganlewis.com
Andrew W Ferich     awf@chimicles.com
Scott Patrick Fisher     sfisher@drewrysimmons.com, lgarrison@DSVlaw.com
John David Folds     dfolds@bakerdonelson.com, sparson@bakerdonelson.com
Jennifer N Fountain     jfountain@iislaw.com, sfilippini@iislaw.com
Sarah Lynn Fowler     sarah.fowler@mbcblaw.com, deidre.gastenveld@mbcblaw.com
Robert W. Fuller     rfuller@rbh.com
Carlos Galliani     carlos@thelidjifirm.com
Jonathan William Garlough     jgarlough@foley.com, mstockl@foley.com;mdlee@foley.com
Lisa Giandomenico     lgiandomenico@nmag.gov
Lea Pauley Goff     lea.goff@skofirm.com, emily.keith@skofirm.com
Barry S. Gold     bgold@mmlawus.com
John C Goodchild     john.goodchild@morganlewis.com
Douglas Gooding     dgooding@choate.com
John Andrew Goodridge     jagoodridge@jaglo.com, angray@jaglo.com;dwhiggs@jaglo.com
Michael Wayne Grant     michael.w.grant@doj.state.or.us
Richard Grayson Grant     rgrant@rgglaw.com, grantecf@gmail.com
Alan Mark Grochal     agrochal@tydingslaw.com
Elizabeth N. Hahn     ehahn@rubin-levin.net, mralph@rubin-levin.net
Gregory Forrest Hahn     ghahn@boselaw.com, jmcneeley@boselaw.com
Julian Ari Hammond     Jhammond@hammondlawpc.com, ppecherskaya@hammondlawpc.com

2

Wallace M Handler     whandler@swappc.com, kkloock@swappc.com
William J. Hanlon     whanlon@seyfarth.com
Adam Craig Harris     adam.harris@srz.com
Brian Hauck     bhauck@jenner.com
Jeffrey M. Hawkinson     jhawkinson@pcslegal.com, danderson@pcslegal.com
Michael J. Hebenstreit     mjh@whzlaw.com,
arlene@whzlaw.com;ene@whzlaw.com;kdt@whzlaw.com
Amanda Marie Hendren     amanda@indianalawgroup.com
Claude Michael Higgins     Michael.Higgins@ag.ny.gov
Michael W. Hile     mhile@jacobsonhile.com, assistant@jacobsonhile.com
Sean M Hirschten     shirschten@psrb.com
Robert M. Hirsh     robert.hirsh@arentfox.com
John C. Hoard     johnh@rubin-levin.net, jkrichbaum@rubin-
levin.net;atty_jch@trustesolutions.com;sturpin@rubin-levin.net
Curt Derek Hochbein     chochbein@rubin-levin.net, mralph@rubin-levin.net;lking@rubin-
levin.net;atty_chochbein@bluestylus.com;robin@rubin-levin.net
Jeffrey A Hokanson     jeff.hokanson@icemiller.com, bgnotices@icemiller.com
Steven Howard Holinstat     sholinstat@proskauer.com
Diana Hooley     diana.hooley@state.ma.us
Thomas Ross Hooper     hooper@sewkis.com
George Wade Hopper     ghopper@cohenandmalad.com, klandeck@cohenandmalad.com
Andrew E. Houha     bkecfnotices@johnsonblumberg.com
Andrew W. Hull     awhull@hooverhullturner.com, fgipson@hooverhullturner.com
James C Jacobsen     jjacobsen@nmag.gov, eheltman@nmag.gov
Christine K. Jacobson     cjacobson@jacobsonhile.com, 5412@notices.nextchapterbk.com
Jay Jaffe     jay.jaffe@faegrebd.com, noticeFRindy@faegrebd.com
David Januszewski     djanuszewski@cahill.com
Benjamin F Johns     bfj@chimicles.com, klw@chimicles.com
Russell Ray Johnson     russj4478@aol.com
Kenneth C. Jones     kcjones@lewisricekc.com
Anthony R. Jost     tjost@rbelaw.com, baldous@rbelaw.com
David J. Jurkiewicz     DJurkiewicz@boselaw.com,
mwakefield@boselaw.com;rmurphy@boselaw.com;dlingenfelter@boselaw.com
Aaron Kappler     akappler@tokn.com
Timothy Q. Karcher     tkarcher@proskauer.com
Steven Joseph Kasyjanski     sjk-yount-atty@ameritech.net, skasyjan@gmail.com
Alan Katz     akatz@lockelord.com
Richard B. Kaufman     richardkfmn@gmail.com
Carly Kessler     ckessler@robinskaplan.com
John M. Ketcham     jketcham@psrb.com, scox@psrb.com
Taejin Kim     tae.kim@srz.com
Edward M King     tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
Roy F. Kiplinger     bankruptcy@kiplingerlaw.com, bankruptcy@kiplingerlaw.com
Jackson Taylor Kirklin     taylor.kirklin@usdoj.gov,
denise.woody@usdoj.gov;melanie.crouch@usdoj.gov
James A. Knauer     jak@kgrlaw.com, tjf@kgrlaw.com

