## EXHIBIT A
**[Proposed Order]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] ) | Case No. 16-07207-JMC-7A |
| ) | |
| Debtors. ) | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE
AND SETTLE CERTAIN CLAIMS ASSERTED AGAINST ITT'S FORMER
CHIEF EXECUTIVE OFFICER AND ITT'S FORMER BOARD OF DIRECTORS**

This matter is before the Court on the *Trustee's Motion to Compromise and Settle Certain Claims Asserted Against ITT's Former Chief Executive Officer and ITT's Former Board of Directors* (the "Motion") [Doc ____], filed by Deborah J. Caruso, the chapter 7 trustee in this case (the "Trustee"). In the Motion, the Trustee, acting for and on behalf of the Affiliated Debtors,[2] requests entry of an order approving the Settlement Agreement by and between the Trustee and each of the Affiliated Debtors' respective bankruptcy estates, on the one hand, and on the other hand, ITT's former Chief Executive Officer Kevin Modany ("Modany"), and eight individuals who served as members of ITT's board of directors (the "Board") during all or part

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].
[2] Capitalized terms used but not otherwise defined herein shall have the meanings used in the Motion.

of the period beginning on April 20, 20216 and ending with ITT's September 16, 2016 bankruptcy filing: John E. Dean ("Dean"), C. David Brown II ("Brown"), Joanna T. Lau ("Lau"), Thomas I. Morgan ("Morgan"), John Vincent Weber ("Weber"), John F. Cozzi ("Cozzi"), Samuel L. Odle ("Odle"), and Jerry M. Cohen ("Cohen," and together with Dean, Brown, Lau, Morgan, Weber, Cozzi, and Odle, the "Directors" and, collectively with Modany, the "Defendants"), on the other hand, a copy of which was submitted with the Motion.

The Court, having considered the Motion and having conducted a hearing on October 26, 2022, being otherwise duly advised in the premises and after due deliberation and consideration of the records in this case and the related Adversary Proceeding, District Court Case and Appeal, determines that the Motion should be, and hereby is, GRANTED. Accordingly,

**IT IS THEREFORE ORDERED** as follows:

1. The Motion is GRANTED in its entirety.

2. The Trustee is authorized and directed to take all actions required under the Settlement Agreement and all such actions are hereby approved.

3. Pursuant to the standards set forth under Bankruptcy Rule 9019, the Court finds that the proposed Settlement Agreement is fair, reasonable, adequate and within the range of reasonable settlements.

4. No later than thirty (30) days after the Effective Date, the Defendants shall jointly deliver, or cause to be delivered to the Trustee the sum of $370,000.00 (the "Settlement Payment"). No later than the fifth (5th) business day after receipt of the Settlement Payment, the Trustee shall file with the Clerk of the Court of Appeals, pursuant to Federal Rule of Appellate Procedure 42(b), a copy of the signed Dismissal Agreement attached to the Settlement Agreement as **Exhibit 2**.

5. Claim No. 2452 in ITT's bankruptcy case filed by Modany is hereby allowed in the total amount of $5,008,199.00, with $6,404.64 entitled to priority under section 507(a)(4) of the Bankruptcy Code and the remaining $5,001,794.36 to be treated as a general unsecured claim. Claim No. 846 in ITT's bankruptcy case filed by Modany is hereby disallowed in its entirety as been subsequently amended and replaced by Claim No. 2452. Modany shall not amend, modify, or supplement the amount or priority of Claim No. 2452 in ITT's bankruptcy case, nor shall he or any of the Directors assert any other claims in any of the bankruptcy cases filed by the Affiliated Debtors.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order will be effective immediately and enforceable upon entry of this Order.

7. This Court shall retain jurisdiction to interpret and to construe, and to implement and to enforce the terms of, the Settlement Agreement and this Order.

###