**<u>EXHIBIT B</u>**

**[Settlement Agreement]**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Deborah J. Caruso, the Chapter 7 trustee (the "Trustee") for, and acting for and on behalf of ITT Educational Services, Inc. ("ITT"), ESI Service Corp. ("ESI") and Daniel Webster College, Inc. ("DWC") (ITT, ESI and DWC, together, the "Debtors"), and each of the Debtors' respective bankruptcy estates (the "Estates"), on the one hand, and on the other hand, ITT's former Chief Executive Officer Kevin Modany ("Modany"), and eight individuals who served as members of ITT's board of directors (the "Board") during all or part of the period beginning on April 20, 2016 and ending with ITT's September 16, 2016 bankruptcy filing: John E. Dean ("Dean"), C. David Brown II ("Brown"), Joanna T. Lau ("Lau"), Thomas I. Morgan ("Morgan"), John Vincent Weber ("Weber"), John F. Cozzi ("Cozzi"), Samuel L. Odle ("Odle"), and Jerry M. Cohen ("Cohen," and together with Dean, Brown, Lau, Morgan, Weber, Cozzi, and Odle, the "Directors" and, collectively with Modany, the "Defendants"), each of whom is a "Party" and all parties referenced above are, collectively, the "Parties".

## RECITALS

On September 16, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (11 U.S.C. §§ 101, *et. seq.*, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"), which cases are being jointly administered in the Bankruptcy Court under Case No. 16-07207-JMC-7A (the "Bankruptcy Case").

The Trustee was appointed interim trustee on the Petition Date, under § 701(a)(1) of the Bankruptcy Code, and thereafter became the case trustee in each of the Debtors' bankruptcy cases following the conclusion of the first meeting of creditors on November 1, 2016, under § 702(d) of the Bankruptcy Code.

On May 31, 2018, the Trustee commenced an adversary proceeding in the Bankruptcy Court, captioned *Deborah J. Caruso, as Chapter 7 Trustee for ITT Educational Services, Inc., ESI Service Corp. and Daniel Webster College, Inc. v. Kevin Modany, John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I. Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen,* Adv. Proc. No. No. 18-50100 (the "Adversary Proceeding"), asserting claims against the Defendants for alleged breach of fiduciary duty and equitable subordination of claims arising from Defendants' alleged breach of their fiduciary duties of loyalty, care, and good faith owing to ITT and its stakeholders during the period April 20, 2016 until ITT's bankruptcy filing on September 16, 2016.

On June 28, 2018, the Directors filed a motion in the Adversary Proceeding seeking to withdraw the reference, and on January 7, 2019, the United States District Court for the Southern District of Indiana (the "District Court") entered an Order withdrawing reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157(d), after which the proceeding was transferred to the District Court under Case No. 1:18-cv-02182-JPH-TAB (the "District Court Case").

On May 23, 2019, Modany and the Directors filed separate motions to dismiss for failure to state a claim [Dkt. Nos. 39, 40], and on January 29, 2020, the District Court granted the motion to dismiss filed by the Directors, but denied the motion to dismiss filed by Modany [Dkt. No. 69].

Modany thereafter filed a motion for summary judgment [Dkt. No. 108], which was granted by the District Court on June 27, 2022 [Dkt. No. 175].  On the same date, the District Court entered a final order dismissing the action as to all Defendants and claims (the "Final Order") [Dkt. No. 176].

On July 22, 2022, the Trustee filed her notice of appeal to the Seventh Circuit Court of Appeals (the "Court of Appeals") with respect to the Final Order dismissing all claims against all Defendants [Dkt. No. 177].  On July 25, 2022, the appeal was docketed with the Court of Appeals as Case No: 22-2292 (the "Appeal").

All Parties subsequently participated in mediation of all issues (the "Mediation"), as directed by an Order issued by the Court of Appeals on July 29, 2022, pursuant to Rule 33 of the Federal Rules of Appellate Procedure and Circuit Rule 33.

As a result of the Mediation and the Parties' deliberations, and after consultation with their respective counsel, the Parties have concluded that the compromise and settlement provided herein is fair and reasonable, and that it is in their respective best interests and the best interests of the Estates to resolve their disputes on the terms set forth in this Agreement, without any Party admitting any liability therefor.

The foregoing recitals do not reflect all of the facts and circumstances and/or all of the legal and factual arguments or contentions of the Parties regarding the matters concluded by this Agreement and/or that led up to the execution of this Agreement.

