UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>ITT EDUCATIONAL SERVICES, INC. et al.[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-07207-JMC-7A |

**STUDENT CLAIMANTS' MOTION FOR APPROVAL OF CLOSING PROCESS FOR STUDENT CLASS DISTRIBUTIONS INCLUDING A CY PRES AWARD**

Student Claimants Jorge Villalba, James Eric Brewer, Joshua Cahill, Juan Hincapie, and Cheryl House ("Student Claimants" or "Class Representatives"), on behalf of themselves and all other similarly situated ("Class Members" or "Student Class" or "the Class"), respectfully submit this Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award ("Motion"), in accordance with the Order Granting Student Claimants' Motion to Approve Distribution Plan, Including an Award of Attorneys' Fees and Expenses, and Students Claimants' Incentive Awards [Doc. No. 4636].

### I.    JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

1

4.      The bases for relief requested herein are Federal Rule of Bankruptcy Procedure 7023, this Court's Final Approval Order of the Settlement [Doc No. 3079], and this Court's Order Granting Student Claimants' Motion to Approve Distribution Plan, Including an Award of Attorneys' Fees and Expenses, and Students Claimants' Incentive Awards [Doc. No. 4636].

## II.     PROCEDURAL HISTORY AND BACKGROUND

5.      On November 17, 2021, this Court approved American Legal Claims Services (ALCS) to be the claims administrator to effectuate Student Class distributions [Doc. No. 4519].

6.      On February 23, 2022, this Court granted Student Claimants' Motion to Approve Distribution Plan, Including An Award of Attorneys' fees and Expenses, and Student Claimants' Incentive Awards ("Distribution Motion") [Doc. No. 4561].

7.      In granting the Distribution Motion, this Court approved the following process for Student Class distribution ("Distribution Plan"):

- The amount that each Class Member received would be a percentage of the Common Fund, after deduction of (i) the claims administrator fees and expenses payable under the ALCS Contract in connection with the distribution of the Common Fund; (ii) any attorneys' fees and expenses payable to the Project on Predatory Student Lending; and (iii) any Student Claimant incentive awards.

- If a Class Member's total amount due from the First Distribution was less than $10.00, that amount was set aside until a further distribution was made. The Student Claimants set that threshold because ALCS, and other experts with whom the Student Class counsel consulted, advised that a significant percentage of checks in de minimis amounts would simply not be cashed by the recipient. The Distribution Plan provided that if the total amount to due to any Class Member, after giving effect to subsequent

distributions, was $10 or greater, any Class Member who did not receive a distribution from the First Distribution would have that amount added to any subsequent distributions.

- If a Class Member's total amount due from all distributions does not equal or exceed $10, they did not receive a distribution.

- Once all distributions were made, an amount remained that was too small to merit another distribution, taking into account the cost of distribution, Student Claimants would submit to the Court a motion to approve a Cy Pres distribution ("Cy Pres Award").

### III.   DISTRIBUTIONS AND CLOSING PROCESS

8. In June 2022, the First Distribution of approximately $6.5 million was made to 227,971 Class Members pursuant to the Distribution Plan.

9. In the beginning of March 2024, a Second Distribution of approximately $62 million was made to 397,372 Class Members pursuant to the Distribution Plan.

10. In the First Distribution, inevitably some checks that were mailed to Class Members were not cashed. And despite ALCS's diligent efforts to track down the current addresses of Class Members (some of whom attended ITT as long as 18 years ago), some checks were also returned undelivered.

11. Based on the amount distributed and the anticipated percentage of checks that will not be cashed for the Second Distribution, ALCS, based on their experience in this field, has indicated that there will likely be enough money in the Common Fund to justify a Third Distribution. This Third Distribution will be made during the end of summer 2024 to Class Members who are known and identifiable and who cashed checks from the Second Distribution or

received electronic payments from the Second Distribution. Per the Distribution Plan, this would exclude Class Members whose potential distribution never equaled or exceeded the $10 minimum.

12. This Third Distribution will, under the terms of the Distribution Plan, be comprised of money originally allocated to (i) Class Members who did not timely surface before the end of the Second Distribution, (ii) Class Members who cannot be located or never cashed their checks, and (iii) Class Members whose potential distribution never exceeded the $10 minimum.

13. Even though the Third Distribution will be made exclusively to identified Class Members who have already received and accepted Distribution funds, ALCS has indicated that a certain percentage of these Class Members may not cash the checks they receive from the Third Distribution. Therefore, it is possible that a Fourth Distribution to Class Members who cashed the Third Distribution checks, or who received electronic payments from the Third Distribution, will be feasible.

