SO ORDERED: September 27, 2024.



James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | |
| ITT EDUCATIONAL SERVICES, INC. et al.[1] | Chapter 7 |
| Debtors | Case No. 16-07207-JMC-7A |

**ORDER GRANTING IN PART**
**STUDENT CLAIMANTS' MOTION FOR APPROVAL OF CLOSING PROCESS FOR**
**STUDENT CLASS DISTRIBUTIONS INCLUDING A CY PRES AWARD**
**AND SETTING TELEPHONIC STATUS CONFERENCE**

THIS MATTER comes before the Court on *Student Claimants' Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award* filed by Jorge Villalba, James Eric Brewer, Joshua Cahill, Juan Hincapie, and Cheryl House ("Student Claimants"), on behalf of themselves and all others similarly situated (the "Student Class"), on

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

May 2, 2024 (Docket No. 5472) (the "Motion"). The Court, having reviewed the Motion and *Claimant's Objection and Opposition to Student Claimants' Motion for Approval of Closing Process for Student Class Distributions Including Cy Pres Award* filed by RS McCullough ("McCullough") on May 24, 2024 (Docket No. 5506) (the "Objection"), having heard the representations of Deborah J. Caruso, chapter 7 trustee ("Trustee"), and counsel for Student Claimants at a hearing on May 28, 2024 (the "Hearing"), including the representation of Student Claimants' counsel that, based upon her conversation with McCullough, the Objection was withdrawn, and being otherwise duly advised, now RULES as follows:

As stated on the record at the Hearing, Student Claimants are authorized to proceed with the closing process described in the Motion with the exception of making the proposed *cy pres* award.

This Court holds in abeyance Student Claimants' request for approval of the proposed *cy pres* award of the funds remaining after all feasible distributions have been made to Student Class members until the amount of the proposed *cy pres* award is known with reasonable certainty. When known, Student Claimants' counsel shall file a supplement to the motion advising the Court of the anticipated amount of the proposed *cy pres* award.

The Court hereby sets a telephonic status conference for **December 4, 2024 at 10:15 a.m. EST** (the "Status Conference") for the purpose of receiving an update from Student Claimants' counsel regarding the closing process, including the distribution of funds to Student Class members. To participate, parties should call (571) 353-2301, meeting ID 734120790.

On the record at the Hearing, the Court announced that this case would remain open for the limited purpose of ruling on the proposed *cy pres* award when the amount is known with reasonably certainty. Also on the record at the Hearing, Trustee raised the ancillary issues of the

final decree being issued in this case and Trustee being discharged from her duties as case trustee, both of which are due to occur (in the ordinary course) before the Court's future ruling on the proposed *cy pres* award, which is of particular concern to Trustee given her imminent retirement as a panel trustee before the end of 2024.

Indeed, Trustee has set that process in motion with the filing of *Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged (TDR)* on September 12, 2024 (Docket No. 5563) (the "Final Account"). Typically, the Court waits a prescribed period of time (approximately 30 days) after a chapter 7 trustee's final account is filed and then issues a final decree (1) declaring that the estate has been fully administered; (2) discharging the case trustee from any further duties as trustee on the case; (3) canceling the bond; and (4) closing the case. However, such action is not taken while there is a pending motion before the Court.

While 11 U.S.C. § 350(a) directs closing of the case "[a]fter an estate is fully administered and the court has discharged the trustee", it does not set a time period within which such closure must occur. Therefore, the Court hereby directs that the Final Account will be processed in the ordinary course, except that the case shall remain open until such time as the Court rules on Student Claimants' request for approval of the proposed *cy pres* award or further order of the Court. To that end, on or about October 15, 2024 (approximately 30 days after the Final Account was filed), the Court intends to enter an order (1) declaring that the estate has been fully administered; (2) discharging Trustee from any further duties as trustee on this case; and (3) canceling the bond.

IT IS SO ORDERED.

###