**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE:

ITT EDUCATIONAL SERVICES, INC. et al.[1]

          Debtors.

Chapter 7

Case No. 16-07207-JMC-7A

**AMENDED SUPPLEMENT TO STUDENT CLAIMANTS' MAY 2, 2024 MOTION FOR APPROVAL OF CLOSING PROCESS FOR STUDENT CLASS DISTRIBUTIONS INCLUDING A CY PRES AWARD**

Student Claimants Jorge Villalba, James Eric Brewer, Joshua Cahill, Juan Hincapie, and Cheryl House ("Student Claimants" or "Class Representatives"), on behalf of themselves and all other similarly situated ("Class Members" or "Student Class" or "the Class"), respectfully submit this Amended Supplement to Student Claimants' May 2, 2024 Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award ("Motion"), in accordance with the Order Granting Student Claimants' Motion to Approve Distribution Plan, Including an Award of Attorneys' Fees and Expenses, and Student Claimants' Incentive Awards [Doc. No. 4636]. This amended supplement amends the April 3, 2026 Supplement to Student Claimants' May 2, 2024 Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award [Doc. No. 5619].

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## I.    JURISDICTION

1.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for relief requested herein are Federal Rule of Bankruptcy Procedure 7023, this Court's Final Approval Order of the Settlement [Doc No. 3079], this Court's Order Granting Student Claimants' Motion to Approve Distribution Plan, Including an Award of Attorneys' Fees and Expenses, and Student Claimants' Incentive Awards [Doc. No. 4636], and this Court's Order Granting in Part Student Claimants' Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award and Setting Telephonic Status Conference [Doc. No. 5569].

## II.    PROCEDURAL HISTORY AND BACKGROUND

5.    On November 17, 2021, this Court approved American Legal Claims Services (ALCS) to be the claims administrator to effectuate Student Class distributions [Doc. No. 4519].

6.    On February 23, 2022, this Court granted Student Claimants' Motion to Approve Distribution Plan, Including an Award of Attorneys' Fees and Expenses, and Student Claimants' Incentive Awards ("Distribution Motion") [Doc. No. 4561].

7.    In granting the Distribution Motion, this Court approved the following process for Student Class distribution ("Distribution Plan"):

- The amount that each Class Member received would be a percentage of the Common Fund, after deduction of (i) the claims administrator fees and expenses payable under the ALCS Contract in connection with the distribution of the Common Fund; (ii) any

2

attorneys' fees and expenses payable to the Project on Predatory Student Lending; and (iii) any Student Claimant incentive awards.

- If a Class Member's total amount due from the First Distribution was less than $10.00, that amount was set aside until a further distribution was made. The Student Claimants set that threshold because ALCS, and other experts with whom the Student Class counsel consulted, advised that a significant percentage of checks in de minimis amounts would simply not be cashed by the recipient. The Distribution Plan provided that if the total amount due to any Class Member, after giving effect to subsequent distributions, was $10 or greater, any Class Member who did not receive a distribution from the First Distribution would have that amount added to any subsequent distributions.

- Class Members who did not cash or claim their distribution from the First Distribution would have this amount rolled over to the second distribution. However, if such Class Member did not cash or claim their distribution from the second distribution, all amounts otherwise payable to that Class Member reverted to the Common Fund and that Class Member would not receive any subsequent distribution.

- If a Class Member's total amount due from all distributions did not equal or exceed $10, they did not receive a distribution.

- Once all distributions were made, if an amount remained that was too small to merit another distribution, taking into account the cost of distribution, Student Claimants would submit to the Court a motion to approve a Cy Pres distribution ("Cy Pres Award").

### III.    DISTRIBUTIONS AND CLOSING PROCESS

8.      In June 2022, after validating the Class Member addresses originally received from the Chapter 7 bankruptcy estates, ALCS made a First Distribution of approximately $3.2 million (from proceeds received from the Daniel Webster estate), sent to 227,971 Class Members pursuant to the Distribution Plan.