Kevin Dale Koons     kkoons@kgrlaw.com
Harris J. Koroglu     hkoroglu@shutts.com, fsantelices@shutts.com
Lawrence Joel Kotler     ljkotler@duanemorris.com
Robert R Kracht     rrk@mccarthylebit.com
Andrew L. Kraemer     akraemer@johnsonblumberg.com, akraemerlawoffice@att.net
David R. Krebs     dkrebs@hbkfirm.com, dadams@hbkfirm.com
Jerrold Scott Kulback     jkulback@archerlaw.com
Jay R LaBarge     jlabarge@stroblpc.com
Darryl S Laddin     bkrfilings@agg.com
Michael J. Langlois     mlanglois@shouselanglois.com, rshouse@shouselanglois.com
Vilda Samuel Laurin     slaurin@boselaw.com
Jordan A Lavinsky     jlavinsky@hansonbridgett.com
Todd Evan Leatherman     todd.leatherman@ky.gov
David S Lefere     dlefere@mikameyers.com, jfortney@mikameyers.com
Anthony Darrell Lehman     alehman@hpwlegal.com
Martha R. Lehman     mlehman@salawus.com,
marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Gary H Leibowitz     gleibowitz@coleschotz.com,
pratkowiak@coleschotz.com;gleibowitz@coleschotz.com
Donald D Levenhagen     dlevenhagen@landmanbeatty.com
Elizabeth Marie Little     elizabeth.little@faegrebd.com
Edward J LoBello     elobello@msek.com
Melinda Hoover MacAnally     Melinda.MacAnally@atg.in.gov,
Carrie.Spann@atg.in.gov;Kenyatta.Peerman@atg.in.gov
Christopher John Madaio     Cmadaio@oag.state.md.us
John A. Majors     jam@morganandpottinger.com, majormajors44@yahoo.com
Steven A. Malcoun     dsmith@mayallaw.com
Jonathan Marshall     jmarshall@choate.com
Thomas Marvin Martin     tmmartin@lewisricekc.com
Jeff J. Marwil     jmarwil@proskauer.com,
npetrov@proskauer.com;pyoung@proskauer.com;sholinstat@proskauer.com
Richard J Mason     rmason@mcguirewoods.com
C. Ed Massey     mbracken@nkylawyers.com, cedmassey@nkylawyers.com
Ann Wilkinson Matthews     amatthews@ncdoj.gov
Rachel Jaffe Mauceri     rachel.mauceri@morganlewis.com
Michael Wesley McBride     mmcbride@cohenandmalad.com, klandeck@cohenandmalad.com
Michael K. McCrory     mmccrory@btlaw.com, bankruptcyindy@btlaw.com
Maureen Elin McOwen     molly.mcowen@cfpb.gov
Harley K Means     hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com
Toby Merrill     tomerrill@law.harvard.edu, ppsl@law.harvard.edu
Robert W. Miller     rmiller@manierherod.com
Sherry Millman     smillman@stroock.com
Jason Milstone     jason.milstone@cmsenergy.com
Thomas E Mixdorf     thomas.mixdorf@icemiller.com, brandy.matney@icemiller.com
Evgeny Grigori Mogilevsky     eugene@egmlegal.com,
emily@egmlegal.com;mogilevskyer41855@notify.bestcase.com