**NOW, THEREFORE,** the Parties agree as follows:

1.    **Conditions Precedent to Effectiveness of Agreement.**

a.    Other than as set forth in this Section, the effectiveness and enforceability of this Agreement against the Parties is subject to and conditioned on: (i) all of the Parties having executed this Agreement; and (ii) the entry of a final order by the Bankruptcy Court approving this Agreement.  The occurrence of the last of the above to occur shall constitute the "Effective Date." For purposes of this Section, "final order" means an order of the Bankruptcy Court, as entered on the docket of the Bankruptcy Court, the operation or effect of which has not been stayed, reversed, vacated, modified or amended, and as to which order the time to appeal has expired and as to which no appeal or motion for stay or other relief from such order was filed or, if filed, remains pending; provided, however, that the possibility that a motion may be filed pursuant to Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure beyond the time to appeal shall not mean that an order is not a final order.

b.    In the event this Agreement is not approved by the Bankruptcy Court then: (i) to the extent reasonably practicable, the Parties shall be restored to their respective positions as

of the date of this Agreement with all of their respective claims and defenses preserved as they existed on that date; and (ii) except for the provisions of this Section 1(b), the terms and provisions of this Agreement shall be null and void and shall have no further force or effect with respect to the Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of this Agreement) shall be used in any action or proceeding for any purpose.

2.    **Defendants' Settlement Payment.**    No later than thirty (30) days after the Effective Date, Defendants shall jointly deliver, or cause to be delivered, to the Trustee, via funds transfer according to transfer instructions provided by the Trustee, the sum of Three Hundred Seventy Thousand dollars ($370,000.00) (the "Settlement Payment"). The day on which the Trustee receives the Settlement Payment shall be referred to as the "Receipt Date."

3.    **Treatment of Defendants' Claims in the Bankruptcy Case.**

a.    Modany filed Claim No. 2452 in ITT's bankruptcy case for the total sum of $5,008,199.00 for amounts due under ITT's Senior Executive Severance Plan. Claim No. 2452 includes $12,850.00 as a § 507(a)(4) priority claim and the remainder of the claim is a general unsecured claim.  $6,404.64 of $12,850.00 shall be allowed as a § 507(a)(4) priority claim, and $5,001,794.36.00 shall be allowed as a general unsecured claim. The amount of Modany's § 507(a)(4) priority claim was arrived at by netting out the funds received by Modany under the WARN class action settlement.  Modany shall not waive any right to distribution on account of Claim No. 2452 as a result of accepting and depositing payment received from the WARN class action settlement in the amount of $6,445.36.  Claim No. 846 filed by Modany in ITT's bankruptcy case shall be disallowed, having been subsequently amended and replaced by Claim No. 2452 in ITT's bankruptcy case.  The Trustee shall not object to allowance of Claim No. 2452, which shall be allowed in the amounts specified in this paragraph.  Modany shall not amend, modify or supplement the amount or priority of his allowed Claim No. 2452, nor shall he assert any other claims in any of the bankruptcy cases filed by the Debtors.

b.    Claims filed by the Directors in ITT's bankruptcy case have previously either been withdrawn or disallowed, and the Directors shall not assert any other claims in any of the bankruptcy cases filed by the Debtors.

4.    **Defendants' Statement.** Attached to this Agreement as Exhibit "1" is the Defendants' Statement expressing the Defendants' position regarding the District Court's rulings in the District Court Case.

5.    **Dismissal of the Appeal.**  No later than the fifth (5th) business day after the Receipt Date, the Trustee shall file with the Clerk of the Court of Appeals, pursuant to Federal Rule of Appellate Procedure 42(b), a copy of the signed Dismissal Agreement attached hereto as Exhibit "2," dismissing the Appeal with prejudice pursuant to the terms of this Agreement and with each Party to bear its own costs, expenses, and attorneys' fees.