14. In the event that a Fourth Distribution is feasible, in the reasonable judgment of ALCS and Student Class Counsel, taking into consideration the remaining amount available in the Common Fund, the costs associated with making the distribution, and the $10 payment minimum, Student Class Counsel would direct ALCS to make the Fourth Distribution and final distribution to the Student Class. This Fourth Distribution would occur sometime in the fall or winter of 2024. Once a Fourth Distribution is made, any remaining funds left over would be paid as a Cy Pres Award.

15. In the event that a Fourth Distribution is not feasible—that is, if the funds available after the Third Distribution do not justify the cost of making a further distribution—any remaining funds left over after the Third Distribution will be paid as a Cy Pres Award.

16. The Student Claimants could wait to approach this Court with a Cy Pres Award request after the results of a Third Distribution are known. However, Student Claimants are aware that this Chapter 7 proceeding is anticipated to be closed in the ordinary course in the next few months and do not want to needlessly delay that closing.

17. Accordingly, the Student Claimants are seeking the approval of a Cy Pres Award, to be authorized now, but paid when the results of the Third Distribution, and any Fourth Distribution, are determined.

### IV. PROPOSED CY PRES RECIPIENT: DEBT COLLECTIVE

18. The Debt Collective is a not-for-profit membership-based union for debtors.[2] Since its founding in 2014, the Debt Collective has organized former students at for-profit schools like ITT, Corinthian Colleges Inc., and many others to advocate for the cancellation of fraudulent debts.

19. The Debt Collective created the first-ever model for a federal student loan borrower defense application, since no such form existed to assert borrowers' rights under the law. The Debt Collective helped ITT students file borrower defense applications with the Department of Education. Those applications played a role in the Department of Education's 2022 decision to cancel federal student loan debt for approximately 208,000 former ITT students, including many Student Claimants, further mitigating, although not eliminating, the harm caused by ITT's predatory practices.[3]

20. In helping ITT students file borrower defense applications, the Debt Collective gathered student testimonies about their experiences at ITT and the fraud that was perpetrated on them. Those testimonies were included by the Student Claimants when they filed their class action

---

[2] https://debtcollective.org/
[3] https://www.ed.gov/news/press-releases/education-department-approves-39-billion-group-discharge-208000-borrowers-who-attended-itt-technical-institute

5

complaint in this Chapter 7 proceeding. Debt Collective also supported Student Claimants' participation in this Chapter 7 proceeding by identifying former students harmed by ITT and connecting them to Student Class Counsel.

21.     In addition to working on student debt issues, the Debt Collective also helps borrowers impacted by evictions, rent debt, medical debt, and other household debts. These populations significantly overlap with those affected by predatory schools and fraudulent student loan debt.

22.     The Debt Collective organizes borrowers, provides them with resources to challenge unlawful and fraudulent debts, and creates opportunities for its members to educate policymakers and the public on the experiences of those facing financial insecurity and unmanageable and sometimes predatory debt.

23.     The Project on Predatory Student Lending and the Debt Collective both advocate within the higher education space and have collaborated on several projects; however, the Project on Predatory Student Lending has never represented the Debt Collective in any legal proceeding and has never received any funding from the Debt Collective. Nor does the Project on Predatory Student Lending have any financial or corporate relationship with the Debt Collective.

24.     The Debt Collective is a non-profit operating with Sustainable Markets Foundation as its fiscal sponsor. Sustainable Markets Foundation is a 501(c)(3) that serves as a fiscal sponsor for many fledgling and established nonprofit organizations working as advocates for environmental and financial justice. Because of the nature of the Debt Collective's nonprofit status, any Cy Pres Award will be awarded to the Sustainable Markets Foundations, which will turn over all of the Award to the Debt Collective.

6

## V. ARGUMENT

25. Student Claimants, through Student Class Counsel and with the help of ALCS, are committed to making sure that Class Members receive as much financial benefit as possible from the Common Fund. Even in the best-case scenario, it will not be feasible to distribute every single dollar to Class Members. Anticipating this, a Cy Pres Award is contemplated in the Distribution Plan that was approved by this Court. [Doc. No. 4636]. *See also Ira Holtzman, C.P.A., & Assocs. Ltd. v. Turza,* 728 F.3d 682, 689 (7th Cir. 2013) ("Money not claimed by class members should be used for the class's benefit to the extent that is feasible.").