9.      In the beginning of March 2024, a Second Distribution of approximately $62 million (from proceeds received from the ITT estate) was sent to 397,372 Class Members pursuant to the Distribution Plan. A significant number of checks in this initial Second Distribution were not cashed. The Student Claimants performed supplemental skip tracing in an effort to locate Class Members who had not cashed their initial checks. Funds from the Second Distribution were then resent to approximately 80,000 Class Members identified through this effort.

10.     Ultimately, the Student Claimants confirmed approximately $55 million in checks cashed, or electronic payments received, in the first two distributions.

11.     On May 2, 2024, the Student Claimants filed a Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award [Doc. No. 5472]. Student Claimants filed this motion because they became aware of the potential upcoming closure of the Chapter 7 case in the ordinary course and did not want to delay this process. However, distributions under the approved Distribution Plan were still ongoing at that time.

12.     After a hearing on May 28, 2024, this Court entered an order dated September 27, 2024, granting, in part, the Motion and authorizing the Student Claimants to continue with the closing process as described in the Motion [Doc. No. 5569].

13.     The Court further ordered that: "This Court holds in abeyance Student Claimants' request for approval of the proposed *cy pres* award of the funds remaining until the amount of the proposed *cy pres* award is known with reasonable certainty. When known, Student Claimants' counsel shall file a supplement to the motion advising the Court of the anticipated amount of the *cy pres* award" [Doc. No. 5569].

14.     On October 15, 2024, the Court entered an order declaring that the estate had been fully administered and discharging the Trustee. The order stated that the case would be closed by separate order once this *cy pres* request is decided and any other matter is resolved [Doc. No. 5571].

15.     In accordance with this order, the Student Claimants and ALCS, the court-approved administrator, have continued to make distributions to the student class. The two general rules in the court-approved Distribution Plan—no distribution smaller than $10 and no distribution to a class member who has failed to cash the immediately prior distribution check—and ALCS's efficiency in tracking class members and in making the distributions, have permitted Student Claimants to make increasingly smaller, but nonetheless economically feasible, distributions to the class. These subsequent distributions have paid class members an additional $11.5 million from the Common Fund.

16.     The final class member payments were cashed in January 2026. Student Claimants ultimately distributed a total of $66,620,433.57 to class members through 1,192,636 separate payments in six distributions, with each of the latter distributions comprised of amounts that were not cashed in the immediately preceding distribution. After reissuing payments to a small number of class members on a waiting list (who did not timely cash payments from prior distributions), Student Claimants have a total of only $6,247.71 left undistributed.

17.    ALCS reports that there are no remaining fees, expenses, or taxes to be paid.

18.    Student Class Counsel has concluded that a further distribution is not feasible and, in accordance with the order, are filing this supplement to the motion advising the Court of the anticipated amount of the *cy pres* award.

19.    Accordingly, as sought in the original Motion, the Student Claimants respectfully request that this Court authorize and direct a *cy pres* award of undistributed funds in the amount of $6,247.71 to the Debt Collective.

### IV.    PROPOSED CY PRES RECIPIENT: DEBT COLLECTIVE

20.    The Debt Collective is a not-for-profit membership-based union for debtors.[2] Since its founding in 2014, the Debt Collective has organized former students at for-profit schools like ITT, Corinthian Colleges, Inc., and many others to advocate for the cancellation of fraudulent debts.