James P Moloy     jmoloy@boselaw.com,
dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore     Ronald.Moore@usdoj.gov
Hal F Morris     hal.morris@oag.texas.gov
Michael David Morris     michael.morris@ago.mo.gov
Kevin Alonzo Morrissey     kmorrissey@lewis-kappes.com, soliver@lewis-
kappes.com;leckert@lewis-kappes.com;kwilliams@lewis-kappes.com
Whitney L Mosby     wmosby@bgdlegal.com, fwolfe@bgdlegal.com
C Daniel Motsinger     cmotsinger@kdlegal.com,
cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;shammersley@kdlegal.com
Lee Duck Moylan     lmoylan@klehr.com, acollazo@klehr.com
Joseph L. Mulvey     joseph@mulveylawllc.com, linda@mulveylawllc.com
Abraham Murphy     murphy@abrahammurphy.com
Justin Scott Murray     jmurray@atg.state.il.us
Alissa M. Nann     anann@foley.com, DHeffer@foley.com
Henry Seiji Newman     hsnewman@dglaw.com
Kevin M. Newman     knewman@menterlaw.com, kmnbk@menterlaw.com
Cassandra A. Nielsen     cnielsen@rubin-levin.net,
atty_cnielsen@bluestylus.com,mralph@rubin-levin.net;lking@rubin-levin.net
Ryan Charles Nixon     rcnixon@lamarcalawgroup.com
Isaac Nutovic     inutovic@nutovic.com
Michael O'Donnell     mike.odonnell@nortonrosefulbright.com
Gregory Ostendorf     gostendorf@scopelitis.com, agregory@scopelitis.com
Weston Erick Overturf     wes.overturf@mbcblaw.com,
deidre.gastenveld@mbcblaw.com;ellen.sauter@mbcblaw.com
Pamela A. Paige     ppaige@plunkettcooney.com, amiller@plunkettcooney.com
Kenneth Pasquale     kpasquale@stroock.com
Eric Pendergraft     ependergraft@slp.law, dwoodall@slp.law;bss@slp.law
Danielle Ann Pham     danielle.pham@usdoj.gov
Anthony Pirraglia     anthony.pirraglia@tklaw.com
Jack A Raisner     jar@outtengolden.com,
kdeleon@outtengolden.com;jquinonez@outtengolden.com
Jonathan Hjalmer Reischl     jonathan.reischl@cfpb.gov
Michael Rella     mrella@mmlawus.com
Caroline Ellona Richardson     caroline@paganelligroup.com, anna@paganelligroup.com
James Leigh Richmond     James.Richmond@fldoe.org
Mai Lan Gabrielle Rodgers     Rodgers.MaiLan@pbgc.gov, efile@pbgc.gov
John M. Rogers     johnr@rubin-levin.net, jkrichbaum@rubin-
levin.net;atty_rogers@bluestylus.com;mralph@rubin-levin.net
Melissa M. Root     mroot@jenner.com, wwilliams@jenner.com
David A. Rosenthal     darlaw@nlci.com
James E Rossow     jim@rubin-levin.net, ATTY_JER@trustesolutions.com;robin@rubin-
levin.net
Rene Sara Roupinian     rsr@outtengolden.com,
jxh@outtengolden.com;kdeleon@outtengolden.com;rfisher@outtengolden.com;gl@outtengolde
n.com;jquinonez@outtengolden.com

Victoria Fay Roytenberg     vroytenberg@law.harvard.edu, jjimenez@law.harvard.edu
Steven Eric Runyan     ser@kgrlaw.com
Craig Damon Rust     craig.rust@doj.ca.gov, Lindsay.Bensen@doj.ca.gov
Karl T Ryan     info@ryanesq.com, kryan@ryanesq.com
Joseph Michael Sanders     jsanders@atg.state.il.us
Thomas C Scherer     tscherer@bgdlegal.com, fwolfe@bgdlegal.com
James R. Schrier     jrs@rtslawfirm.com, lrobison@rtslawfirm.com;jlandes@rtslawfirm.com
Ronald James Schutz     rschutz@robinskaplan.com
H. Jeffrey Schwartz     jschwartz@robinskaplan.com
Courtney Michelle Scott     cscott1@dor.in.gov
Joseph E Shickich     jshickich@foxrothschild.com, vmagda@foxrothschild.com
Randall R Shouse     rshouse@shouselanglois.com, mlanglois@shouselanglois.com
William E Smith     wsmith@k-glaw.com, clipke@k-glaw.com
Lauren C. Sorrell     lsorrell@kdlegal.com,
ayeskie@kdlegal.com;swaddell@kdlegal.com;cmotsinger@kdlegal.com;shammersley@kdlegal.
com
Berry Dan Spears     berrydspears616@gmail.com
Catherine L. Steege     csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
LaChelle D Stepp     lstepp@steppjaffe.com, lastepp@yahoo.com
Jason V Stitt     jstitt@kmklaw.com
Sharon Stolte     sstolte@sandbergphoenix.com
Jesse Ellsworth Summers     esummers@burr.com, sguest@burr.com
Matthew G. Summers     summersm@ballardspahr.com, lanoc@ballardspahr.com
Jonathan David Sundheimer     jsundheimer@btlaw.com
Nathan L Swehla     nswehla@graydon.law
Nancy K. Swift     nswift@buchalter.com, cbohnsack@buchalter.com
Andrew W.J. Tarr     atarr@robinsonbradshaw.com, jrobey@robinsonbradshaw.com
Eric Jay Taube     eric.taube@wallerlaw.com,
annmarie.jezisek@wallerlaw.com;sherri.savala@wallerlaw.com
Meredith R. Theisen     mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-
levin.net
Meredith R. Theisen     mtheisen@rubin-levin.net,
atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
Jessica L Titler     jt@chimicles.com
David Tocco     djtocco@vorys.com, mdwalkuski@vorys.com
Todd Christian Toral     todd.toral@dlapiper.com, todd-toral-9280@ecf.pacerpro.com
Ronald M. Tucker     rtucker@simon.com, cmartin@simon.com,bankruptcy@simon.com
Christopher Turner     christopher.turner@lw.com, DClitserv@lw.com
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov
Michael Ungar     MUngar@mwe.com
Lauren Valkenaar     lauren.valkenaar@nortonrosefulbright.com
Sally E Veghte     sveghte@klehr.com, acollazo@klehr.com
Rachel Claire Verbeke     rverbeke@stroblpc.com
Aimee Vidaurri     aimee.vidaurri@nortonrosefulbright.com
Amy L VonDielingen     avondielingen@woodmclaw.com
Amy E Vulpio     vulpioa@whiteandwilliams.com