6.    **Release by the Debtors.**

a.    Subject to and conditioned upon the occurrence of the Effective Date, receipt of the Settlement Payment by the Trustee, and Dismissal of the Appeal as provided in this Agreement, the Estates and the Debtors hereby fully and unconditionally release, remise, acquit and forever discharge all Defendants and any of their past, present and future agents, attorneys, professionals, employees, representatives, heirs, estates, beneficiaries, administrators, trustees, executors, personal representatives, insurers, principals, affiliates, predecessors, successors, assigns and any other representatives, individuals and/or entities acting on their behalf, each in his, her or its capacity as such (the "Defendant Released Parties") from any and all charges, complaints, claims, actions, causes of action, proceedings, appeals, suits, rights, demands, damages, defenses, costs, losses, debts, expenses, liabilities, obligations, liens, promises, agreements, and controversies (including but not limited to attorneys' fees and costs actually incurred) of any kind or nature whatsoever, both in law and equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, based on any facts arising before the Effective Date (collectively, the "Estates' Released Claims").

b.    The Trustee, on behalf of the Debtors, represents, warrants and covenants that the Debtors have not assigned any or all of the Estates' Released Claims as against any Defendant Released Party and shall not directly or indirectly (including derivatively) assert any Estates' Released Claim against any Defendant Released Party.

c.    With respect to the Estates' Released Claims, the Trustee, on behalf of the Debtors and the Estates, expressly waives any and all rights that the Estates may have under any applicable statute or doctrine or principle of law restricting the release of claims that a releasor does not know or suspect to exist at the time of executing a release, which claims, if known, may have materially affected the releasor's decision to give the release. In connection with this waiver and relinquishment, the Trustee is aware that she may hereafter discover claims currently unknown or unsuspected, or facts in addition to or different from those that she now knows or believes to be true with respect to the matters released herein. Nevertheless, it is the joint intention of all Parties to the Agreement that the Agreement and this release shall settle each and every claim, dispute, and controversy, known or unknown, fixed or contingent, that the Debtors and the Estates have or may have against the Defendant Released Parties. In furtherance of this intention, the release given hereunder, on behalf of the Debtors and the Estates, shall remain in effect as full and complete releases notwithstanding the discovery or existence of any facts or claims.

d.    Notwithstanding the foregoing, nothing in the preceding subsection of this section shall apply to the performance or enforcement of obligations created by this Agreement.

7.    **Release by Defendants.**

a.    Subject to and conditioned upon the occurrence of the Effective Date, receipt of the Settlement Payment by the Trustee, and Dismissal of the Appeal as provided in this Agreement, the Defendants and each of them fully and unconditionally release, remise, acquit and forever discharge the Trustee (in both her personal/individual capacity and in her capacity as Trustee), the Debtors, and the Estates and any of their past, present and future agents, attorneys, professionals, employees, representatives, heirs, estates, beneficiaries, administrators, trustees,

executors, personal representatives, insurers, principals, affiliates, predecessors, successors, assigns, and any other representatives, individuals and/or entities acting on their behalf, each in his, hers or its capacity as such (the "Trustee Released Parties") from any and all charges, complaints, claims, actions, causes of action, proceedings, appeals, suits, rights, demands, damages, defenses, costs, losses, debts, expenses, liabilities, obligations, liens, promises, agreements, and controversies (including but not limited to attorneys' fees and costs actually incurred) of any kind or nature whatsoever, both in law and equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, based on any facts arising before the Effective Date (collectively, the "Defendants' Released Claims"), except for the claims expressly allowed and provided for in paragraph 3(a) this Agreement.

b.      The Defendants represent, warrant and covenant that they have not assigned any or all of the Defendants' Released Claims as against any Trustee Released Party, and shall not directly or indirectly (including derivatively) assert any Defendants' Released Claim against any Trustee Released Party.

c.      With respect to the Defendants' Released Claims, the Defendants, and each of them, expressly waive any and all rights they may have under any applicable statute or doctrine or principle of law restricting the release of claims that a releasor does not know or suspect to exist at the time of executing a release, which claims, if known, may have materially affected the releasor's decision to give the release. In connection with this waiver and relinquishment, the Defendants are aware that they may hereafter discover claims currently unknown or unsuspected, or facts in addition to or different from those that now known or believed to be true with respect to the matters released herein. Nevertheless, it is the joint intention of all Parties to the Agreement that the Agreement and this release shall settle each and every Defendant Released Claim. In furtherance of this intention, the Defendants' Release given hereunder shall remain in effect as full and complete releases notwithstanding the discovery or existence of any facts or claims.

d.      Notwithstanding the foregoing, nothing in the preceding subsection of this section shall apply to the performance or enforcement of obligations expressly allowed and provided for in this Agreement.