26. The Seventh Circuit has approved *cy pres* recipients where there is relationship "between the proposed *cy pres* recipient and the underlying litigation." *Heekin v. Anthem, Inc.* 2012 WL 5472087, *13 (Ind. S.D. 2012). Said another way, in determining whether to approve a *cy pres* award, a court must find "a rational benefit relationship between the *cy pres* recipient and the plaintiff class." *Glen Ellyn Pharm., Inc. v. La Roche-Posay, LLC*, 2012 WL 619595 *2 (Ill. N.D. 2012); *see also Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185(N.D. Ill. 2018) (where the case claims centered around TCPA violations, the court found that the National Consumer Law Center, which engages in substantial advocacy relating to consumer protection from robocalls and telemarketing, was a reasonable *cy pres* recipient).

27. Student Claimants, along with Student Class Counsel, believe that the work that Debt Collective does has a very rational and relevant relationship to the Student Class.

28. The Debt Collective works directly with students who have been harmed by predatory for-profit colleges. Its work informing thousands of affected students of their right to request federal and private loan cancellation based on school misconduct not only benefited the

7

former students, but informed and supported federal initiatives to better hold predatory for-profit schools accountable going forward and to give relief to students harmed in the past.

29. ITT destroyed thousands of people's dreams of getting a college education by misleading and lying to students, giving them a worthless education, and saddling them with unsurmountable debt. And although ITT has shuttered its doors, the predatory higher education practices it engaged in remain widespread.

30. There are many other predatory schools and programs that continue to exist today and there are still thousands of students who are haunted by their fraudulent student loan debt. The Debt Collective plays a critical role in organizing student voices and making sure that intentional and systematic misconduct is exposed to the light of day, rather than being carelessly dismissed as the work of a rogue recruiter or the gripes of a lone disgruntled student. There is so much more work to be done on behalf of defrauded borrowers.

31. The Debt Collective fights alongside defrauded borrowers to make sure that they get the justice they deserve for past wrongs, to prevent borrowers from being defrauded in future, and to help its members create unity and community to challenge the institutions that defrauded them. The funds from the Cy Pres Award will be used to continue Debt Collective's vital work with and on behalf of its members.

## NOTICE

32. Pursuant to the Case Management Procedures, a copy of this Motion and Exhibits will be served on the following (as defined in the Case Management Procedures): (a) the Core Group; (b) the Request for Notice List; (c) the Appearance List; and (d) Affected Entities. **NOTICE IS GIVEN**, that pursuant to the Case Management Procedures, any objection to this Motion must be in writing and filed with the Bankruptcy Clerk by no later than May 21, 2024, at

4:00 pm. (EDT). Parties not represented by an attorney may deliver any written objection to this Motion as follows: (a) by U.S. mail, courier, overnight/express mail at Clerk, United States Bankruptcy Court, Re: *In re ITT Educational Services, Inc., et al.*, 116 U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46024; or (b) by publicly accessible drop box available at the Indianapolis Division located at the New York Street and Pennsylvania Street entrance. The objecting party must also serve a copy of the written objection on the Student Class Counsel:

> Eileen M. Connor
> Victoria Roytenberg
> John Sigel
> **PROJECT ON PREDATORY STUDENT LENDING, INC**
> 769 Centre Street
> Jamaica Plain, MA 02130
>
> – and –
>
> Catherine Steege
> Melissa Root
> **JENNER & BLOCK**
> 353 N. Clark Street
> Chicago, IL 60654

34. If an objection is NOT timely filed, the requested relief may be granted without a hearing. **NOTICE IS FURTHER GIVEN**, that in the event that an objection to this motion is timely filed, a hearing on this motion and such objection will be conducted on May 28, 2024, at 10:30 am EDT, in Room 325 of the United States Courthouse, 46 East Ohio Street, Indianapolis, IN 46204. Interested parties may also participate at the hearing by conference call by calling 571-353-2301, passcode 734120790.

**WHEREFORE**, the Student Claimants respectfully request that this Court GRANT the Motion and enter a final order granting the relief requested herein and any such other relief as may be just and proper.

9

Dated: May 2, 2024

Respectfully submitted,

/s/ Victoria Roytenberg
Victoria Roytenberg (pro hac vice)
Eileen M. Connor (pro hac vice)
John D. Sigel (pro hac vice)
**PROJECT ON PREDATORY STUDENT LENDING, INC**
769 Centre Street
Jamaica Plain, MA 02130
Phone: (617) 390-2669
Fax: (781) 218-9625

– and –

Catherine Steege
Melissa Root
**JENNER & BLOCK**
353 N. Clark Street Chicago, IL 60654
Phone: (312) 222-9350
Fax: (312) 840-7352

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, a copy of the foregoing Student Claimants' Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award was filed electronically. Pursuant to Section IV.C.3(a) of the Case Management Procedures, notice of this filing was sent to all parties registered to receive filings in this case through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system, in compliance with Section IV. C.6 of the Case Management Procedures.