21.    The Debt Collective created the first-ever model for a federal student loan borrower defense application, since no such form existed to assert borrowers' rights under the law. The Debt Collective helped ITT students file borrower defense applications with the Department of Education. Those applications played a role in the Department of Education's 2022 decision to cancel federal student loan debt for approximately 208,000 former ITT students, including many Student Claimants, further mitigating, although not eliminating, the harm caused by ITT's predatory practices.[3]

22.    In helping ITT students file borrower defense applications, the Debt Collective gathered student testimonies about their experiences at ITT and the fraud that was perpetrated on

---

[2] https://debtcollective.org/
[3] https://www.ed.gov/news/press-releases/education-department-approves-39-billion-group-discharge-208000-borrowers-who-attended-itt-technical-institute

them. Those testimonies were included by the Student Claimants when they filed their class action complaint in this Chapter 7 proceeding. Debt Collective also supported Student Claimants' participation in this Chapter 7 proceeding by identifying former students harmed by ITT and connecting them to Student Class Counsel.

23. In addition to working on student debt issues, the Debt Collective also helps borrowers impacted by evictions, rent debt, medical debt, and other household debts. These populations significantly overlap with those affected by predatory schools and fraudulent student loan debt.

24. The Debt Collective organizes borrowers, provides them with resources to challenge unlawful and fraudulent debts, and creates opportunities for its members to educate policymakers and the public on the experiences of those facing financial insecurity and unmanageable and sometimes predatory debt.

25. The Project on Predatory Student Lending and the Debt Collective both advocate within the higher education space and have collaborated on several projects; however, the Project on Predatory Student Lending has never represented the Debt Collective in any legal proceeding and has never received any funding from the Debt Collective. Nor does the Project on Predatory Student Lending have any financial or corporate relationship with the Debt Collective.

26. The Debt Collective is a non-profit operating with Sustainable Markets Foundation as its fiscal sponsor. Sustainable Markets Foundation is a 501(c)(3) that serves as a fiscal sponsor for many fledgling and established nonprofit organizations working as advocates for environmental and financial justice. Because of the nature of the Debt Collective's nonprofit status, any *cy pres* award will be awarded to the Sustainable Markets Foundations, which will turn over all of the Award to the Debt Collective.

7

## V.    ARGUMENT

27.    Student Claimants, through Student Class Counsel and with the help of ALCS, ensured that Class Members received as much financial benefit as possible from the Common Fund, having distributed all but $6,247.71. Further distributions at this stage are not feasible. A *cy pres* award for this residual balance is contemplated in the Distribution Plan approved by this Court. [Doc. No. 4636]. *See also Ira Holtzman, C.P.A., & Assocs. Ltd. v. Turza,* 728 F.3d 682, 689 (7th Cir. 2013) ("Money not claimed by class members should be used for the class's benefit to the extent that is feasible.").

28.    The Seventh Circuit has approved *cy pres* recipients where there is relationship "between the proposed *cy pres* recipient and the underlying litigation." *Heekin v. Anthem, Inc.,* 2012 WL 5472087, at *13 (S.D. Ind. 2012). Said another way, in determining whether to approve a *cy pres* award, a court must find "a rational benefit relationship between the *cy pres* recipient and the plaintiff class." *Glen Ellyn Pharm., Inc. v. La Roche-Posay, LLC,* 2012 WL 619595, at *2 (N.D. Ill. 2012); *see also Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185 (N.D. Ill. 2018) (where the case claims centered around TCPA violations, the court found that the National Consumer Law Center, which engages in substantial advocacy relating to consumer protection from robocalls and telemarketing, was a reasonable *cy pres* recipient).

29.    Student Claimants, along with Student Class Counsel, believe that the work that Debt Collective does has a very rational and relevant relationship to the Student Class.

30.    The Debt Collective works directly with students who have been harmed by predatory for-profit colleges. Its work informing thousands of affected students of their right to request federal and private loan cancellation based on school misconduct not only benefited the

8

former students, but informed and supported federal initiatives to better hold predatory for-profit schools accountable going forward and to give relief to students harmed in the past.

31.    ITT destroyed thousands of people's dreams of getting a college education by misleading and lying to students, giving them a worthless education, and saddling them with insurmountable debt. And although ITT has shuttered its doors, the predatory higher education practices it engaged in remain widespread.