Carolyn Graff Wade    Carolyn.G.Wade@doj.state.or.us
Christopher D Wagner    cwagner@hooverhullturner.com
Louis Hanner Watson    louis@watsonnorris.com
Jeffrey R. Waxman    jwaxman@morrisjames.com,
jdawson@morrisjames.com;wweller@morrisjames.com
Philip A. Whistler    philip.whistler@icemiller.com, holly.minnis@icemiller.com
Bradley Winston    bwinston@winstonlaw.com, lwheaton@winstonlaw.com
Brandon Michael Wise    bwise@prwlegal.com
Cathleen Dianne Wyatt    cwyatt@fbtlaw.com, tacton@fbtlaw.com
James T Young    james@rubin-levin.net, lking@rubin-levin.net;atty_young@bluestylus.com
James E. Zoccola    jzoccola@lewis-kappes.com

I further certify that on June 17, 2019, pursuant to Section IV.C.3(c) of the Case Management Procedures, a copy of the foregoing *Trustee's Motion for Entry of an Order (A) Authorizing the Trustee to Compromise and Settle Claims by and Between ITT and the CFPB, (B) Authorizing the Trustee to Make a Limited Appearance in the CFPB Action, and (C) Granting Related Relief* was emailed to the following:

Arlington ISD/Richardson ISD:  Eboney Cobb at ecobb@pbfcm.com
CEC Red Run, LLC:  Alan M. Grochal at agrochal@tydingslaw.com
SWRE Deal V Building, LLC:  Paul Weiser at pweiser@buchalter.com
Tarrant County/Dallas County:  Elizabeth Weller at dallas.bankruptcy@publicans.com
Northwest Natural Gas Company:  Ashlee Minty at Ashlee.Minty@nwnatural.com
Solar Drive Business, LLC:  Chris W. Halling at challing@hallingmeza.com
Market-Turk Company:  Jordan A. Lavinsky at jlavinsky@hansonbridgett.com
Taxing Authority for Harris County, Texas:  John P. Dillman at houston_bankruptcy@lgbs.com
Texas Comptroller of Public Accounts:  Rachel Obaldo at rachel.obaldo@oag.texas.gov
Clear Creek Independent School District:  Carl O. Sandin at csandin@pbfcm.com
Synchrony Bank:  Recovery Management Systems Corporation at claims@recoverycorp.com
Bexar County:  Don Stecker at sanantonio.bankruptcy@publicans.com
SWRE Deal V Building, LLC:  Nancy K. Swift at nswift@buchalter.com
TN Dept. of Revenue:  Michael Willey at michael.willey@ag.tn.gov
Florida Department of Education:  Benman D. Szeto at benman.szeto@fldoe.org
Last Second Media, Inc.:  T. Todd Egland at tegland@beldenblaine.com
Hung Duong:  Kevin Schwin at kevin@schwinlaw.com
Travis County:  Kay D. Brock at kay.brock@traviscountytx.gov
Able Building Maintenance:  Scott D. Fink at bronationalecf@weltman.com
Marathon Ventures, LLC:  Daniel M. Karger at kargerlaw@gmail.com
Oklahoma County Treasurer:  Tammy Jones at tammy.jones@oklahomacounty.org
JM Partners LLC:  John Marshall at jmarshall@jmpartnersllc.com

*/s/ Deborah J. Caruso*
Deborah J. Caruso

g:\wp80\trustee\caruso\itt educational - 86723901\drafts\cfpb settlement motion final.docx