**8.      Authority of Parties.**

a.      Each Party hereby represents and warrants that he or she has full authority to enter into this Agreement, including the releases in Sections 6 and 7, subject to the conditions of Section 1.

b.      Each person executing this Agreement represents that he or she (i) is fully competent to execute this Agreement, (ii) is over eighteen (18) years of age, (iii) is not a person for whom a guardian has been appointed with authority to conduct property and business transactions, including this Agreement, (iv) can read and understand English, and (v) if applicable, is fully authorized to sign this Agreement on behalf of the Party on whose behalf they are signing.

**9.      No Admissions/Inadmissibility.**  Nothing in this Agreement shall constitute a finding or admission of wrongdoing or violation of law by any Party. This Agreement shall not be admissible in any proceeding except to obtain the Bankruptcy Court approval described in

Section 1, and to enforce its terms.  Nothing in this Agreement and the settlement provided for herein, whether or not consummated, shall constitute or be construed as evidence of or a finding or admission of wrongdoing, liability or violation of law by any Party.  Each of the Parties understands and agrees that this Agreement, the negotiations surrounding this Agreement, any payments made in relation to this Agreement, and any evidence relating thereto shall not constitute, be construed as, or be offered or received into evidence for any reason other than for purposes of enforcing this Agreement.

      **10.**    **Severability.**  If any provision hereof should be held invalid, illegal or unenforceable in any respect by a tribunal of competent jurisdiction in any jurisdiction, then, to the fullest extent permitted by law, the Parties shall add as part of this Agreement a provision as similar in terms to such invalid, illegal or unenforceable provision as may be possible that is legal, valid and enforceable.

      **11.**    **Good Faith.**  The Parties agree that this Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with each of the Parties' respective legal counsel.

      **12.**    **Counterparts.**  This Agreement may be executed in one or more counterparts, by facsimile, electronic mail or other means acceptable to the Parties, with each counterpart to be considered an original portion of this Agreement, all of which taken together shall constitute one and the same instrument.

      **13.**    **Entire Agreement.**  This Agreement integrates the whole of all agreements and understandings of any sort or character between the Parties concerning the subject matter of the Agreement and supersedes all prior negotiations, discussions, or agreements of any sort whatsoever, whether oral or written, concerning the subject matter of the Agreement.  There are no representations, agreements or inducements relating to the subject matter hereof, except as set forth expressly and specifically in this Agreement.  With respect to the subject matter of this Agreement, the rights of the parties against one another shall be governed exclusively by this Agreement and applicable law. There are no conditions precedent or subsequent to this Agreement, except as expressly stated herein.  The Parties have no right to rely on any prior or contemporaneous representations made by anyone concerning this Agreement and have not so relied.

      **14.**    **Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties hereto, including any corporation or other entity into or with which any party merges, consolidates or reorganizes, as may be applicable.  This Agreement shall not be assignable by anyone without the express written consent of all of the Parties.

      **15.**    **Further Assurances.**  Each Party will execute such documents and other instruments and take such further action as may be reasonably required or desirable to carry out the provisions of this Agreement and the transactions contemplated by this Agreement.

16.     **Costs.** Each Party shall bear his or her own costs and attorneys' fees in connection with the preparation, negotiation, review, documentation, and obtaining of court approval of this Agreement, and with respect to all matters subject to this Agreement, and with respect to the Adversary Proceeding, the subsequent proceedings in the District Court, and the Appeal.

17.     **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Indiana law without regarding to choice of law principles. The Parties further agree that any dispute arising out of this Agreement shall be adjudicated in the Bankruptcy Court and the Bankruptcy Court shall retain the ability to approve and enforce this Agreement.

18.     **Binding Effect.** This Agreement shall be binding upon each of the Parties and shall inure to the benefit of the Parties.

19.     **Headings.** Headings used herein are for convenience only and shall not in any way affect the construction of, or be taken into consideration in interpreting, this Agreement.

20.     **Rules of Interpretation.** Except as otherwise specified in this Agreement, each of its references to a "Section" are to numbered sections of this Agreement. The Parties acknowledge and agree that each has been given the opportunity to review this Agreement with their respective legal counsel and agree to the particular language in each provision herein. In the event of an ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation of this Agreement shall not be resolved by any rule providing for interpretation against the party who causes the uncertainty or against the drafter. The Parties expressly agree that in the event of an ambiguity or dispute regarding the interpretation of this Agreement, the Agreement will be interpreted as if each party participated in the drafting hereof.