I further certify that on May 2, 2024, a copy of the foregoing Student Claimants' Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award was mailed via U.S. First-Class Mail and properly addressed to the following:

Jason M Jordan
5232 State Route 89
Lower
Romulus, NY 14541

Ruxandra Kraemer
448 Lafayette St SW
Palm Bay, FL 32908

Sara Ann Jones
237 Evergreen Lane
Decatur, IN 46733

Teresa Johnson Patton
115 Misty Morn Lane
Huntsville, AL 35811

Julie Diane Buckler
10910 W Jacaranda Drive
Sun City, AZ 85373

Lisa Chodil
1104 Harvest Dr.
Shorewood, IL 60404

Stephen Christopher Coles
103 Lee Street
Williamston, SC 29697

William M. Collins
P.O. Box 2330
Del Mar, CA 92014

John P Dillman
Attorney in Charge for Taxing Authorities
PO Box 3064
Houston, TX 77253

Direct Energy Business, LLC
c/o Joseph E. Bain
Edison, McDowell & Hetherington, LLP
1001 Fannin #2700
Houston, TX 77002

City Wide Maintenance of Central Maryland
1818 Pot Spring Rd, Ste 24
Lutherville, MD 21093

Rubin & Levin, P.C.
135 N Pennsylvania St Ste 1400
Indianapolis, IN 46204

William Cavanaugh
P.O. Box 40125
Tucson, AZ 85717

Paul Weiser Esq.
Bachalter Nemer
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

11

Jeannie B. Cook
4875 Danie Rd
Camilla, GA 31730

Cranehill Capital LLC
P.O. Box 25505
Dallas, TX 75225

Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065

Jennifer Garcia
17042 Cairnlassie St.
Houston, TX 77084

Yvonne Geter
2801 Barbara Drive
Huntsville, AL 35816

Rose M Hall
1146 S 6th Street
Louisville, KY 40203

311 New Rodgers Associates LLC
c/o Kay Dee Baird
Krieg DeVault LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204

Nancy Adkins
361 Dailey Rd
Crown City, OH 45623

BGBC Partners, LLP
300 N. Meridian Street, Suite 1100
Indianapolis, IN 46204

Rebekah Hatfield
10 Tulip St.
Branchland, WV 25506

TN Dept of Revenue
c/o TN Atty General, Bankruptcy Div
PO Box 20207
Nashville, TN 37202-0207

Tammy Jones, Pro Se
Oklahoma County Treasurer
320 Robert S. Kerr
Room 307
Oklahoma City, OK 73102

Leland Dekay
69 Thomas Court
Centerville, MI 49091

Ezra N. Goldman
EZRA N. GOLDMAN, P.C.
24725 West 12 Mile Road #110
Southfield, MI 48034

My College Guide
5500 Military Trail
Suite 22-264
Jupiter, FL 33458

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K St., NW, Suite 340
Washington, DC 20005

Carly Kessler
Oppenheim & Zebrak, LLP
4530 Wisconsin Avenue, 5th floor
Washington, DC 20016

Adrian Rshard Williams
4214 Sunrise Cove Dr
San Antonio, TX 78244

United States of America
c/o Department of Justice
1100 L Street, NW
Washington, DC 20005

Chris W Halling
for Solar Drive Business LLC
23586 Calabasas Rd, Ste 200
Calabasas, CA 91302

Regina Hallam
P.O. Box 472
West Hamlin, WV 25571

Larry Hafertepe
8321 Pippin Rd
Cincinnati, OH 45239

T. Todd Egland
Belden Blaine Raytis, LLP
P.O. Box 9129
Bakersfield, CA 93389-9129

Earle Browne Tower LLP
c/o Krieg DeVault LLP
C. Daniel Motsinger
One Indiana Square
Suite 2800
Indianapolis, IN 46204

Recovery Management Systems Corporation
for Synchrony Bank
25 SE 2nd Ave, Ste 1120
Miami, FL 33131-1605

Gustav Skurdal
720 South 20 Street
Mount Vernon, IL 62864

Kesha L Tanabe
1515 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN 55402

Techno Training, Inc
328 Office Square Lane
Ste. 202
Virginia Beach, VA 23462-3648

Kristen Trease
3230 S Santa Rita Way
Chandler, AZ 85286

Edmund J. Towle
11111 Santa Monica Boulevard - Suite 330
Los Angeles, CA 90025

Teresa Shearer
4100 Patty Lane
Bethany, OK 73008

R. S. McCullough
P.O. Box 56201
Little Rock, AR72215

Mulvey Law LLC
133 W. Market St. #274
Indianapolis, IN 46204

Kenneth Pasquale
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Providence Melrose Vista, LLC
c/o C. Daniel Motsinger
Krieg DeVault LLP
One Indiana Square
Suite 2800
Indianapolis, IN 46204