32.    There are many other predatory schools and programs that continue to exist today and there are still thousands of students who are haunted by their fraudulent student loan debt. The Debt Collective plays a critical role in organizing student voices and making sure that intentional and systematic misconduct is exposed to the light of day, rather than being carelessly dismissed as the work of a rogue recruiter or the gripes of a lone disgruntled student. There is so much more work to be done on behalf of defrauded borrowers.

33.    The Debt Collective fights alongside defrauded borrowers to make sure that they get the justice they deserve for past wrongs, to prevent borrowers from being defrauded in future, and to help its members create unity and community to challenge the institutions that defrauded them. The funds from the *cy pres* award will be used to continue Debt Collective's vital work with and on behalf of its members.

## NOTICE

34.    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If you do not want the court to grant the amended supplemental motion, or if you want the court to consider your views on the amended supplemental motion, then the deadline for you or your attorney to file a written objection with the court

9

explaining your position is 14 days from the date of service. A copy of this motion was filed through the Court's Electronic Case Filing System, and the date of service is April 10, 2026. Objections may be delivered by U.S. Mail, courier, overnight/express mail, or in person to the Clerk's office address shown below. If you mail your objection, you must mail it early enough so the court will receive it on or before the applicable deadline.

> 116 U.S. Courthouse
> 46 East Ohio Street
> Indianapolis, IN 46204
>
> You must also send a copy of your objection to:
>
> Eileen M. Connor
> John D. Sigel
> PROJECT ON PREDATORY STUDENT
> LENDING
> 769 Centre Street
> Jamaica Plain, MA 02130

> If you or your attorney do not take these steps, the court may decide that you do not oppose an order granting this amended supplemental motion and may grant the requested relief without a hearing.

**WHEREFORE**, the Student Claimants respectfully request that this Court GRANT the Motion and enter a final order granting the relief requested herein and any such other relief as may be just and proper.

Dated: April 10, 2026

<div style="margin-left:50%">

Respectfully submitted,

/s/ Eileen Connor

Eileen M. Connor (pro hac vice)
John D. Sigel (pro hac vice)
**PROJECT ON PREDATORY STUDENT
LENDING**

</div>

10

769 Centre Street
Jamaica Plain, MA 02130
Phone: (617) 390-2669
Fax: (781) 218-9625

– and –

Catherine Steege
Melissa Root
**JENNER & BLOCK**
353 N. Clark Street Chicago, IL 60654
Phone: (312) 222-9350
Fax: (312) 840-7352

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2026, a copy of the foregoing Supplement to Student Claimants' May 2, 2024 Motion for Approval of Closing Process for Student Class Distributions Including a Cy Pres Award was filed through the Court's Electronic Case Filing System.


<div style="text-align:right">

 /s/ *Eileen Connor*
Eileen Connor

</div>

**Exhibit A**
[Proposed Order]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE:

ITT EDUCATIONAL SERVICES, INC. et al.[1]

　　　　　　　　　　　Debtors

Chapter 7

Case No. 16-07207-JMC-7A

**ORDER GRANTING STUDENT CLAIMANTS' MOTION TO CLOSE STUDENT CLASS DISTRIBUTION AND ISSUE A CY PRES AWARD**

Upon the motion[2] (the "Motion") [Doc. 5472] of Student Claimants for an order pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 9014 applying FRBP 7023, having jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, it appearing that venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409, it appearing that this matter affects the administration of the debtors' estate, and having heard the representations of counsel for Student Claimants at a hearing on May 28, 2024, after due deliberation thereon, it is hereby

ORDERED:

1. The Motion is GRANTED:

2. Distribution to Student Claimants is complete; and

3. The Debt Collective is the *cy pres* award recipient in the amount of $6,247.71

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings used in the Motion.

###

Case 16-07207-JMC-7A    Doc 5620    Filed 04/10/26    EOD 04/10/26 17:18:05    Pg 15 of 15