21.     **Waiver, Amendments.** No waiver, amendment, alteration, modification or termination of any provision of this Agreement shall be binding unless made in writing and signed by all of the Parties, and approved by the Bankruptcy Court as may be required by applicable law. No Party may construe another Party's conduct, or a course of conduct, inaction or failure to press that Party's rights under this Agreement as a waiver of any of the rights or obligations under this Agreement.

22.     **Notices.** Any and all notices required or permitted under this Agreement and any and all correspondence shall be in writing and shall be e-mailed, personally delivered, mailed by registered or certified mail, return receipt requested, or by overnight delivery to the Parties at the addresses set forth below, unless and until a different address has been designated by written notice to the other Parties. A notice is deemed delivered (a) on the same day it is sent if via e-mail or personal delivery and received before 5:00 p.m. eastern time on that day; (b) on the next Business Day after it is sent if via overnight delivery or via email or personal delivery and received after 5:00 p.m. on the date of delivery; and (c) on the third (3rd) Business Day after it is sent if via registered or certified mail. Each Party may change the address by written notice in accordance with this section.

**Notice to the Trustee:**

**Ms. Deborah J. Caruso, Esq.**
Rubin Levin, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana  46204
Email: dcaruso@rubin-levin.net

With a copy to:

Rubin & Levin, P.C.
Attn: Meredith R. Theisen
135 N. Pennsylvania Street
Suite 1400
Indianapolis, IN  46204 60602
Telephone: (317) 860-2877
Facsimile: (317) 453-8602
Email: mtheisen@rubin-levin.net

**Notice to Defendants:**

**Kevin Modany**

Joseph P. Davis III
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6204
Facsimile: (617) 310-6001
Email: davisjo@gtlaw.com

Kevin D. Finger
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8419
Facsimile: (312) 456-8435
Email: fingerk@gtlaw.com

**John E. Dean**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**C. David Brown II**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**Joanna T. Lau**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**Thomas I. Morgan**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**John Vincent Weber**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**John F. Cozzi**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**Samuel L. Odle**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**Jerry M. Cohen**

Gregory F. Hahn
Paul D. Vink
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

*[Remaining Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as of the latest date set forth below.

**Deborah J. Caruso, Chapter 7 Trustee for ITT Educational Services, Inc., ESI Service Corp., and Daniel Webster College, Inc.**

_____

Name:  Deborah J. Caruso

Title:     Trustee

Date: _____

**<u>DEFENDANTS</u>:**

**Kevin Modany**

Date:_____          By:_____

Printed Name:_____

Title:_____

**John E. Dean**

Date:_____          By:_____

Printed Name:_____

Title:_____

**C. David Brown II**

Date:_____          By:_____

Printed Name:_____

Title:_____

**Joanna T. Lau**

Date:_____          By:_____

                              Printed Name:_____

                              Title:_____

**Thomas I. Morgan**

Date:_____          By:_____

                              Printed Name:_____

                              Title:_____

**John Vincent Weber**

Date:_____          By:_____

                              Printed Name:_____

                              Title:_____

**John F. Cozzi**

Date:_____          By:_____

                              Printed Name:_____

                              Title:_____

**Samuel L. Odle**

Date:_____          By:_____

                              Printed Name:_____

                              Title:_____

12

**Jerry M. Cohen**

Date:_____                    By:_____

                                         Printed Name:_____

                                         Title:_____

**<u>EXHIBIT 1</u>**

**[Defendants' Statement]**

**STATEMENT OF DEFENDANTS/APPELLEES
KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN, JOANNA T. LAU,
THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI,
SAMUEL L. ODLE AND JERRY M. COHEN**

Kevin Modany, former CEO of ITT Educational Services Inc., and ITT's former directors John E. Dean, C. David Brown, Joanna T. Lau, Thomas I. Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle and Jerry M. Cohen have settled the appeal by Deborah J. Caruso, chapter 7 trustee for ITT, of the judgment entered for defendants in the case of *Caruso, the Chapter 7 Trustee of ITT Educational Services, Inc., et al., v. Modany, et al.*, Case No. 1:18-cv-02180-JPH-TAB (S.D. Ind.). The defendants and their insurer settled the case for $370,000.00, an amount less than the cost of defending the appeal. The settlement ends the litigation.