Bruce Alen Smith
3181 Hardie Street
Creedmoor, NC 27522

James Stark
10760 Whitten Ridge Rd.
Glenwood, WV 25520

Shervon Suttle
4629 Heatherwind Dr.
Ft. Wayne, IN 46815

Carl O Sandin
for Clear Creek Independent School Distr
1235 North Loop West, Ste 600
Houston, TX 77008

Kevin Schwin
Law Office of Kevin Schwin
1220 E. Olive Avenue
Fresno, CA 93728

Polstar Commercial Cleaning Inc
5124 Pontiac Trl
Ann Arbor, MI 48105


Rachel Obaldo
Office of the Texas Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Gertrude C. Nelson
2503 Panagard Drive, #204
Houston, TX 77082

Northwest Natural Gas Company
220 NW 2nd Avenue
Portland, OR 97209

Joseph A Malfitano
for Tiger Capital Group LLC
747 Third Ave, 2nd Floor
New York, NY 10017

Michigan Dept of Licensing & Regulatory
Affairs, B
PO Box 30217
Lansing, MI 48909

Jordan A Lavinsky, Esq
for Market-Turk Company
425 Market St, 26th Floor
San Francisco, CA 94105

Todd Lehman
3700 Deer Lake Dr
Evansville, IN 47720

Matthew Howard
3906 South Pilgrim Street
Seattle, WA 98118

Charles Joecks
5005 W. College Ave #101
Greendale, WI 53129

Judith Chaney
179 Township Road - 1431
South Point, OH 45680

Allison Hopkins
Ogletree Deakins Nash Smoak & Stewart
111 Monument Circle
Suite 4600
Indianapolis, IN 46204

Stephanie D Pollay
3740 Thompson Rd
Collegeville, PA 19426

David C. Alford
P.O. Box 58
Waco, TX 76703

Steven Blahut
8229 Woodpath Lane
Powell, TN 37849

RREF II Walnut Creek, LLC
c/o Jeffrey A. Hokanson
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN 46204

Phil Bystry
3022 E. Palmyra Ave
Orange, CA 92869

Joe Cancelliere
30 Lindsay
Billerica, MA 01821

Tomas Canizales
606 N Central Ave
Cameron TX 76520

Central Indiana Maintenance, Inc., d/b/a City Wide
5155 N. Shadeland Avenue, Suite 101
Indianapolis, IN 46226

Expressive Communication Consulting & Training
4344 Madison St NE
Minneapolis, MN 55421

John Hicks
8250 Spicewood Ct
Mechanicsville, VA 23111

Kim Denise Ingram
1060 Kennesaw Due W Rd, NW
Kennesaw, GA 30152

Brian Hauck
Jenner & Block LLP
633 West 5th Street
Suite 3500
Los Angeles, CA 90071

Maryland Higher Education Commission
6 North Liberty Street
10th Floor
Baltimore, MD 21201

Jared Mattern
7013 17th Place SE
Lake Stevens, WA 98258

Joseph Mazzara
9473 NW 5th Street
Coral Springs, FL 33071

Jake Mills
6445 Hermosa Ave
Yucca Valley, CA 92284

Don Monteaux
DBA Don Monteaux Photography
203 43rd St
Virginia Beach, VA 23451

Raul Gonzalez
1700 Seward Rd
Joliet, IL 60431

    /s/ Victoria Roytenberg
    Victoria Roytenberg

**Exhibit A**
[Proposed Order]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: <br><br> ITT EDUCATIONAL SERVICES, INC. et al.[1] <br><br> Debtors | Chapter 7 <br><br> Case No. 16-07207-JMC-7A |

**ORDER GRANTING STUDENT CLAIMANTS' MOTION FOR APPROVAL OF CLOSING PROCESS FOR STUDENT CLASS DISTRIBUTIONS INCLUDING A CY PRES AWARD**

Upon the motion[2] (the "Motion") [Doc.    ] of Student Claimants for an order pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 9014 applying FRBP 7023, having jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, it appearing that venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409, it appearing that this matter affects the administration of the debtors'

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings used in the Motion.

estate, and having heard the representations of counsel for Student Claimants at a hearing on May 28, 2024, after due deliberation thereon, it is hereby

ORDERED:

1. The Motion is GRANTED:

2. Student Claimants may procced with the closing process described in the Motion; and

3. The Debt Collective is the Cy Pres Award recipient.

###