United States District Judge James Patrick Hanlon dismissed the Trustee's case after extensive litigation. On January 29, 2020, Judge Hanlon dismissed the claims against the directors, and on June 27, 2022, Judge Hanlon rejected the claims against Modany by granting Modany's summary judgment motion and entering judgment for the defendants. Judge Hanlon determined that the undisputed evidence established that Modany acted in the best interests of ITT by keeping the Board of Directors informed and by pursuing an opportunity to sell ITT's education operations to a non-profit organization. The Court also found there was no basis for the allegations that Modany and the directors breached their duties of loyalty and care to ITT and its shareholders. In short, the Court completely rejected the Trustee's claims. Caruso had appealed the Court's judgment for the defendants.

Modany and the directors steadfastly denied allegations that they had breached their fiduciary duties to shareholders or creditors. The complaint sought damages of over $250 million.

Modany stated, "I am extremely gratified that Judge Hanlon vindicated me and found that I acted within the law and consistent with my fiduciary duties managing ITT in the face of politically-motivated pressure from regulators. He gave us the opportunity to set the record straight about the Trustee's allegations of wrongdoing. We fought hard for shareholders, creditors and students and acted lawfully at all times. This settlement ends lengthy litigation on the side of justice. Indeed, I am pleased that Judge Hanlon's well-reasoned opinion is the last word on the Trustee's allegations." Dean, ITT's former Chairman of the Board, noted that "ITT's Board of Directors, in reliance on management and ITT's legal and financial advisors, acted in the best interests of shareholders at all times during a difficult period for the company and its shareholders and students. We are pleased that Judge Hanlon agreed and for this litigation to conclude."

Copies of the referenced court orders may be found at *Deborah Caruso, the Chapter 7 Tr. for ITT Educ. Servs. Inc. v. Modany*, 613 B.R. 254, 258 (S.D. Ind. 2020) and *Caruso, Tr. for ITT Educ. Servs. Inc. v. Modany*, No. 118CV02182JPHTAB, 2022 WL 2305693 (S.D. Ind. June 27, 2022).

Caruso declines to comment on the settlement.

**<u>EXHIBIT 2</u>**

**[Voluntary Stipulation]**

No. 22-2292

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| DEBORAH J. CARUSO, the Chapter Seven Trustee for ITT Educational Services, Inc., ESI Service Corp., and Daniel Webster College, Inc., | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| Appellant, | |
| v. | Case No. 1:18-cv-02182-JPH-TAB |
| KEVIN MODANY, et al., | |
| Appellee. | Hon. James P. Hanlon District Court Judge |

### STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 42(B)

IT IS HEREBY STIPULATED AND AGREED by and between the parties that pursuant to Federal Rule of Appellate Procedure 42(b), the above-captioned appeal is voluntarily dismissed *with prejudice*.

Each party shall bear its own costs and attorney's fees.

*[Remainder Page Intentionally Left Blank.]*

2

Respectfully submitted,


/s/ _____

Ronald J. Schutz (counsel of record)
Michael A. Collyard
Thomas F. Berndt
Peter C. Ihrig
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: rschutz@robinskaplan.com
       mcollyard@robinskaplan.com
       tberndt@robinskaplan.com
       pihrig@robinskaplan.com

-and-

John C. Hoard (Atty. No. 8024-49)
**RUBIN & LEVIN, P.C.**
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: johnh@rubin-levin.net

*Co-counsel to Plaintiff/Appellant Deborah J. Caruso*

/s/
Joseph P. Davis, III
**GREENBERG TRAURIG LLP**
One International Place, Suite 3100
Boston, MA 02110
Telephone: (617) 310-6204
Facsimile: (617) 310-6001
Email: davisjo@gtlaw.com

Kevin D. Finger
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8419
Facsimile: (312) 456-8435
Email: fingerk@gtlaw.com

*Counsel to Appellee Kevin Modany*

/s/
Paul Delmar Vink
**BOSE MCKINNEY & EVANS, LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204-0000
Telephone: (317) 684-5422
Email: pvink@boselaw.com

*Counsel to Appellees John E. Dean; C.
David Brown, II; Joanna T. Lau; Thomas I.
Morgan; John F. Cozzi; Samuel L. Odle;
Jerry M. Cohen; and John V. Weber.*

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on _____, I electronically filed the foregoing with the

Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the

CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that

service will be accomplished by the CM/ECF system.

*/s/* _____
